IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Criminal Case No. 15-cr-00149-JLK | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| 1.  RAUL CARAVEO | ) |
| 2.  PAMILA LUCERO | ) |
| 3.  SABRINA CARAVEO | ) |
| 4.  EUGENE CHAVEZ, | ) |
| 5.  CAROLINA ARAGON | ) |
| **6.  CRISTINA PORTILLOS** | ) |
| 7.  CONRAD ARCHULETA and | ) |
| 8.  NANCY GUZMAN, | ) |
| | **)** |
| Defendants. | ) |

___

### DEFENDANT PORTILLOS' MOTION FOR A BILL OF PARTICULARS
___

Comes now, Cristina Portillos, by and through counsel, and respectfully moves this Honorable Court for an order, pursuant to FED.R. CRIM. P. Rule 7(c)(1)(f), for a bill of particulars with respect to counts 10, 12, 14, 15, 16, 17 and 30 in the Superseding Indictment. Prior to filing the instant motion, Counsel conferred with the government's attorney. The government opposes this motion.

### Introduction

An indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED.R. CRIM. P. 7(c)(1). An indictment is sufficient *only* if it sets forth the elements of the offense, apprises the accused of the nature of the offense so she can prepare a defense, and enables her to plead double jeopardy. *Russell v. United States*, 369 U.S. 749, 764 (1962); *Clay v. United States,* 326 F.2d 196, 198 (10th Cir. 1963). The indictment must descend to the particulars and present "a statement of the facts and circumstances as will inform the accused of the specific offense ... with which she is charged." *Russell,* 369 U.S. at 749.

With respect to counts 2-39, instead of providing a "definite written statement of the essential facts constituting notice of the offense charged," <u>as the government did for Count 1,</u> counts 2-39 rely upon a chart. The chart contains headings "Defendants involved," - "Date Received by IRS," - "Tax Year," - "Refund Requested," - "Refund Received," and "Initial of Name on Return."

The counts as alleged in the chart do not set forth essential facts alleging that Portillos "made or presented, and aided and abetted in making and presenting, to the United States claims for payment of fraudulent tax refunds…" On its face, count 2-39 lacks specificity. The counts alleged against Portillos, as alleged in the chart, are insufficient to allow Portillos to prepare a defense, to avoid prejudicial surprise at trial, and to bar the risk of double jeopardy.

## Standard

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." See, *U.S. v. Dunn,* 841 F.2d 1026 (10th Cir. 1988) citing, *United States v. Cole,* 755 F.2d 748, 760 (11th Cir. 1985). "A district court has broad discretion in deciding this motion. Thus, we will reverse the denial of a motion for a bill of particulars only upon finding that the court abused its discretion." *United States v. Dunn, supra,* citations omitted.

## Argument

Counts 10, 12, 14, 15, 16, 17 and 30 includes Portillos' name and attempt to charge Portillos with violating 18 U.S.C. § 287 - False Claim for Refund and 18 U.S.C. §2(a) – Aid and Abet. The government its chart with the following language,

> "The defendants listed below made the false claims, and aided and abetted in making the false claims, by mailing U.S. individual Income Tax Returns, Forms 1040A, in the names of other individuals for the years and amounts listed below to the United States Department of the Treasury through the Internal Revenue Service."

This preface is insufficient to put Cristina Portillos on notice as to what specifically she is being charged with and how her conduct or actions violated the subject statutes. The government's charts required Portillos to speculate exactly about exactly how and when she allegedly violated the subject statutes.

Counts 10, 12, 14, 15, 16, 17, and 30, lacks the required essential facts Rule 7 demands in order for a defendant to prepare a defense and respond to the charges. In the aforementioned counts, Portillos cannot discern whether she is being charged with a violation of 18 U.S.C. § 287, 18 U.S.C. § 2(a) or both.

In some of the challenged counts, the government names up to five individuals in a single count. The government provides no essential facts stating Portillos' relationship, if any, to these individuals. A fact relevant to Portillos' preparation of a defense.

Portillos is also entitled to know the theory of the government's case against her. *United States v. Dunn,* 841 F.2d 1026, 1030 (10th Cir.1988). Portillos is entitled to be apprised of essential facts which support each count in the indictment against her. The government's chart conceals the government's theory of the case and essential facts. A bill of particulars has been granted because "The chart's format of the indictment, however, does not reveal which factual theory specified in paragraphs 17 through 19 the government will pursue with regard to each count. In light of the complexity of the case and the numerous documents involved, defendant does not have fair notice of the specific theory of fraud for each count" See, *U. S. v. Daniel,* 159 F. Supp. 1285, 1297-98. (D. Kansas, 2001). Also See, *United States v. Johnson*, 2006 WL 2802261 (D. Kansas 2006)("The extended dates of the alleged offense … coupled with the lack of specificity in the indictment justifies the granting of a bill of particulars.").

The court in the *Daniel* case, *supra*, went on to state, "The burden on the government to state which particular evidentiary theory or theories it is pursuing on each count is minimal. In light of the potential prejudice to defendant which would result if the government shifted its theories with regard to individual counts, the Court finds that a bill of particulars is warranted. Defendant is entitled to a bill of particulars which specifies which fraudulent patterns or practices (specified in paragraphs 17 through 19) apply to each count/patient. See *United States v. Dolan*, 120 F.3d 856, 866 (8th Cir 1977) (bill of particulars is appropriate where it does not add necessary fact or element, but merely elaborates 'upon an overt act already included in the indictment')."*Id.*   Portillos is entitled to know which fraudulent practices apply to each count.  Portillos is entitled to know whether she is being charged with a violated 18 U.S.C. § 287,  18 U.S.C.  § 2(a) or both.

A bill of particulars is not a vehicle for discovery but is a method of supplementing the indictment, when necessary, to enable the defendant to prepare her defense, avoid prejudicial surprise at trial, and avoid the risk of double jeopardy. See *United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir. 1988).  In light of the government's use of a chart, which does not state the essential facts of  each count, it is appropriate for this Court to order the government provide Portillos with a bill of particulars.

## Conclusion

With respect to Portillos' counts 10, 12, 14, 15, 16, 17, and 30, the government should be ordered to file a bill of particulars which should include; (1) a written

statement of the essential facts constituting the offense(s) charged; (2) the date (month and year) Cristina Portillos mailed a false claim for refund to the Internal Revenue Service; and (3) a statement of whether Cristina Portillos is being charged with a violating 18 U.S.C. § 287, 18 U.S.C. § 2(a) or both.

"The purpose of a bill **of** particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Levine,* 983 F.2d 165, 166–67 (10th Cir.1992). Granting of this motion is in the interest of justice and will allow Portillos to prepare her defenses and avoid surprises at trial.

WHEREFORE, Defendant Portillos respectfully requests that this Court issue an order for the government to provide a bill or particulars as requested above.

Respectfully submitted,

s/John Mosby

John Mosby
621 17th Street, Suite 2445
Denver, Colorado 80293
(303) 623-1355
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on this June 17th, 2015, a true and correct copy of the foregoing was served via the Court's ECF system to:

Martha A Paluch,
Assistant U.S. Attorney

Martin Stuart , Esq.
Attorney for Raul Caraveo

John Schlie, Esq.
Attorney for Pamila Lucero

Marci Gilligan, Esq.
Attorney for Sabrina Caraveo

Thomas Ward , Esq.
Attorney for Eugene Chavez

Robert Pepin, Esq.
Attorney for Carolina Aragon

and Via U.S. Mail:

Defendant Cristina Portillos

                                                  s/John Mosby