IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00149

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RAUL CARAVEO,
2. PAMILA LUCERO,
3. SABRINA CARAVEO,
4. EUGENE CHAVEZ**,**
5. CAROLINA ARAGON, and
6. **CRISTINA PORTILLOS**,
7. CONRAD ARCHULETA, and
8. NANCY GUZMAN,

    Defendants.
_____

**GOVERNMENT'S RESPONSE TO DEFENDANT PORTILLOS'S
MOTION FOR A BILL OF PARTICULARS (DOC. 100)**
_____

The United States of America, through Assistant U.S. Attorney Martha A. Paluch, responds to Defendant Cristina Portillos's Motion for a Bill of Particulars, Doc. 100, filed June 17, 2015, as follows:

**Introduction**

A thirty-seven count indictment was returned in this case on April 7, 2015, charging Defendant Portillos (defendant) in Count 1 with violating Title 18, United States Code, Section 286, conspiracy to file false claims for refund, and in Counts 10, 12, 14 - 17, and 30, with violations of Title 18, United States Code, Sections 287 and 2(a), false claims for refund. Doc. 1. A thirty-nine count superseding indictment was returned on

1

June 10, 2015, doc. 93, however, the superseding indictment did not change the counts against the defendant.[1]

Defendant now seeks a bill of particulars requesting additional information pertaining to the Sections 287 and 2(a) counts. Given the clarity of the superseding indictment and the extensive, and specific, discovery provided, defendant's motion must be denied.

**Argument**

With respect to Counts 10, 12, 14-17, and 30, defendant requests that the Court order the government to file "(1) a written statement of the essential facts constituting the offense(s) charged; (2) the date (month and year) Cristina Portillos mailed a false claim for refund to the Internal Revenue Service; and (3) a statement of whether Cristina Portillos is being charged with violating 18 U.S.C. § 287, 18 U.S.C. § 2(a), or both." Doc. 100 at 5-6. Because all of these questions are answered by reference to the superseding indictment, defendant is not entitled to a bill of particulars.

"A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable [her] to prepare for trial." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996)

---

[1] Federal Rule of Criminal Procedure 7(f) provides that the "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Here, defendant was arraigned on May 4, 2015. Doc. 74. She filed her motion for a bill of particulars on June 17, 2015. Doc. 100. If the 14-day clock applies to the original indictment, the defendant "has not explained the cause of the delay, or sought leave of the Court to file the motion late." *United States v. Griesbeck,* No. 10-20108-BC, 2011 WL. 528579, at *4 (E.D. Mich. Feb. 8, 2011). Accordingly, defendant's motion may be denied "based on its timeliness alone." *Id.*; *United States v. Ayala-Vazquez,* No. 09-173 (PG), 2010 WL 3981831, at *2 (D. Puerto Rico Oct. 6, 2010) (same). If the Court finds that the 14-day clock commences again after defendant's rearraignment on June 25, 2015, then her motion, while filed premature, is likely not time-barred.

(citation omitted). An indictment is sufficient "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which [she] must defend, and, second, enables [her] to plead" double jeopardy to bar future prosecutions for the same offense. *Hamling v. United States,* 418 U.S. 87, 117 (1974); Fed. R. Crim. P. 7(c)(1).

In determining whether a bill of particulars should be ordered in a specific case, the Court "should consider whether [1] the defendant has been advised adequately of the charges through the indictment and [2] all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). In making the first determination, an examination of the indictment as a whole is necessary. *See United States v. Hopkins,* 716 F.2d 739, 745 (10th Cir. 1982); *United States v. Miller,* 250 F.R.D. 588, 599 (D. Kan. 2008). As to the second inquiry, full discovery obviates the need for a bill of particulars. *See United States v. Kunzman,* 54 F.3d 1522, 1526 (10th Cir. 1995) (full discovery of the government's materials prior to trial "was sufficient to inform Kunzman of the charges against him and to enable him to prepare his defense"); *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992) (given the full discovery disclosure, the district court's denial of the motion for a bill of particulars was not an abuse of discretion).

