IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 15cr00149 -RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. RAUL CARAVEO
2. PAMILA LUCERO
3. SABRINA CARAVEO
4. EUGENE CHAVEZ,
5. CAROLINA ARAGON
6. **CRISTINA PORTILLOS**
7. CONRAD ARCHULETA
8. NANCY GUZMAN,

_____

**Motion For Early Disclosure of Jencks Material**

_____

    Comes Now, Defendant Cristina Portillos, by her undersigned attorney, and respectfully moves this Honorable Court for an Order for Early Disclosure of Jencks Material. As grounds therefore, Defendant Portillos states the following:

    1.    The defendant seeks disclosure pursuant to the Jencks Act at Title 18 USC § 3500.

    2.    Defendant seeks the production of the statements of all witnesses against the defendant in sufficient time to allow the defendant to prepare her defense and to protect her Constitutional rights to due process of law, speedy

1

trial, confrontation and cross-examination of witnesses and the effective assistance of counsel.

3. Included in the requested Jencks materials, in addition to any statements, Defendant seeks all interview notes and the special agent's report prepared by Special Agent Romero.

4. According to routine IRS practice, Special Agent Romero prepared a "special agent's report" summarizing his pretrial investigation and supporting his recommendation for criminal prosecution. There is no dispute that this is Jencks Material.   See, *U.S. v. Sorrentino*, 726 F.2d. 876 (1st Cir. 1984)("The report is clearly a "statement" under 18 U.S.C. § 3500(e)(1), *see United States v. Cleveland,* 477 F.2d 310, 315-16 (7th Cir.1973), *cited in United States v. Del Toro Soto,* 676 F.2d 13, 16-17 (1st Cir.1982)").  *Id. at 888.*

5. The Federal Judiciary has the inherent power to require the prosecution to produce the previously reported statements of its witnesses so that the defense can have the full benefit of cross examination and the truth finding process may be enhanced. *U.S. v. Noble*, 442 U.S. 225 (1975).

6. Defendant requests all statements as defined by Rule 26.2(f) of the FRCP and that the notes and memorandum made by government counsel during the interviews of witnesses be produced.  *Goldberg v. U.S.* 425 U.S. 94 (1976).

7. While disclosure is not mandatory until after the witness gives direct

testimony, the better practice is to provide the information earlier so as not to delay the trial.  Because of the volume of documents and tape recording and other materials, Counsel seeks production at this time to allow for proper preparation of cross-examination and to impeach.

8.	Defendant requests an order that Jencks Material be produced at this time.  In the alternative, production should be ordered thirty (30) days prior to trial to  help resolve questions about what evidence the government would use to prove its case.  Armed with the statements, defendant can make a more fully informed decision as to whether to plea bargain or go to trial.

WHEREFORE, Defendant seeks early disclosure of Jencks materials, including any notes of interviews related to this case and  Special Agent Romero's "special agent's report."

Respectfully submitted,

s/John Mosby

John Mosby
621 17th Street, Suite 2445
Denver, Colorado 80293
(303) 623-1355
Attorney for Defendant

**CERTIFICATE OF SERVICE**

  I hereby certify that on this November 13th , 2015, a true and correct copy of the foregoing was served via the Court's ECF system to:

Martha A Paluch,
Assistant U.S. Attorney

Martin Stuart , Esq.
Attorney for Raul Caraveo

John Schlie, Esq.
Attorney for Pamila Lucero

Marci Gilligan, Esq.
Attorney for Sabrina Caraveo

Thomas Ward , Esq.
Attorney for Eugene Chavez

Robert Pepin, Esq.
Attorney for Carolina Aragon

and Via U.S. Mail:

Defendant Cristina Portillos

                s/John Mosby