IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 15cr00149 -RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. RAUL CARAVEO
2. PAMILA LUCERO
3. SABRINA CARAVEO
4. EUGENE CHAVEZ,
5. CAROLINA ARAGON
6. **CRISTINA PORTILLOS**
7. CONRAD ARCHULETA
8. NANCY GUZMAN,

_____

## Motion For Severance

_____

Comes Now, Defendant Cristina Portillos, by her undersigned attorney, and respectfully moves this Honorable Court for an Order severing her case from that of the remaining co-defendant, Pamila Lucero. Portillos requests a separate trial pursuant to the provisions of Rule 14 of the Federal Rules of Criminal Procedures. As grounds therefore, Portillos states the following:

1

*Factual Background*

1.  The Government filed a 39 count superseding indictment alleging that eight defendants engaged in a conspiracy to file False Claims for Refunds under 18 U.S.C. § 286 and 18 U.S.C. § 287. Cristina Portillos and Pamila Lucero are the only remaining defendants.

2.  The government asserts in the superseding indictment that the alleged conspiracy began "on or about February 10, 2008." The indictment first mention of Defendant Portillos' involvement is on or about February 28, 2010.

3.  Further, in the superseding indictment, Defendant Portillos is included in 7 counts, while Defendant Lucero is included in 35 counts.

4.  The Government alleges that Portillos, at some unstated time, entered into an agreement to allow Lucero to use her address on tax forms and "forwarded [tax refund checks which came to Portillos' home] on to Pamila Lucero,"

5.  The evidence will show that Portillos was one of many friends whose addresses were used by Defendant Lucero.

6.  Defendant Portillos hereby gives notice of her intent, at this time, to testify in her defense.

7.  Upon information and belief, Defendant Lucero will also testify.

2

8. The two co-defendants will present antagonistic defenses. The nature of the defenses presents "a serious risk that a joint trial would compromise a specific trial right ... or prevent the jury from making a reliable judgment about guilt or innocence." *(See Defendant Portillos' Motion For A Hearing On Claims of Selective And Vindictive Prosecution And For Discovery, (Doc. 201), Exh. B, §§ 14-12, and Exhs. C, D and E).*

9. Without reciting the substance of Portillos' testimony, her testimony may involve Lucero's divorce, child custody, domestic protective orders, past criminal conduct, including previous penal incarceration, mental health issues, and statements Lucero made to Portillos regarding other co-defendants.

10. If Lucero testifies, Portillos' testimony will, more than likely, contradict statements made by Lucero.

11. Both Portillos and Lucero will be called upon to refute both the Government's case and allegations made by a co-defendant.

12. There is a possibility that a jury will be called upon to weigh Portillos' credibility against Lucero's credibility.

13. More specifically, Portillos will have to explain why she had conversations with a co-defendant (Raul Caraveo). The explanations will involve factual matters which may prejudice and impact the jury's deliberation related to

3

both parties. *(See Attachment A, hereto).*

### *Standard for Severance*

"'When considering a motion for severance, a trial court engages in a three step inquiry. First, it must determine whether the defenses presented are "so antagonistic that they are mutually exclusive.' *United States v. Peveto,* 881 F.2d 844, 857 (10th Cir.1989). Second, because '[m]utually antagonistic defenses are not prejudicial per se,' a defendant must further show 'a serious risk that a joint trial would compromise a specific trial right ... or prevent the jury from making a reliable judgment about guilt or innocence.' *Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Third, if the first two factors are met, the trial court exercises its discretion and 'weigh[s] the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration.' *Peveto,* 881 F.2d at 857. Where the trial court ultimately denies severance, its decision will be reversed only where the defendant has demonstrated an abuse of discretion. *United States v. Hayes,* 861 F.2d 1225, 1231 (10th Cir.1988).'"   See, *U.S. v. Pursley, 474 F.3d. 757, 765 (10th Cir. 2007).*

Rule 8(b) of the Federal Rules of Criminal Procedures permits joinder of defendants when the defendants "are alleged to have participated in the same

4

act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  However, when not all defendants are charged with all crimes alleged in an indictment, the overlap between the crimes must be "sufficiently great" to properly allow joinder. *United States v. Windrix,* 405 F.3d 1146, 1155 (10th Cir. 2005).

### *Argument*

The government's evidence shows that Portillos' involvement was two years after the alleged conspiracy started. The government's superseding indictment charges Portillos with 7 counts, while it charges Lucero with 35 counts. The overlap, if any, is insufficient for joinder and a joint trial will prejudice Portillos.

The two co-defendants will present antagonistic defenses which requires the Court to determine if severance is appropriate. See, *U.S. v. Pursley*, 474 F.3d 757 (10th Cir. 2009)("…because '[m]utually antagonistic defenses are not prejudicial per se," a defendant must further show "a serious risk that a joint trial would compromise a specific trial right ... or prevent the jury from making a reliable judgment about guilt or innocence.' *Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)."

Defendant Portillos will argue that Lucero used her and other friends. This argument and testimony against Lucero by co-defendant Portillos will be supported by the Government's witness. Special Agent Romero has given the following testimony;

> SA ROMERO: Because basically ***she's used you*** - -
>
> MS. PORTILLOS: Yeah.
>
> SA ROMERO: - - for what's going on here. Okay, let me - - let me say.
>
> MS. PORTILLOS: This is upsetting to me.
>
> SA ROMERO: - - let me tell you what she's done. She has put you in a very precarious position, okay, because we are talking multiple federal felonies here, all right? ***She's used you, all right?*** The reason I - - the reason I say that and I'm being so blunt is I'm sure - -
>
> MS. PORTILLOS: No, that's okay. It's just hurtful.

(See, *Defendant Portillos' Motion For A Hearing On Claims of Selective And Vindictive Prosecution And For Discovery,* Doc. 201, pg. 26).

The joint trial forces Portillos to become a witness against Lucero and places Portillos in a tactical position which could backfire. A jury might view this as Portillos appearing to testify against a friend to save herself. There is an "… actual or threatened deprivation to an individual's right to fair trial" for both Portillos and Lucero.

### *Conclusion*

There exists a serious risk that a joint trial will prejudice specific trial rights of Portillos.  Because of antagonistic defenses and prejudice, the Court should grant Defendant's Motion for Severance.

WHEREFORE, in order to ensure a fair trial and in the interests of justice Defendant Portillos' requests that this Court grant her Motion For Severance.

Respectfully submitted,

s/John Mosby

John Mosby
621 17th Street, Suite 2445
Denver, Colorado 80293
(303) 623-1355
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on this November 13, 2015, a true and correct copy of the foregoing was served via the Court's ECF system to:

Martha A Paluch,
Assistant U.S. Attorney

Martin Stuart , Esq.
Attorney for Raul Caraveo

John Schlie, Esq.
Attorney for Pamila Lucero

Marci Gilligan, Esq.
Attorney for Sabrina Caraveo

Thomas Ward , Esq.
Attorney for Eugene Chavez

Robert Pepin, Esq.
Attorney for Carolina Aragon

and Via U.S. Mail:

Defendant Cristina Portillos

                                                                   s/John Mosby

_____