IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00149 - RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. RAUL CARAVEO
2. PAMILA LUCERO
3. SABRINA CARAVEO
4. EUGENE CHAVEZ,
5. CAROLINA ARAGON
6. **CRISTINA PORTILLOS**
7. CONRAD ARCHULETA
8. NANCY GUZMAN,

        Defendants.

---

## MOTION FOR DISCOVERY Re: JENCK'S ACT MATERIALS

---

Comes Now Defendant Portillos, by and through undersigned counsel, and respectfully moves this Honorable Court for an Order directing the Government to make full 18 U.S.C. 3500 disclosures. In Support of this motion, Defendant states;

    1. The defense at trial will focus on the absence of any conspiratorial acts and lack of intent to aid and abet any individual in the filing false tax returns.

1

2. On November 13, 2015, Defendant filed her Motion For Early Disclosure of Jencks Materials. In that motion, Defendant specifically identified SA Romero's Special Agent Report or "SAR" and all investigative interview notes. In that November 13th motion, Defendant stated:

> Defendant seeks all interview notes and the special agent's report prepared by Special Agent Romero.
>
> "Special Agent Romero prepared a "special agent's report" summarizing his pretrial investigation and supporting his recommendation for criminal prosecution.

3. On November 19, 2015, the Government sent Defendant's counsel an email that contained a part of SA Romero's Special Agent Report.

4. This apparently is a part of the Government's yet to be filed response to Defendant's Jencks motion. It appears that the Government only provided one section -Theory of The Investigation - of a redacted "SAR." Because of the heavy redactions, it cannot be determined if other sections were provided.

5. The Government heavily redacted the SAR. The SAR, as produced, is practically incomprehensible. The SAR's use at trial for cross-examination or as an exhibit will be severely restricted to the point of denying Defendant her right to conduct a meaningful cross-examination.

6.      The Government cannot dispute that Defendant is entitled to SA Romero's SAR. See, *U.S. v. Sorrentino*, 726 F.2d. 876 (1st Cir. 1984)("The report is clearly a "statement" under 18 U.S.C. § 3500(e)(1))".

7.      What the SAR must contain is identified in IRS regulations "Section 9.5.8.6 (09-08-2015).[1]  That section of the IRS regulations, in pertinent part, states the following;

The SAR package should be assembled in the following manner:

Cover Sheet
Table of Contents
 Body of Report

   INTRODUCTION

- Recommended Charges and Prosecution Years
- Returns Filed and Statute of Limitations
- Venue
- Investigative Contact(s) with Subject(s) and/or Representative(s)
- Other Pertinent Data

***THEORY OF THE INVESTIGATION***    (Emphasis added).
- BOOKS AND RECORDS AND PREPARATION OF TAX RETURN(S)
- ELEMENTS OF THE OFFENSE(S)
- LIST OF APPENDICES

- DISPOSITION OF PROCEEDS
- RELEVANT CONDUCT
- CURRENT LIFESTYLE / RECENT AND POST-OFFENSE FACTORS
- EXPLANATIONS AND/OR DEFENSES OF SUBJECT
- CONCLUSIONS AND RECOMMENDATIONS

List of Witnesses and Exhibits

---

[1] The Government represents that SA Romero's SAR is dated 1/30/15. Page 1 of Ex. B, IRS' regulation related to the SAR, delineates the changes made from its earlier version.

3

      Appendices

      Summary of Witness Testimony and Records (Optional)

      Exhibits

*(See, Ex. A, pages 8-9 of 23).*

    8.   The "Theory of the Investigation" is but one part of the SAR. The Government can makes no argument that the parts it omitted do not relate to the Defendant or do not contain Jencks materials.

    9. The Government does not provide defendant with any explanation of why or how it determined that its only disclosure obligation was to produce an unexplained redacted section of the SAR, "Theory of the Investigation."

    10.   Where the Government submitted a redacted SAR it must submit the entire document for an in camera inspection to the Court for a determination to be made by the Court. *See, United States v. Koskerides, 877 F.2d 1129 (2nd Cir. 1989).*

    11. The Government must also produce to the Court all of SA Romero's notes relating to all Defendants and witnesses interviewed and all exhibits and appendices to the SAR for an in camera determination.

Wherefore, Defendant Portillos respectfully moves this Court for an order that the Government produce (1) the redacted SAR, (2) Romero's complete unredacted SAR, including the exhibits and appendices, and (3) all interview notes for the Court's in camera inspection.

4

Respectfully submitted,

s/John Mosby

John Mosby
621 17th Street, Suite 2445
Denver, Colorado 80293
(303) 623-355

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this November 23, 2015, a true and correct copy of the foregoing was served via the Court's ECF system to:

Martha A Paluch,
Assistant U.S. Attorney

Martin Stuart , Esq.
Attorney for Raul Caraveo

John Schlie, Esq.
Attorney for Pamila Lucero

Marci Gilligan, Esq.
Attorney for Sabrina Caraveo

Thomas Ward , Esq.
Attorney for Eugene Chavez

Robert Pepin, Esq.
Attorney for Carolina Aragon

Defendant Cristina Portillos

s/John Mosby