

**Part 9. Criminal Investigation Chapter 5. Investigative Process Section 8. Investigative Reports**

**9.5.8  Investigative Reports**

- 9.5.8.1   Overview
- 9.5.8.2   Purpose and Importance of Investigative Reports
- 9.5.8.3   Planning the Report
- 9.5.8.4   Report Writing
- 9.5.8.5   Prosecution Recommendation Reports
- 9.5.8.6   Special Agent Report (SAR)
- 9.5.8.7   Summary of Investigation
- 9.5.8.8   Discontinued Investigation Report

**Manual Transmittal**

September 08, 2015 **Purpose**

(1) This transmits revised IRM 9.5.8, Investigative Reports.

**Material Changes**

(1) Subsection 9.5.8.1(2) is revised to reflect that the Special Agent Report (SAR) and Summary of Investigation (SOI) can be either in linked format or Document Manager created.

(2) Subsections 9.5.8.1(5) and (6) are updated to indicate that the summary of witness testimony and records document is optional.

(3) Subsections 9.5.8.3(2) and 9.5.8.4(1) are revised to recommend that the investigative report be prepared using the linked SAR program.

(4) Subsection 9.5.8.3(4) is updated to reflect that the linked SAR program maintains the evidence in a searchable format.

(5) Subsection 9.5.8.4.2(5) is revised to state that any number in the report must be supported by an exhibit, appendix, or schedule showing the exact number.

(6) Subsection 9.5.8.5(4) is updated to reflect that the Evidence Manager/Creating Linked SARs Guide must be used when creating an investigative report.

(7) Subsection 9.5.8.6(1) item f) is revised to state that the summary of witness testimony and records is optional.

(8) Subsection 9.5.8.6.3.1.2(2) is updated to indicate that complete transcripts of account must be submitted rather than user friendly or translated transcripts of account.

*Internal Revenue Manual – 9.5.8 Investigative Reports*

(9) Former subsections 9.5.8.6.3.1.2(9) through 9.5.8.6.3.1.2(12) are revised, reorganized, and renumbered as paragraphs (9) through (15). Former paragraph (11) is renumbered as
(13) and further revised to indicate that it is advisable to discuss the SOL calculation for a Title 26 USC § 7202 employment tax investigation with CT Counsel. All subsequent    paragraphs are renumbered consecutively.

(10) Former subsection 9.5.8.6.3.1.2(18) is deleted since it was no longer applicable based on recent case law.

(11) Subsection 9.5.8.6.3.1.5 paragraph (4) item a) is revised to indicate if an affidavit is sealed, it must not be an exhibit.

(12) Subsection 9.5.8.6.3.1.5 paragraph (4) items e), f), h) and i) are updated to indicate these are "required " items.

(13) Subsection 9.5.8.6.3.2(2) is added to indicate that statements made in the theory of the investigation must be supported by evidence in other sections of the report.

(14) Subsection 9.5.8.6.3.3(1) item i) is updated to indicate that a reconciliation of books and records to the return(s) is required in all tax and tax-related investigations.

(15) Subsection 9.5.8.6.3.3(1) item j) is revised to state if records were not provided, the SAR must state that the reconciliation could not be completed.

(16) Subsection 9.5.8.6.3.4(6) is revised to indicate that paragraph and page numbers must be included in exhibit references.

(17) Subsection 9.5.8.6.3.4(7) is updated to indicate that the use of the alpha-numeric labeling for summary statements included in the Elements of the Offense(s) section of the    report is preferred.

(18) Subsection 9.5.8.6.3.8(3) item b) is updated to state that the filing and payment history must always be addressed in the report.

(19) Subsection 9.5.8.6.4(1) is revised to indicate that if the summary of witness testimony is used, all witnesses must be entered into Evidence Manager.

(20) Subsection 9.5.8.6.4(5) is updated to indicate that if evidence was not input into Document Manager, witness labels and folders must be printed for exhibits.

(21) Subsections 9.5.8.6.5(16)-(18) are added to explain the criminal tax computation process.

(22) Subsection 9.5.8.7(1) is updated to state that SOIs cannot be used for any tax investigation.

(23) Additional revisions, deletions, and grammatical changes were made throughout the section which did not result in substantive changes, but contributed to the procedural clarity    of the subject matter.

## Effect on Other Documents

This IRM supersedes IRM 9.5.8, Investigative Reports, dated September 24, 2007.

## Audience

CI

## Effective Date

(09-08-2015)

*Internal Revenue Manual – 9.5.8 Investigative Reports*

Don Fort for
Richard Weber
Chief, Criminal
Investigation

### 9.5.8.1  (09-08-2015)
### Overview

1. This section applies to special agent investigative reports and will provide guidance necessary to write a clear and concise investigative report. The following topics will be    discussed in this section.

   A. Purpose and Importance of Investigative Reports

   B. Planning the Report

   C. Report Writing

   D. Prosecution Recommendation Reports

   E. Sample Reports

   F. Discontinued Investigation Reports

2. There are two formats used for prosecution recommendation reports:

   A. Special Agent Report (SAR) - either Linked SAR format or Document Manager created SAR/Summary of Investigation (SOI)

   B. Summary of Investigation (SOI) - either Linked SOI format or Document Manager created SAR/SOI

3. The SAR format will be utilized for all tax and tax-related investigations (both administrative and grand jury) including tax plea agreement investigations. Refer to IRM 9.5.12,    Processing Completed Criminal Investigation Reports, for guidance in defining tax and tax related investigations.

4. The SOI format will be used for non-tax grand jury investigations including non-tax grand jury plea agreement cases. The Special Agent in Charge (SAC) has the authority to    request the SAR format.

5. All SAR packages will include the report (with reference cites), a list of witnesses and exhibits and appropriate appendices (with reference cites). The summary of witness    testimony and records document is optional.

6. All SOI packages will include the report (with reference cites), a list of witnesses and exhibits and appropriate appendices (with reference cites). The summary of witness    testimony and records document is optional. The SAC has the authority to eliminate the use of reference cites, the list of witnesses and exhibits, and appendices for SOI    packages when deemed appropriate.

### 9.5.8.2  (01-25-2006)
### Purpose and Importance of Investigative Reports

1. The purpose of a prosecution recommendation report is to logically present the evidence that will support a recommendation for criminal prosecution.

*Internal Revenue Manual – 9.5.8 Investigative Reports*

2. The report should be written so that the reader can:

    A. comprehend the facts and circumstances relating to the investigation

    B. be convinced of the thoroughness and impartiality of the investigation

    C. reach the same conclusions and recommendations based on the facts presented

3. The report is an official document and may not be furnished to any person outside the Internal Revenue Service without proper authorization. Both the SAR and the SOI contain tax return information and/or grand jury information and are governed by 26 USC §6103 and/or Federal Rules of Criminal Procedures Rule 6(e) (Fed. R. Crim. P. R 6 (e)).

