IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   15-cr-00149-RM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  RAUL CARAVEO,
2.  PAMILA LUCERO,
3.  SABRINA CARAVEO,
4.  EUGENE CHAVEZ**,**
5.  CAROLINA ARAGON,
6.  **CRISTINA PORTILLOS,**
7.  CONRAD ARCHULETA, and
8.  NANCY GUZMAN,

     Defendants.

.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT PORTILLOS'S
MOTION FOR *JAMES* HEARING (Doc. 268)**

---

Defendant Portillos (defendant) seeks an order from the Court directing the government to set forth "the parameters of the conspiracy,"; each statement it intends to offer at trial pursuant to Federal Rule of Evidence 801(d)(2)(E); each statement's basis or bases for admissibility; and requests that the Court schedule a hearing to determine the admissibility of these statements.   Doc. 268 at 2.

The government agrees that it is preferable to determine the admissibility of such statements prior to trial, but proposes that the Court can likely make this determination without a hearing.   The Court should thus grant in part and deny in part the defendant's motion.

1

**The Court Can Determine the Admissibility of Co-Conspirator Statements Based on the Pleadings**

As the defendant has suggested, the government intends to offer a number of statements into evidence at trial pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence and agrees that the Court should make pre-trial rulings related to the admissibility of statements pursuant to this rule.[1]

With respect to co-conspirator statements offered pursuant to Rule 801(d)(2)(E), the Tenth Circuit has expressed a concern about the risk of undue prejudice created if statements are admitted with the idea that they will later be connected up with evidence demonstrating the existence of a conspiracy, but such evidence is not admitted. *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994). This concern has led the Tenth Circuit to prescribe a preferred order of proof, which simply refers to the requirement 'that the trial judge make his requisite factual determinations prior to allowing the co-conspirator hearsay statements to be heard by the jury." *United States v. Hernandez*, 829 F.2d 988, 994 n.6 (10th Cir. 1987). This requirement arises in part because those factual determinations are made through examination of the co-conspirator statements themselves. *Bourjaily v. United States*, 483 U.S. 171, 181 (1987); *Hernandez*, 829 F.2d at 993.   It is also clear that defendants have no distinct right to a pre-trial hearing with respect to the conspiracy determination. *Hernandez*, 829 F.2d at 994.   The important factor is not that the trial court hold a hearing *per se*, but that the trial court make its relevant factual determinations prior to the introduction of

---

[1] The government will also likely offer evidence pursuant to other subsections of Rule 801(d); this type of evidence does not require pre-trial admissibility rulings, nor is there any requirement

co-conspirator statements to the jury.   *See Urena*, 27 F.3d at 1491; *Hernandez*, 829 F.2d at 993-94.

Based on the considerations outlined above, the government proposes to submit a *James* log detailing the various statements it intends to introduce and proving the existence of the conspiracy alleged in the Superseding Indictment, the dates of its existence, and members. The defendant could then file written challenges to both the government's evidence of the conspiracy's existence and to particular statements contained in the log. After receiving these pleadings from both parties, the Court will then be in a position to decide whether a further hearing is required or whether the Court is able to make the requisite determinations pursuant to Rule 104 of the Federal Rules of Evidence. This procedure would allow the Court at least the possibility of avoiding a time-consuming "mini-trial" on this issue if it is able to rule on the pleadings. *See United States v. Cheatham*, 500 F. Supp.2d 528, 536-37 (W.D. Pa. 2007); *See Urenas*, 27 F.3d at 1491 (noting that a *James* hearing might have been unnecessary based on previously presented evidence establishing the existence of a conspiracy).

## Conclusion

The procedure described above is efficient and also consistent with the Tenth Circuit's preferred order of proof concerning co-conspirator statements offered under Rule 801(d)(2)(E).   Once a trial date is scheduled in this matter, the government proposes that the Court set deadlines for the filing of the pleadings described above sufficiently in advance of that trial date.

---

that it be identified pre-trial.

Respectfully submitted this 4th day of December, 2015.

JOHN F. WALSH
United States Attorney

s/ Martha A. Paluch
MARTHA A. PALUCH
Assistant U.S. Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Martha.paluch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mr. Martin Stuart
Counsel for Raul Caraveo
mstuart@portmanstuart.com

Mr. David Owen, Jr.
Counsel for Conrad Archuleta
davidowen@lodopc.com

Mr. John Schlie
Counsel for Pamila Lucero
johnhenry@schlielawfirm.com

Mr. John Sullivan, III
Counsel for Nancy Guzman
jfslaw1@aol.com

Ms. Marci Gilligan LaBranche
Counsel for Sabrina Caraveo
gilligan@ridleylaw.com

Mr. Robert Pepin
Counsel for Carolina Aragon
Robert_Pepin@fd.org

Mr. Thomas Ward
Counsel for Eugene Chavez
tward@wardlawdenver.com

Mr. John Mosby
Counsel for Cristina Portillos
john_mosby@msn.com

s/ *Mariah Tracy*
Mariah Tracy
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
303 454-0100
Fax: 303 454-0402
Mariah.tracy@usdoj.gov