Here, the superseding indictment fully explains the nature of the charged tax refund conspiracy and the roles played by each named defendant in this conspiracy. Doc. 93. Specifically with respect to Defendant Portillos, she, along with other named defendants, provided her address to be listed on a number of false tax returns as the address of the alleged taxpayer for receipt of IRS refund checks. The superseding

indictment alleges that "[t]he conspirators obtained addresses to be used for receipt of the refund checks from individuals who the conspirators believed could be trusted to notify a conspirator when a refund check arrived at the individual's address."  Doc. 93 at ¶ 5F.  This allegation places Defendant Portillos on notice that the conspirators believed she could be trusted to notify a conspirator when a refund check arrived at her address.  In addition, as alleged in Paragraph 5F of the superseding indictment, "Cristina Portillos was paid for allowing her address to be used on numerous false Form 1040A returns submitted to the IRS, and received numerous refund checks at her address which she forwarded on to Pamila Lucero."  Hence, the plain language of the superseding indictment places Defendant Cristina Portillos on notice of her alleged role in this conspiracy.

      Defendant Portillos claims the "government provides no essential facts stating Portillos's relationship, if any, to these [charged] individuals."  Doc. 100 at 4.  Such a claim is curious, given that Ms. Portillos herself explained to the case agent her relationship to Pamila Lucero.  When asked if she knew Ms. Lucero, Ms. Portillos responded "yes," and offered, "I've known her a long time."  When asked how she knew Ms. Lucero, Ms. Portillos responded, "Ever since we were kids in school."  Bates No. INT_00001341; *see also* Bates No. INT_00002039 (email between Defendant Portillos and Agent Romero in which Portillos discusses her intent to approach Ms. Lucero and "ask her what is going on").  Defendant received these materials in discovery.  The discovery, to include interviews of co-defendants, also explains the relationships between the various coconspirators.  In any event, neither the indictment nor a bill of

particulars need identify "in detail the factual proof that will be relied upon to support the charges." *United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir. 1988).

Pages 6-7 of the superseding indictment contain a chart with the following information as to each return alleged to have been filed with the IRS in connection with the charged conspiracy: The date the return was received by the IRS, the tax year of the return, the refund requested, the refund received, and the initials of the name of the alleged taxpayer on the return. Doc. 93 at 6-7. The exact same information set forth in this chart is repeated in the substantive counts, 2-39. *Id.* at 8-13.

Paragraph 7 of the superseding indictment sets forth the elements of Sections 287 and 2(a), and alleges that each conspirator aided and abetted in the submission of the false claims for refund. Each conspirator played a role – as set forth in the conspiracy count – in order to submit false claims for refund and receive refund checks for these false claims. Defendant Portillos's name appears in the chart with respect to each substantive count in which she is alleged to have participated. Defendant aided and abetted in the submission of false returns by allowing her address to be listed on false returns submitted in the names of incarcerated individuals, receiving the refund checks at her home address, and forwarding those on to her friend Pamila Lucero. That Defendant Portillos aided and abetted in the submission of false claims for refund is made clear from the charging language, the chart, and the discovery provided to her. "No more was required, as the Superseding Indictment substantially described the essential facts constituting the charged offense[s], within the meaning of Fed. R. Crim. P. 7(c)(1)." *United States v. Rodriguez-Torres,* 560 F. Supp. 2d 108, 112 (D. Puerto Rico 2008).

5

Defendant Portillos has received in discovery all 259 returns submitted to the IRS as part of this scheme, 36 of which were filed listing her home address as the address of the alleged DOC inmate taxpayer.  She has also received copies of all tax refund checks issued as a result of this scheme, including those mailed to her address.  The Section 287 counts in which she is charged – Counts 10, 12, 14-17 and 30 – all charge false returns that list her home address as the address of the alleged DOC inmate taxpayer.  Over 3,000 prison calls were recorded during the time period of this conspiracy, and all have been provided to the defendant.  While not required, government counsel has identified for defendant's counsel the specific recorded calls that the government asserts implicate the defendant in this scheme.

Defendant takes issue with the fact that the Section 287 charges are set forth in chart form.  Doc. 100 at 2.  Defendant's reliance on *United States v. Daniels,* 159 F. Supp. 2d 1285 (D. Kan. 2001) is misplaced.  In *Daniels,* the health care fraud indictment identified seven different ways in which the defendant possibly executed "the scheme to defraud without linking each method to a particular count or patient."  *Id.* at 1293.  Under those circumstances, the court held a bill of particulars was warranted as to these charges.  *Id.*  However, the *Daniels* court in no way made a *"per se* condemnation of the use of charts in indictments, and instead merely upheld a request for a bill of particulars *based on the specific indictment chart in question in that case,* which failed to make clear the legal theory advanced against the defendant."  *United States v. Harding,* No. 08-10061-JTM, 2009 WL 982106, at *2 (D. Kan. 2009) (emphasis in original).  Indeed, bills of particular have been denied in other cases in which charges are set forth in chart