## 9.5.8.3  (09-08-2015)
## Planning the Report

1. Before a special agent starts to write the report, the special agent should obtain the opinions of their Supervisory Special Agent (SSA), Criminal Tax (CT) Counsel, and/or Centralized Case Reviewer (CCR) concerning the sufficiency of the evidence gathered, the method of proof to be used, and the proposed recommendations.

2. There are currently two methods of preparing a SAR/SOI. These methods are the Linked SAR format and the Document Manager created SAR/SOI. **It is recommended the special agent prepare the investigative report using the Linked SAR program. The Evidence Manager/Creating Linked SARs/SOIs and the "How to use a Linked Special Agent's Report" Guide are located in Communities Accessing and Sharing Information (CASE) under the Special Agent Report - SAR/SOI Reference Guide section and will provide detailed information on how to utilize this format to create a Linked SAR.**

3. Planning a final report is a process that begins at the time an investigation is initiated and assigned to a special agent. Report writing can be simplified if the evidence is organized in a neat, concise, logical, and easily retrievable manner.

4. Since the report format is witness oriented, numbered files should be established for each witness. The witness' testimony and any documents the witness will introduce should be associated within each witness file. A witness file should be created for each individual contacted during the investigation and should include the name, address, telephone number(s), and social security number of each witness. By utilizing the Linked SAR program, the special agent will have all of the appendices, evidence and corresponding exhibits in an accessible and searchable format, including evidence which had previously been too large to exhibit. Grand jury documents will be maintained in separate folders and shall be identified as grand jury information subject to Rule 6(e) restrictions. See IRM 9.5.2, Grand Jury Investigations.

5. Evidence Manager, a computer program that works hand in hand with the Document Manager investigative reports program, will be used to create and manipulate the list of witnesses and exhibits. Input witness information and evidence obtained from each witness into the program as you conduct the investigation. The program allows you to assign numbers to each witness and their corresponding evidence. If a specific witness or piece of evidence is not used, the program allows for the exclusion of the witness or evidence from the witness list.

6. Evidence Manager will also create the summary of witness testimony and records document. This document should list all witness contacts and evidence obtained from those witnesses, whether or not cited within the SAR or SOI. The special agent should enter information in the summary field for testimony or records provided as each witness is contacted. This summary information should be brief and to the point. It should not be a restatement of the memorandum of interview, a repeat of the description of evidence, or a lengthy narrative. The summary of witness testimony and records

7. document is optional.

8. Scanned or photocopied exhibits will be forwarded with the prosecution recommendation. Original exhibits will be maintained by the special agent.

## 9.5.8.4  (09-08-2015)
## Report Writing

1. It is recommended the Linked SAR format be utilized to prepare investigative reports. Document Manager should be used to enter your subject(s) information to create the    SAR/SOI. The formats in Document Manager contain self-directed templates and links to maintenance databases that allow the special agent to efficiently prepare a fully    integrated, thorough, and accurate report. A number of "SAR help" boxes provide specific guidance on most aspects of investigative report writing. Please include cell phone    numbers for investigating agent. The Linked SAR format requires the special agent to have the evidence, appendices, and any attachments in electronic format. The    evidence, appendices, and/or attachments can be in one of several formats; they do not have to be Adobe PDF files. Evidence Manager will convert the Word and Excel files    to Adobe PDF files for the special agent. The Linked SAR will make a copy of all the files it needs, "Stamp" the exhibits, appendices, and attachments with a navigation aid;    run optical character recognition on the files, organize the SAR; create hyperlinks in the SAR to the exhibits, appendices, and/or attachments; and save the Linked SAR as    one Adobe PDF file.

2. Each investigation is different and involves a variety of facts, circumstances, and alleged violations. The essentials of a good report are fairness, accuracy, completeness,    conciseness, and logical presentation. The SAR package should be free of mathematical, grammatical, punctuation, and spelling errors.

## 9.5.8.4.1  (01-25-2006)
## Fairness

1. The facts of an investigation should be reported with fairness and impartiality. All material facts and evidence should speak for themselves and require little or no explanation    of their significance. Avoid opinions and conclusions, except when called for in the conclusions and recommendations section. Any distortion of the significance of the    evidence diminishes the value of the report and the credibility of the special agent preparing the report.

2. Reports should be written so that the focus is strictly on the facts of the investigation and there is no appearance of opinion. In order to maintain objectivity, personal pronouns    such as I, we, he, she, they, them, and us should be limited. However, do not hesitate to state "the subject informed me that" or "the subject gave me" if that information is    material. Special agents should not refer to themselves as the undersigned, the writer, or your agent.

3. Testimony must be presented fairly. Extreme caution should be utilized when using quotes in the report. When the report includes a quotation, the agent must quote exactly    from the documents or memoranda and within the proper context. Reports should reflect an impersonal attitude and should contain no offensive remarks regarding the    subject.

4. Do not attempt to conceal or omit facts that tend to be in favor of the subject. Explain these facts in the report appropriately and as necessary.

## 9.5.8.4.2  (09-08-2015)
## Accuracy

1. Investigative reports are the basis for administrative and legal actions that may result in the imprisonment of the subject and the assessment of substantial amounts of taxes    and penalties. Accuracy is essential; therefore, the facts should be exact. Inaccuracies can be devastating to the value of the report and to the special agent's credibility as a    witness.

2. The distinction between fact and opinion must be clearly shown when it is necessary to explain the theory of an investigation based largely upon circumstantial evidence.    Avoid using statements such as "the subject could give no plausible explanation." That is a conclusion and others may find that

*Internal Revenue Manual – 9.5.8 Investigative Reports*

3. explanation is plausible. State what the    subject said and let the evidence show whether the statement is worthy of belief.

4. Do not allow conclusions to surpass the evidence. A conservative statement that is consistent with the facts is stronger than an exaggeration. Exaggerations tend to raise    doubt relating to all the evidence presented in the report.

5. Carelessness in detail, errors in computations, and incorrect dates materially affect the value of a report. Judgment in the choice of words, punctuation that clarifies the    meaning, and a correct application of the rules of grammar are essential to accurate reports, appendices, schedules, and exhibits. Errors in these essentials have an    unfavorable effect upon the mind of the reader.

6. Mathematical computations in the report, appendices, schedules, and exhibits must all be verified for accuracy. Although special agents have available computer applications,    verify that the data and formulas are correct. For review purposes, **any number appearing in the report which is a result of a calculation needs to be supported by an    exhibit, appendix or schedule showing that exact number.**

7. Avoid using slang and technical terms, including those used in accounting and law enforcement. However, in some instances, slang terms may be necessary for clarity in    reporting the results of investigations, particularly those involving subjects in illegal pursuits. The meaning of the particular term should be explained when it is first used in the    report. For example, it may be advantageous in a report concerning a pyramid scheme to describe the nature of the operation, including the slang terms used therein, before    presenting evidence of the violation. If numerous slang or technical terms are necessary, it is advisable to prepare a glossary.