6

form. *See United States v. Morales,* No. 12-CR-258A, 2013 WL 6328199, at *1 (W.D.N.Y. Dec. 5, 2013) (denying bill of particulars, in part, where indictment set forth clearly, "in chart form, each of the victim lenders"); *United States v. Feil,* No. CR 09-00863, 2010 WL 1525263, at *4 (N.D. Cal. Apr. 15, 2010) (same, where government specified in chart form which count was applicable to each defendant, identified the date of the offense, and the amount and nature of the financial transaction); *United States v. Comite,* No. 06-70, 2006 WL 3360282, at *7 (E.D. Pa. Nov. 17, 2006) (same, where "government's indictment tracked the language of the statute with which Defendant is charged, and it provided the Defendant a detailed accounting of the counts against her in chart form"). The chart contained in the superseding indictment is clear, does not provide for multiple theories of liability, and therefore, cannot form the basis of a bill of particulars.

Finally, defendant references the "numerous documents involved" in this case. Doc. 100 at 4. While the discovery is extensive, a defendant may not claim that a bill of particulars is necessary where "discovery was copious and the preparation of the defense was difficult." *Ivy,* 83 F.3d at 1282; *United States v. Busch,* No. 09CR331A, 2013 WL 3759944, at *6 (W.D.N.Y. Jul. 15, 2013) ("[t]he Court is also not persuaded by the argument that a bill of particulars is required because *too* much discovery has been provided") (emphasis in original). Nonetheless, defense counsel have all been provided with discovery in electronic and audio format as well as a detailed index of all discovery to include the Bates numbers and a description of each item of discovery. *See Busch*, 2013 WL 3759944, at *6 (relying on these facts in denying a bill of particulars, finding the government had provided the respective defendants "with a roadmap to the

7

discovery which relates to the various incidents in which they are alleged to have participated"). The government has already disclosed all that defendant seeks, and will continue to honor its discovery obligations. *United States v. Manfredi,* 628 F.Supp, 2d 608, 634 (W.D. Pa. 2009) (if a defendant has access to the information requested in a bill of particulars through pre-trial discovery, then the defendant's "case for granting a bill of particulars is significantly weakened").

In sum, Counts 10, 12, 14-17, and 30 of the superseding indictment, along with the discovery produced in this case, provide the defendant with a "(1) a written statement of the essential facts constituting the offense(s) charged." Doc. 100 at 5. These counts also provide the defendant with "(2) the date (month and year)" *id.,* Cristina Portillos **aided and abetted in the** mailing of false claims for refund to the Internal Revenue Service by allowing her address to be used on the false returns for receipt of refund checks. It is not necessary for the government to establish that defendant herself "mailed a false claim for refund to the Internal Revenue Service," as she alleges. *Id. See United States v. Cooper,* 375 F.3d 1041, 1049 (10th Cir. 2004) (the defendant "was either a principal, or an aider and abettor who, in law, is deemed to be a principal.") Finally, the challenged counts make clear that (3) Cristina Portillos is charged with violating **both** 18 U.S.C. § 287, 18 U.S.C. § 2(a). Doc. 100 at 5. Accordingly, defendant's motion for a bill of particulars must be denied.

Respectfully submitted,

*s/ Martha A. Paluch*
Martha A. Paluch
Assistant U.S. Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
(303) 454-0100
Martha.paluch@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I certify that on this 23rd day of June, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mr. Martin Stuart
Counsel for Raul Caraveo
mstuart@portmanstuart.com

Mr. John Schlie
Counsel for Pamila Lucero
johnhenry@schlielawfirm.com

Ms. Marci Gilligan
Counsel for Sabrina Caraveo
gilligan@ridleylaw.com

Mr. Thomas Ward
Counsel for Eugene Chavez
tward@wardlawdenver.com

Mr. Robert Pepin
Counsel for Carolina Aragon
Robert_Pepin@fd.org

Mr. John Mosby
Counsel for Christina Portillos
john_mosby@msn.com

Mr. David Owen
Counsel for Conrad Archuleta

Mr. David Owen, Jr.
Counsel for Conrad Archuleta
davidowen@lodopc.com

                s/*Mariah Tracy*
                Mariah Tracy
                Legal Assistant
                United States Attorney's Office
                1225 17th Street, Suite 700
                Denver, CO 80202
                303 454-0100
                Fax: 303 454-0402
                Mariah.tracy@usdoj.gov