## 9.5.8.4.3  (01-25-2006)
## Completeness

1. Special agents should present the material in a report with the goal that it could be clearly understood by a reader who had no knowledge of the facts surrounding the    investigation. The agent should exercise good judgment in selecting the facts that are material to the matter and take care that nothing essential to a complete understanding    of the investigation will be omitted. This is especially true for any information that is favorable to the subject. All statements of material facts relating to the violation must be    supported in the SAR by evidence that will establish the truth and accuracy of the statement. The source of the evidence must be documented.

2. All elements of the offense(s) recommended for prosecution should be supported by the evidence presented. Each statement of material fact in the investigative report, with    the exception of statements made in the theory of the investigation and conclusions and recommendations sections, should be supported by evidence citations. These    citations should be specific, including page and paragraph numbers. Statements made in the theory of the investigation and conclusions and recommendations sections    should be supported by evidence cited elsewhere in the report. No unsupported statements may appear anywhere in the report.

3. All defenses raised by the subject and/or their representative should be refuted, and any mitigating circumstances, exculpatory evidence, or other impediments to a prosecution    recommendation should also be fully addressed. Speculation concerning potential defenses or explanations that have not been raised by the subject and/or their    representative should not be included in the report.

4. If it was impossible to interview a key witness or to take any other pertinent investigative step, this should be explained in the "Other Pertinent Data" section of the report. For    example, in an evasion investigation in which the return preparer died prior to being interviewed, the reason the interview could not be conducted should be noted and    discussed. Addressing such issues will underscore the thoroughness of the investigation and prevent unnecessary requests for supplemental information.

5. Finally, in order to ensure completeness, the report should be read and revised as often as necessary before it is submitted for review.

**9.5.8.4.4  (01-25-2006)**

**Conciseness**

1. Conciseness necessitates the removal of all superfluous material. The rule of conciseness applies to individual structure, as well as to the report as a whole.

2. The narrative of the prosecution report should only address the elements of the recommended offenses and any other information directly pertinent to the investigation.    Repetition should be avoided.

3. Schedules, summary exhibits, tables, footnotes, and appendices may be especially useful in reducing the length of the narrative and financial evidence detailed.

**9.5.8.4.5  (01-25-2006)**
**Logical Presentation**

1. A well-written report may lose its effectiveness for lack of a logical presentation. A mass of data indiscriminately presented in the report is confusing and may impair the    reader's ability to comprehend the facts relating to the investigation.

2. A well-written report requires adherence to the primary purpose of the report. Exclude all material that does not relate to that purpose. Know what you want to communicate    and how best to present that information. Each sentence, paragraph, and section of the report should help develop the primary purpose of the report.

3. A well-written report requires careful planning, critical review, and frequent revision by the report writer.

4. A new topic or idea should be the subject of a new paragraph. A sentence or short passage requiring special emphasis may be paragraphed separately. Important matters    can be emphasized by numbering and indenting a series of important and related facts, and by the use of summary schedules.

**9.5.8.5  (09-08-2015)**
**Prosecution Recommendation Reports**

1. Prosecution recommendation reports will be created using the CI Desktop Application, Document Manager or the Linked SAR format. The Document Manager SAR/SOI report    formats are element driven. They make maximum use of appendices which helps eliminate the need for detailed explanations of each of the supporting exhibits and minor    details of the investigation. When appendices are used, each must contain complete references to all relevant testimony and documentary evidence. Currently, the Linked    SAR is recommended as the format to create the SAR. The Linked SAR format incorporates all of the exhibits, appendices, and attachments into one Adobe PDF file   which is searchable and accessible.

2. The following criteria should be applied to all SAR/SOIs:

   A. The subject's name and, if appropriate, his/her company name must be in capital letters whenever used in reports, appendices, schedules, and exhibits. Third party    names should not be in capital letters.
   Note: **Do not capitalize "s" or "'s" when using a subject's name in plural or possessive form.**

   B. Evidence Manager should be utilized when citing evidence.

   C. Paragraph and page numbers should be included in exhibit references to assist in locating pertinent information from lengthy memorandums or multi-page exhibits.

   D. Abbreviations are acceptable within a reference cite to identify the location of specific statements in a memorandum, question and answer statement, or affidavit, etc.    The following abbreviations should be used to cite the specific items contained within these exhibits:

*Internal Revenue Manual – 9.5.8 Investigative Reports*

- Paragraph Par.
- Page Pg.
- Pages Pgs.
- Line(s) L.
- Question Q.
- Answer A.

E. Within the SAR and witness list, all references to dates should be spelled out (i.e., November 6, 2004, as opposed to 11/06/04). An exception would be for summary    schedules within the SAR.

3. The following items should be considered when the prosecution of related subjects is contemplated:

A. If the facts and circumstances surrounding two or more subject investigations are the same or are intermingled, the results of the related investigations should be    presented in a single report. For example, if an investigation discloses evidence of tax evasion by a corporation and its principal officers, one report may serve as a    focal point for assembling and presenting the facts and evidence regarding all subjects.

B. When consolidating two or more subject investigations into one report, consideration should be given to ensuring that a sound basis for a joint trial exists. The absence    of evidence of a conspiracy, lack of a common violation to be charged, lack of a common venue, or other factors may indicate that the subjects are entitled to separate    trials. If so, separate reports should be written and exhibits duplicated, where appropriate.

4. The Evidence Manager/Creating Linked SARs Guide should be used when creating an investigative report with the Linked SAR format. The SAR and SOI Guide should be    used as a reference when creating the Document Manager generated SAR/SOI. **Use of the SAR "Help Boxes" is strongly recommended.**

## 9.5.8.6  (09-08-2015)
## Special Agent Report (SAR)

1. The SAR package should be assembled in the following manner:

A. Cover Sheet

B. Table of Contents

C. Body of Report
- INTRODUCTION
- Recommended Charges and Prosecution Years
- Returns Filed and Statute of Limitations
- Venue
- Investigative Contact(s) with Subject(s) and/or Representative(s)
- Other Pertinent Data
- THEORY OF THE INVESTIGATION
- BOOKS AND RECORDS AND PREPARATION OF TAX RETURN(S)
- ELEMENTS OF THE OFFENSE(S)
- LIST OF APPENDICES

- DISPOSITION OF PROCEEDS
- RELEVANT CONDUCT
- CURRENT LIFESTYLE / RECENT AND POST-OFFENSE FACTORS
- EXPLANATIONS AND/OR DEFENSES OF SUBJECT
- CONCLUSIONS AND RECOMMENDATIONS

D. List of Witnesses and Exhibits

*Internal Revenue Manual – 9.5.8 Investigative Reports*

    E. Summary of Witness Testimony and Records (Optional)

    F. Exhibits

## 9.5.8.6.1  (01-25-2006)
## Cover Sheet

1. The Cover Sheet must include:

    A. Subject(s) Name

    B. Address (City, State and Zip Code)

    C. SSN

    D. Subject Investigation Number

    E. Years/Periods

    F. Recommended Violations

    G. Names of the Investigating Agents

    H. Grand Jury header (if applicable)

2. Once the SAR is created in Document Manager, the identifying subject information from Evidence Manager will appear in the SAR.

## 9.5.8.6.2  (09-08-2015)
## Table of Contents

1. It is recommended that a table of contents reflecting report sections and page numbers be submitted as part of the SAR. The SAR report format in Document Manager will    automatically create the table of contents. However, prior to submitting the SAR, the page fields must be updated.

2. The table of contents is designed to provide quick reference to important sections of the report. The complexity of the SAR and the circumstances of the investigation will    determine the amount of detail.

3. Additional section headings may be included in the SAR, if warranted. A section heading may be added to the SAR format using the Insert New Section tab in the Document    Manager SAR menu "More Commands, Section" tab.

4. The list of witnesses and exhibits and the title and number of pages of each appendix must be included in the table of contents.

## 9.5.8.6.3  (09-24-2007)
## Body of Report

1. The SAR is addressed to the SAC. Include the field office street address, city, state, and zip code.

2. The person to contact is the investigating special agent.

3. The date of the SAR will be the date forwarded by the SAC.

4. The following information must be reflected:
   - Subject's Name
   - Street Address
   - City, State, Zip Code
   - SSN/EIN

- Date of Birth (DOB)
- Subject Investigation Number

5. Representative's full name, title, street address, city, state, zip code and telephone numbers, including area code.

6. If there are multiple subjects, the additional subject and representative identifying information must be detailed.

7. Type of report is "Final: Prosecution"

## 9.5.8.6.3.1  (01-25-2006)
## Introduction

1.  This section makes maximum use of sub-headings and brief statements of facts as opposed to an extensive narrative. The following sub-sections should be included in the    Introduction section of the SAR. Each sub-section listed below has instructions and/or suggestions to assist the special agent in accurately completing that portion of the    report.

## 9.5.8.6.3.1.1  (01-25-2006)
## Recommended Charges and Prosecution Years

1. Identify the specific violation, years (and/or periods), and number of counts for each recommended charge.

2. The recommended violation is added to the SAR through the Document Manager SAR menu. If your violation is not listed, utilize the "Enter My Own" violation function of the SAR menu.

3. If the SAR includes multiple subjects, identify the specific charges and number of counts relating to each subject.

4. Use the Additional SAR fields option under the SAR menu to add information regarding related investigations. Provide the type of related investigation, the name of the    investigation, and the investigation number.

## 9.5.8.6.3.1.2  (09-08-2015)
## Returns Filed and Statute of Limitations

1. There are two sample Statute of Limitations (SOL) tables provided in the Document Manager SAR program. Manually enter the statute of limitations date for each violation    under each subject's name. Refer to the SAR help menu for additional guidance.

2. Exhibit all relevant tax returns and transcripts of account relating to the prosecution and subsequent years. It is generally recommended special agents request and submit    complete transcripts of account (IMFOLT or MFTRA) rather than user friendly or translated transcripts of account, which may not be complete as they do not reflect detailed    internal information or codes. Transcripts should be current, within 90 days.

3. The witness to introduce tax returns and transcripts of account is a representative from the appropriate IRS Campus.

4. If relevant, exhibit prior years tax returns to establish knowledge, pattern and/or intent. Those returns should reflect "Not Applicable" (N/A) for the SOL date.

5. If no returns were filed, insert "None Filed" under the tax returns column.

6. If delinquent or amended returns are filed after the initiation of the criminal investigation, list those returns in the schedule and explain the circumstances surrounding the filing    of those returns in a footnote with exhibit references.

7. Examine the returns and transcripts of account to verify the accuracy of the computation of the SOL date. Review and footnote with exhibit references any actions that may    affect the SOL (i.e.,

8. Extensions of Time to File (Form 4868 or 2688)). The extensions are separate documents, not part of the return, and should be exhibited separately.

9. If the SOL is computed based on a date other than the statutory due date of the tax return or received date (i.e., tolling due to summons enforcement, presentation date of   false claims, etc.), the special agent should include an explanation in a footnote with documentation.

10. For most Title 26 investigations involving early or timely filed returns, the SOL is six years from the statutory due date of the return.

11. One exception is 26 USC § 7203 for non-filed information returns (i.e., partnership returns, returns of exempt organizations, sub chapter S returns, estate returns, trust   returns, etc.), the SOL is three years from the statutory due date.

12. For 26 USC § 7203 for non-filed income tax returns, the SOL is six years from the statutory due date.

13. For 26 USC §7201 (Spies) investigations, the SOL is six years from the last documented affirmative act.

14. **It is advisable to discuss the SOL calculation for a 26 USC § 7202 employment tax investigation with CT Counsel in your area because the SOL has been   calculated differently throughout the country.** In general, for a 26 USC. § 7202 employment tax investigation, the SOL is six years from the statutory due date in cases   involving the failure to file a Form 941 or failure to pay the appropriate employment taxes. The statutory due date for a Form 941 is generally the last day of the month following the end of the quarterly employment tax period. If a return with respect to employment taxes (Form 941) for any period ending with or within a calendar year is filed   before April 15th of the succeeding calendar year, the return is considered filed on April 15th of that following calendar year (see 26 USC § 6513(c)(1) and section 7.02[5] of   the DOJ Criminal Tax Manual). Thus, the six year limitations period as to a Form 941 filed for a reporting period during a calendar year runs from April 15th of the following   year. However, while quarterly Forms 941 filed on or before April 15th of the succeeding year are considered to be filed on April 15th of the following year, the most   conservative approach would be to use the statutory due date for each quarterly Form 941 to determine the statute of limitations. Be aware that courts in the Districts of   Massachusetts and Northern Georgia have concluded that 26 USC § 7202 violations are subject to a three year statute of limitations period (see Section 9.06 of the DOJ   Criminal Tax Manual).

15. For 18 USC §286/287 violations, the SOL is five years from the date of the offense (the date the claim was presented). This can be determined from the time stamp (EUP   returns), date stamp (paper returns) or the DLN Julian date.

16. For 18 USC §371 (tax-related), the SOL is six years from the date of the last documented overt act.

17. If the subject's spouse filed separate tax returns, introduce them in this section of the report, but do not incorporate them in the above schedule.

18. In net worth and expenditures investigations, the exhibits should include copies of tax returns for at least five pre-prosecution years. The special agent should request these   prior year tax returns immediately upon commencing the investigation.

## 9.5.8.6.3.1.3  (09-08-2015)
## Venue

1. For each subject and each violation, list and include exhibit references for the recommended venue only. **Do not list all possible venues.**

2. Examples of venue include:
   - where affirmative acts took place;
   - where returns were prepared, signed, filed, or mailed;
   - where overt acts took place;
   - where transactions were conducted, etc.

**Note:**

**Place of residence and location of business do not establish venue for crimes of commission, including 26 USC § 7201, and 26 USC §§ 7206(1) and (2).**

### 9.5.8.6.3.1.4  (01-25-2006)
### Investigative Contact(s) with Subject(s) and/or Representative(s)

1. Information regarding investigative contacts for each subject must initially be added using the additional SAR fields under the Document Manager SAR menu tab. Select all    contact options that apply to that subject.

2. When selecting advice of rights or power of attorney contacts, provide the date(s) these contacts occurred.

3. When selecting other contact, no date is required. However, if there is only one other contact, add a date for the one contact.

4. Provide the applicable exhibit reference(s) in the space provided beside each contact listed for a subject. No narrative explanation is required. However, if an explanation is    necessary for any of the contacts, provide one under that contact.

5. All investigative contacts with the subject and/or their representative should be introduced and exhibited.

**Note:**

**Do not include undercover contacts in this section of the report.**

6. All memoranda of interview must be prepared in accordance with IRM procedures. See IRM 9.4.5, Interviews.

### 9.5.8.6.3.1.5  (09-08-2015)
### Other Pertinent Data

1. Information regarding other pertinent data for each subject is initially added to the SAR by selecting the SAR menu tab and additional SAR fields in the Document Manager    SAR program.

2. Select the other pertinent data section tab and check all significant, case-impacting items.

3. The health history and education fields are mandatory items.

4. The optional fields are Search Warrants, Undercover Operations, Consensual/Non-consensual Monitoring, Plea Agreement Information, Citizenship, Business or Employment    History, Knowledge of Tax Matters, Criminal History, Revenue Agent's Recommendations, Civil Actions, and Other Notable Information:

    A. Search Warrants:
       ・Enter date(s) of search warrant.
       ・Exhibit search warrant affidavit and inventory of items seized.
       ・Provide a brief explanation, if necessary.

| IF THE AFFIDAVIT IS SEALED, It must NOT BE AN EXHIBIT. The SAR must state it is sealed and include the AUSA's name and telephone number. |
|---|

    B. Undercover Operations:
       ・Enter date(s) of undercover operation.
       ・Provide a brief explanation, if necessary.

    C. Consensual/Non-consensual Monitoring:
       ・Enter date(s) of monitoring.
      ・Provide a brief explanation, if necessary.

D. Plea Agreement Information:
  · Explain details of plea agreement.
  · Exhibit plea agreement documents.

E. Health History (Required):
  · Address the health of the subject including any issues that could adversely affect the prosecution potential of the subject (i.e., advanced age, chronic or terminal    illnesses, substance abuse, or mental illnesses, etc.). If the health history is unknown, must state that the health history is unknown.

F. Education (Required):
  · Detail the subject's level of education.
  · Be specific, especially when identifying any training in bookkeeping, tax work, formal or correspondence training in accounting.
  · Verify education with transcripts or state licensing board. If education of the taxpayer is unknown, state it is unknown.

G. Citizenship:
  · Identify citizenship and residential status of non-US citizens.

H. Business or Employment History (Required for all tax-related investigations):
  · Summarize the subject's business or employment history, if relevant. Any business or employment which is part of the scheme is relevant.
  · State when the business/employment began, if it is still ongoing, or when it ended.
  · Identify the type of business in which the subject was involved (i.e., sole proprietorship, partnership, corporation, joint venture, etc.) and cite supporting documents, i.e. DBAs, corporate formation papers, etc.
  · Detail the subject's responsibilities in each business or position of employment.

I. Knowledge of Tax Matters (Required for all tax-related investigations):
  · Describe the subject's formal education and experience relating to tax matters and their knowledge of financial affairs, if relevant.

J. Criminal History:
  · Include complete information on any known felony convictions or pending prosecution by local, state, or other Federal authorities.
  · A copy of the subject's criminal record must be included as an exhibit, if applicable. Any criminal conviction which could affect sentencing must be supported by a    court document showing conviction and sentence.
  · National Crime Information Center (NCIC) and Treasury Enforcement Communications System (TECS) transcripts **are not admissible** as evidence and must not be    used to document the subject's criminal record. If it is anticipated that the subject's criminal record will be utilized, obtain that information from the prosecuting agency    or court.
  · If the subject had a prior conviction for a similar offense as that being recommended in the report, provide complete details relating to that conviction.

K. Revenue Agent's Recommendations:
  · Do not include in Grand Jury SARs.
  · Exhibit a copy of the Revenue Agent Report (RAR), if applicable.
  · Any differences between the proposed civil and criminal adjustments **must** be reconciled and explained in an appendix.

L. Civil Actions:
  · All civil actions in the prosecution years must be fully explained (i.e., IRS campus generated adjustments, collection activity, examination of related entities, solicitation    of delinquent tax returns, etc.).
  · All known contacts with the subject and/or his representative by any IRS civil function for the years being recommended need to be exhibited.
  · If relevant, civil actions in prior or subsequent years must be fully explained. Prior civil actions and

· returns in prior or subsequent years could be relevant to establish   a pattern, knowledge, intent, etc. This would include any relevant case history notes made by the Revenue Agent or Revenue Officer.

Any defense raised in the civil actions for the prosecution years should be addressed in the

defense and rebuttal section of the report.

M. Other Notable Information:
· Use this section to explain or introduce any other significant information related to the investigation. If a key witness was not interviewed, provide an explanation why   the witness was not interviewed.

## 9.5.8.6.3.2  (09-08-2015)
## Theory of the Investigation

1. This section is designed to present a concise overview of the investigation, without reference cites, that includes the following information:

   A. Method of Violation:
   · State what the evidence will show.
   · State how the violation was accomplished by the subject(s).
   · State how the violation will be proven.

   B. Method of Proof:
   · State the method of proof used (i.e., Specific Item, Net Worth, Bank Deposits, Expenditures, etc.).
   · If an indirect method of proof was used, explain why.

   C. Method of Accounting:
   · State the method of accounting used (i.e., cash, accrual, completed contract, or hybrid, if applicable).
   · Provide the basis for using the method selected.

   D. Source of Investigation:
   · State the source of the investigation.
   · Do not exhibit referrals.

   E. Culpability of Spouse:
   · Explain any participation or culpability of the subject's spouse, if applicable.

2. Statements made in the theory of the investigation should be supported by evidence cited elsewhere in the report. No unsupported statements may appear anywhere in the   report.

## 9.5.8.6.3.3  (09-08-2015)
## Books and Records and Preparation of Tax Return(s)

1. Books and Records:

   A. Give a brief description of the subject's financial records and which, if any, of those records were obtained during the investigation. The books and records section is   not intended to be an exhaustive analysis of the subject's bookkeeping system. However, sufficient information should be supplied to familiarize the reader with how   the books and records were used to report the subject's income, expenses, and deductions.

   B. Explain when, where, how, and from whom the records were obtained and the disposition of those records (i.e., copied and compared to the original and originals   returned, maintained in the investigative file, etc.). Voluminous books and records should not be included in mass as exhibits, but maintained in the investigative file.

   C. If it is not known what records the subject maintained, put a statement to that effect.

   D. If no formal books and records were maintained, state that fact.

*Internal Revenue Manual – 9.5.8 Investigative Reports*

E. Identify who was responsible for setting up the bookkeeping system and that person's education and experience.

F. Describe the role the subject had in developing and maintaining the books and records.

G. Identify who was responsible for making entries into the books and records and who instructed that person in their record keeping responsibilities. Describe the person's training and qualifications for the position. Include the role the subject played relating to entries made into the books and records.

H. Include a discussion of how the records were used to record the subject's income and expenses and if the books and records were reconciled to the returns.

I. A reconciliation of books and records to the return(s) is required in all tax and tax-related investigations to the extend the records are available. The reconciliation must be presented as an appendix. The reconciliation must summarize the major income and expense categories, as well as deductions and agree with the amounts reported on the tax return(s). Those items not in agreement should be further explained and the person responsible for the discrepancies must be identified. Math and accounting errors should be specifically noted and the person responsible for the errors identified.

J. If records were not provided or were incomplete, the SAR must state that the reconciliation could not be completed along with the reason.

2. Preparation of Tax Returns:

A. Provide all details surrounding the preparation, signing, and filing of the subject's tax return(s), if relevant. It is critical to establish responsibility for all aspects of the process.

B. Describe the books, records, and any other types of documents that were used to prepare the tax returns.

C. Describe the return preparer's qualifications and experience relating to the preparation of returns, as well as the specifics surrounding their employment to prepare the subject's returns.

D. Explain the preparation and filing of the subject's returns, emphasizing who was responsible for each facet.

E. Detail the subject's participation and instructions relating to the preparation of the returns. Include what records the preparer(s) requested from and were provided by the subject.

F. Include all discussions between the return preparer(s) and subject concerning the preparation, review, signing, and filing of the completed returns. Utilize original tax returns, if available.

G. Have the return preparer(s) identify their signature and, if possible, that of the subject(s).

H. Provide details of any statements made by the subject during the investigation concerning the preparation and filing of the tax returns, including the subject's identification of his/her returns and signatures.

I. Copies of the return preparer's work papers should either be exhibited or a statement made both in the report and in the witness folder that they are being maintained in the investigative files.

J. Include a reconciliation of the return preparer's work papers to the return. If a reconciliation is not possible, the SAR should state that the reconciliation could not be completed along with the reason.

K. Any discrepancies between the preparer's work papers and the returns must be fully explained in the testimony of the preparer.

L. See IRM 9.4.5 (Exhibit 9.4.5-1) Interviews, for an example of a return preparer interview outline.

### 9.5.8.6.3.4  (09-08-2015)
### Elements of the Offense(s)

1. The Elements of the Offense(s) section is used for presenting evidence of the alleged violation. This section of the report is driven by the specific elements of the violation(s)   being recommended. Each element of the offense should have a separate sub-section to present the evidence relating to that element. This section requires detailed planning   to present the evidence in the most concise and logical manner.

2. When a violation is selected in the Recommended Charges and Prosecution Years section, headings for each violation and each element of that violation will appear in the   Elements of the Offense(s) section.

3. A help guide for each violation and its elements provides useful information as to how to prove the elements of the violation. The help guide can be accessed from the   Document Manager SAR menu tab by selecting Violations Help. This guide includes examples, legal issues pertinent to specific elements, definitions, and/or helpful tips   based on experience.

   **Note:**

   It is strongly recommended that you use the Violations Help Guide when writing this section of the SAR.

4. Under each element for a violation, use an introductory sentence stating that the particular element can be shown or proven by the evidence that follows. For example: "The   affirmative acts of evasion committed by the subject include" or "The existence of a tax due and owing, established by the specific item method of proof and corroborated by   witness statements and documentary evidence, is summarized as follows" or "Proof of the subject's willfulness can be shown by" .

5. After the introductory sentence for the element, provide **summary statements** of facts or witness statements that prove the element. Summary statements should be   presented in a numbered or lettered format. Each numbered or lettered summary statement should reflect one statement of material fact.

6. Under each summary statement, include the phrase "SUPPORTING EVIDENCE" followed by a chronological list of exhibit references that prove the statement. Lengthy   numbered or lettered statements followed by a long list of reference cites is not acceptable. Paragraph and page numbers should be included in exhibit references to assist in   locating pertinent information from lengthy memorandums or multi-page exhibits. Links which go directly to the cited page of a document are strongly encouraged.

7. The use of alpha-numeric labeling for summary statements included in the Elements of the Offense(s) section of the report is preferred since it provides for more easily   identified reference points than bullet labeling.

8. In 26 USC §7203 and 26 USC §7206 cases where additional tax due and owing is not an element of the offense, tax harm must be included in the Willfulness section of the   SAR. Justification for utilizing the sentencing guidelines manual to compute tax harm in these cases must be explained in the report and must only be used when a more   accurate determination cannot be made.

9. In conspiracy investigations, it is strongly suggested that timelines showing when subjects entered into the conspiracy and when overt acts took place be used instead of the   bulleted format. Additionally, an Appendix reflecting the chronology of activity with the Service would be appropriate in 26 USC §7201 Evasion of Payment and/or 26 USC §7212(a) offenses.

10. Any presentation of evidence which better assists the special agent in briefly and concisely presenting the evidence can be used instead of the bulleted format. Regardless of   the format used, be sure to provide the SUPPORTING EVIDENCE reference cites.

### 9.5.8.6.3.5  (09-08-2015)
### List of Appendices

1. Include a list of each appendix and sub-appendix by title. No further explanation of the appendices is required. Explanations for appendix items should be included as    footnotes on the appendix. However, if there are significant issues or explanations that are warranted, they may be included in the report.

2. Refer to subsection 9.5.8.6.5 for detailed guidance on creating appendices.

### 9.5.8.6.3.6  (01-25-2006)
### Disposition of Proceeds

1. Although disposition of proceeds is not an element of any offense, it can show intent, negate defenses, and enhance jury appeal.

2. If a disposition of proceeds is relevant, create an appendix entitled "Disposition of Proceeds" and refer to it in this section of the SAR. Explanations of items on the appendix    should be provided as footnotes on the Appendix. Only significant or notable items should be explained in the report.

3. If information related to disposition of proceeds is limited, it can be presented in a brief narrative format in the report.

4. Supporting documentation is required.

5. If disposition of proceeds does not apply, state "Not Applicable" .

### 9.5.8.6.3.7  (09-08-2015)
### Relevant Conduct

1. Use the Additional SAR fields option under the Document Manager SAR menu tab to specify whether or not relevant conduct is applicable. In the Additional Subject    Information window, select the subject, select the Relevant Conduct section tab, and select whether or not relevant conduct is applicable. A notation of No Relevant Conduct    or Relevant Conduct Applicable will appear beside the subject's name in this section of the SAR.

2. This section includes all information which may have an impact on the sentencing of the subject, even though this conduct may not be within the scope of the prosecution    recommendation. For example, the report recommends prosecution for violation of 26 USC §7201 for the years 2008, 2009, 2010 and 2011. The investigation also developed    evidence of evasion for the years 2006 and 2007, but due to the expiration of the statute of limitations, prosecution cannot be recommended for those periods. Exhibits should    be presented to support the relevant conduct amounts.

3. Information in this section can be presented in an appendix, summary schedule, or in a brief narrative format. Supporting exhibit references are required.

### 9.5.8.6.3.8  (09-08-2015)
### Current Lifestyle/Recent and Post-Offense Factors

1. Current lifestyle includes recent and post-offense factors that could impact the prosecution potential of the case.

2. Although current lifestyle is not an element of any offense, such information is relevant because events may have occurred which will impact the two-prong standard of    prosecution – guilt beyond a reasonable doubt and reasonable probability of conviction. Information regarding current lifestyle brings the case up to date.

3. This section includes information related to, but not limited to, the following topics:

    A. Job history (i.e., is the subject working at the same job).

    B. Filing and payment history (i.e., the recommended offense may be failure to file but the subject has since been current in filing tax returns and paying taxes due). The    filing and payment history must always be addressed in the report as it is a required part of the CEM.

    C. Audit history (i.e., was the subject cooperative or obstructive during subsequent contact with the Service).

    D. Financial history (i.e., has the subject filed for bankruptcy).

    E. Health issues (i.e., incapacitating injury or illness).

    F. Whether the subject is still committing the crime.

    G. Whether the subject is living an extravagant or modest lifestyle (provide specific examples).

    H. Other factors (i.e., deaths in the family, incarceration for other offenses).

4. If information on current lifestyle is not available, an explanation should be provided.

5. Supporting documentation is required.

## 9.5.8.6.3.9  (09-08-2015)
## Explanation and Defense of Subject

1. This section must contain a succinct summary of the subject's explanations or statements made that negate culpability. This would include any explanations given to the civil    side of IRS.

2. Do not speculate about possible defenses.

3. Separately list and rebut all defenses raised by the subject and/or defenses offered by the subject's representative. Introduce evidence to rebut any claimed defenses,    including a discussion of the efforts made to verify the assertions of the subject.

4. If the subject does not offer a defense, state "None Offered" .

## 9.5.8.6.3.10  (01-25-2006)
## Conclusions and Recommendations

1. Make a recommendation as to charges and periods to be prosecuted for each subject. Do not summarize the method of violation or tax computations again. No exhibit    references are required in this section of the report.

2. After the prosecution recommendation is made, if relevant, a recommendation can be added for the civil fraud penalty. The civil fraud recommendation can be automatically    inserted in the SAR by using the Additional SAR fields in the Document Manager SAR menu and selecting "Yes" under the Conclusions and Recommendations tab.

3. If a recommendation for any other type of civil penalty is applicable, add a narrative statement.

4. Civil penalties must not be recommended in grand jury cases.

### 9.5.8.6.4  (09-08-2015)
### List of Witnesses and Exhibits

1. All witnesses and evidence used in the report should be entered into Evidence Manager. If the summary of witness testimony is used, then all witnesses contacted and    evidence obtained during the investigative process should be entered into Evidence Manager.

2. Evidence Manager will automatically create the list of witnesses and exhibits. In order to make the list of witnesses and exhibits complete, all identifying information including    the witness' name, business title (if appropriate), business name, address, and telephone number(s) should be input into Evidence Manager.

3. In addition, a detailed description of the evidence is necessary to produce a complete and accurate list. The exhibit description column must include sufficient detail to    uniquely identify the evidence, for example:

   A. Monthly account statements for Savings Account #111-111-11, for the period January 1, 2011 to December 31, 2013.

   B. Sales invoices from ABC Company to XYZ Corporation for the period January 1, 2011, to December 31, 2013.

   C. Memorandum of Interview dated October 22, 2014.

   D. Cancelled checks for Checking Account #222-222222, for the period June 1, 2011, to December 31, 2013.

4. Evidence Manager will also prepare the witness cover sheets, witness labels, and exhibit labels by using the "Labels" tab in the "More Commands" option of the SAR menu    tab.

5. Only those witnesses that have been marked as a "numbered" witness in Evidence Manager will appear on the list of witnesses and exhibits document. If evidence was not    input into Document Manager, then the special agent must print witness labels and witness folders for the exhibits.

   **Note:**

   **Spelling errors on the list of witnesses and exhibits must be corrected through Evidence Manager.**

### 9.5.8.6.5  (09-08-2015)
### Appendices

1. Most investigations will require one or more appendices. The number and types of appendices will vary significantly depending upon the elements of the crime, the number of    years being recommended, the method of proof, the number of witnesses and exhibits, etc. All of these factors will contribute to the creation of your appendices.

2. Appendices are an integral part of the SAR. They summarize the evidence with references to related exhibits used to support the prosecution recommendation(s).

3. Well-planned appendices eliminate the need for extensive narratives in the body of the report.

4. Each appendix needs to contain sufficient detail for the reader to fully understand the contents of the appendix and the reason the appendix was prepared. Each appendix    must be designed to be read and understood by someone who is not familiar with the facts surrounding the investigation.

5. Ensure to address potential *Greenberg* issues in the presentation of data in appendices and schedules. In *Greenberg v. United States*, 280 F.2d 472 (1st Cir. 1960), the court    ruled that the special agent's testimony as to the classification of checks (business or personal expense) was inadmissible hearsay. Unless presented purely for informational    purposes, a special agent cannot unilaterally categorize the

6. purpose of payments or receipts. Credible third party witness testimony or corroborated admissions by the subject   or their representative is required for this purpose.

7. A detailed listing of evidence (i.e., analysis of cancelled checks, etc.), must not be introduced as an appendix, but is more appropriately presented in an exhibited summary   schedule format.

8. Complete and accurate exhibit references should be included in the appendix.

9. The header in the appendix must contain the subject's name, subject investigation (SI) number, special agent's name, and the date the appendix was prepared.

10. A well-planned appendix includes all of the compiled evidence which has relevance in supporting each appendix item, including documentary evidence and testimonial   evidence.

11. The name of the appendix must describe in sufficient detail what the appendix represents (i.e., Computation of Taxable Income Based on the Bank Deposits and Cash   Expenditures Method, etc.).

12. A primary appendix should be used to summarize critical factors (elements) relating to the prosecution recommendation, for example:

    A. Computation of Additional Tax Due and Owing (26 USC §7201 investigation)

    B. Computation of Unreported Income (26 USC §7206(1) investigation)

    C. False Material Items (26 USC §7206(1) investigation)

    D. Computation of Gross Income (26 USC §7203 investigation)

13. The use of sub-appendices to support the primary appendix is encouraged. The sub-appendices are referenced in the primary appendix.

14. An example of an appendix and use of sub-appendices for the Computation of Gross Income in a 26 USC §7203 investigation would be as follows:

    A. Appendix A: Computation of Gross Income

    B. Appendix A-1: Computation of Gross Income from Business Operations

    C. Appendix A-2: Computation of Interest and Dividend Income

    D. Appendix A-3: Computation of Partnership and Sub-Chapter S Corporate Distributive Share of Income

15. The appendices must be listed in the table of contents following the list of witnesses and exhibits. Appendices can be associated with the SAR through the Document Manager   SAR menu tab so that these appendices are included in the table of contents and can be cited through the Evidence Manager database. Refer to the SAR and SOI   Guide.

16. The page numbering sequence of the SAR and list of witnesses and exhibits does not continue into the appendices. Page numbers must be included on multi-page   appendices and the number of pages for each appendix should be shown on the table of contents. Appendices must not be presented as numbered exhibits.

17. The criminal tax computation must be shown as an appendix or spreadsheet. The evidence supporting the criminal tax computation must include appropriate cite references.

18. When preparing a criminal tax computation, proper terminology must be consistent with the line item on the tax form at issue. The filing status must be noted on the tax   computation. The mathematical computation of tax due and owing must be included either as a separate schedule or footnote to the

*Internal Revenue Manual – 9.5.8 Investigative Reports*

19. appendix. The appropriate tax table or tax    rate schedules must be included in evidence with the agent as the witness.

20. Numbers must always be supported by exhibits, appendices or schedules to that exact number. Where numbers need to be calculated in an exhibit, the use of formulas in    Microsoft Excel is recommended. If a spreadsheet format is not being presented, an adding machine tape may be attached to the document to verify the calculation.

### 9.5.8.6.6  (01-25-2006)
### Summary of Witness Testimony and Records

1. The summary of witness testimony and records document (summary of testimony) can be prepared by the agent for every SAR as it serves as a chronology of the    investigation.

2. Evidence Manager will automatically create the summary of testimony document. The summary of testimony should list all of the witnesses who were contacted during the    investigation, key points and/or testimony, and list any documents and/or physical evidence obtained from each witness. The summary of testimony includes all witnesses, not    just those utilized or cited in the SAR.

3. The Summary field will include only that information which the special agent believes to be significant concerning testimony or records or information they may want to    remember to include in the SAR. There may be witnesses or records on the summary of testimony for which there is no information in the "Summary" data field.

4. The Amount Attributable to Witness field is used to reflect the amount of any income, expense, deduction, etc. attributable to the witness.

5. The summary of testimony document can be used for many purposes. It is intended to assist the special agent when investigating and writing the report and the SSA and    others when reviewing the investigation. The SSA can utilize the summary of testimony to document investigation progress. The summary of testimony can also assist case    reviewers (CCR, CT, and DOJ) in that it details all contacts made during the investigation. The summary can also be used to document discontinuing an investigation and can    be submitted as an attachment to a discontinued investigation report.

**Note:**

**Spelling errors on the summary of witness testimony and records document must be corrected through Evidence Manager**

### 9.5.8.6.7  (01-25-2006)
### Exhibits

1. Exhibits should be organized chronologically by witness number and contain the witness' testimony followed by any documents that witness will introduce.

2. **DO NOT EXHIBIT ORIGINAL DOCUMENTS.**

3. Copies of the documents should be authenticated. Exhibits consisting of a large number of documents may be authenticated by the use of a cover sheet or certificate of    authenticity at the beginning of the exhibit.

4. Exhibits consisting of a large number of documents should be identified by page and item number to allow for proper referencing to the SAR, appendices, and/or schedules.

Highlighting of significant items is encouraged.

5. All exhibits reflected on the list of witnesses and exhibits should be introduced in the SAR, appendices, or supporting schedules.

6. Evidence Manager will prepare the witness cover sheets, witness labels, and exhibit labels by using the "Labels" tab in the "More Commands" option of the SAR menu tab.


**9.5.8.6.8  (09-08-2015)**
**Sample Reports**

1. Sample SARs that illustrate the format and method of presenting and arranging the facts, evidence, and conclusions are located in the Go-bys section in the SARs community in   CASE.

2. The sample SARs include reports relating to the specific items, net worth, and bank deposits methods of proof. These sample reports include the related list of witnesses and    exhibits, appendices, and summary of witness testimony and records documents.

3. The SAR Community on CASE also has other useful documents such as links to the Linked SAR, DOJ Tax Manual, US Attorney Manual, SAIT training material, and the CCR   Annual Trends Reports.

**9.5.8.7  (09-08-2015)**
**Summary of Investigation**

1. The SOI format will be used for non-tax grand jury investigations including non-tax grand jury plea agreement investigations unless otherwise requested by the SAC. The SOI    cannot be used for any tax investigation.

2. The SOI package should be assembled as follows:

    A. Cover Sheet

    B. Body of Report
       •Recommended Charges and Prosecution Years
       •THEORY OF THE INVESTIGATION
       •ELEMENTS OF THE OFFENSE(S)

    C. List of Witnesses and Exhibits

    D. Appendices

    E. Exhibits

    **Note:**

    **The SAC has the authority to eliminate the use of reference cites, the list of witnesses and exhibits and appendices for SOI packages when deemed   appropriate.**

3. Once the SOI is created in Document Manager, the identifying subject information from Evidence Manager will appear in the SOI.

4. The same type of information should be provided in the SOI sections as is provided in the SAR sections. See previous discussion of these sections at IRM 9.5.8.6.

*Internal Revenue Manual – 9.5.8 Investigative Reports*

5.  Additional section headings may be included in the SOI, if warranted. A section heading may be added to the SOI format using the Insert New Section tab in the Document    Manager SAR menu "More Commands, Section" tab.

6.  The list of witnesses and exhibits, appendices, and summary of witness testimony and records documents are prepared in the same manner as the SAR format.

**9.5.8.8  (09-08-2015)**

**Discontinued Investigation Report**

1.  When it appears that there is no prosecution potential in a subject investigation or evidence cannot be obtained to support a prosecution recommendation, the special agent    will recommend that CI withdraw from the investigation. See IRM 9.5.14, Closing Procedures.

2.  The two currently acceptable report formats located in Document Manager are:
    · Discontinued Investigation Report Narrative Version
    · Form 10273, Discontinued Investigation Report

3.  The following information must be included in a report of discontinued investigation:
    · The basis for the investigation.
    · The extent and results of the investigation.
    · The justification for recommending the discontinuance of the investigation.
    · A recommendation relating to the disposition of the investigation (i.e., closed to files or referred to another IRS division).

4.  The special agent should not make a recommendation concerning the civil penalties in discontinued investigations. However, any evidence to support the assertion of the civil    fraud penalty should be noted in the report of discontinued investigation.

5.  Special agents must not use language that may discourage subsequent developments of the fraud issue. If an investigation is closed due to a lack of prosecution potential    (age, health, education, de minimis tax, etc.), no conclusion should be drawn concerning the lack of intent by the taxpayer to commit fraud unless there are other facts and    circumstances present which make the statement proper.

6.  A statement should be made in the report to the effect that nothing was discussed or occurred in the investigation which precludes the assertion of the civil fraud penalty.

7.  In joint investigations, the discontinued investigation report should contain a statement, if appropriate, that the cooperating agent's supervisor has been advised of the    proposed withdrawal action and concurs with the recommendation.

[More Internal Revenue Manual](#)