IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  15-cr-00149-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RAUL CARAVEO,
2. PAMILA LUCERO,
3. SABRINA CARAVEO,
4. EUGENE CHAVEZ**,**
5. CAROLINA ARAGON, and
**6**. **CRISTINA PORTILLOS**,
7. CONRAD ARCHULETA, and
8. NANCY GUZMAN,

    Defendants.
_____

**GOVERNMENT'S RESPONSE TO DEFENDANT PORTILLOS'S
MOTION FOR EARLY DISCLOSURE OF JENCKS MATERIAL (DOC. 274) and
MOTION FOR DISCOVERY Re: JENCK'S ACT MATERIALS (DOC. 288)**
_____

In her first motion, Doc. 274, filed November 13, 2015, Defendant Portillos (defendant) requested production of 1) statements of all witnesses; 2) all interview notes; 3) Special Agent Anthony Romero's report; and 4) all notes and memorandum made by government counsel during witness interviews.  Doc. 274.  In her second motion, Doc. 288, filed November 23, 2015, Defendant Portillos takes issue with the redacted special agent report produced by the government, and requests the entire report.  The government responds to these motions as follows:

1

**1. Statements of all witnesses**

Many of the interviews done in this case were audio recorded, and the defendant was provided in discovery those audio recordings and if transcribed, the transcripts as well. If an interview was not recorded, a Memorandum of Interview (MOI) was prepared, and all of the MOIs were previously provided in discovery.

**2. Agents' interview notes**

If the agents took notes during the interviews of any of the defendants in this case, those handwritten notes have been provided in discovery.

As to the agents' notes from any other witness interviews (requested by the defendant in both motions), "[t]he Jencks Act is, by its terms, applicable only to writings which are signed or adopted by a witness and to accounts which are substantially verbatim recitals of a witness' oral statements." *United States v. Miller,* 771 F.2d 1219, 1231 (9th Cir. 1985) (citing 18 U.S.C. § 3500(e)). No such adoptions exist, and the defendant is not entitled to agents' rough notes of witness interviews. *United States v. Augenblick,* 393 U.S. 348, 354-55 (1969) (rough notes of witness interview not a "statement" covering entire interview); *Wilke v. United States,* 422 F.2d 1298, 1299 (9th Cir. 1970) (whatever the "spirit" of the Jencks Act, rough notes are not covered by its terms).

**3. Special Agent Romero's Report**

On November 19, 2015, government counsel provided to defense counsel in this case portions of Special Agent Romero's report that may pertain to his anticipated trial testimony and are therefore discoverable as possible Jencks material and not protected by Federal Rule of Evidence 16(a)(2). *Goldberg v. United States,* 425 U.S. 94, 108-09

(1976) (requiring production of portions of agent's report related to the events and activities testified to him on the witness stand); *United States v. Nobles,* 95 S.Ct. 2160, 2169 (1975) (requiring under Jencks production of "relevant portions" of agent's report).

In her first motion, the defendant cited no authority for her assertion that she is entitled to Special Agent Romero's "recommendation for criminal prosecution." Doc. 274 at 2. In her second motion, the defendant demands production of a completely unredacted SAR and lists all aspects of the report, such as any charging recommendations made by the agent, his statement regarding the statute of limitations, elements of the offenses proposed, and lists of witnesses and exhibits prepared by him. Doc. 288 at 4. Such portions of the report are not discoverable under Rule 16(a)(2) as they constitute "internal government documents." Rule 16(a)(2); *United States v. Fernandez,* 231 F.3d 1240, 1247 (9th Cir. 2000) (noting the work product privilege as recognized by Rule 16(a)(2) and holding that internal government documents are not subject to discovery); *United States v. Taylor*, 608 F. Supp. 2d 1263, 1268 (D. NM 2009) (denying defendant's discovery requests of "pre-decisional" government documents as "protected by the deliberative process and work product privileges as well as Rule 16(a)(2)"). Moreover, as Agent Romero will not be testifying as to these matters, these portions of his report do not constitute Jencks material and therefore, need not be produced. *See Goldberg v. United States,* 425 U.S. at 108-09. Nonetheless, the government will provide the entire report, as well as the redacted report, to the Court for an *in camera* inspection should the Court so order.

   **4. Government counsel's notes**

In her first motion, defendant requests that "the notes and memorandum made

by government counsel during the interviews of witnesses be produced." Doc. 274 at 2. The Supreme Court has held that a writing prepared by a government lawyer is producible under the Jencks Act only if that writing has been "signed or otherwise adopted or approved" by the government witness. *Goldberg,* 425 U.S. at 98. None of government counsel's notes were ever shown to a witness, much less affirmed or adopted by them. *United States v. McVeigh,* 954 F. Supp. 1454, 1456-57 (D. Colo. 1997) (government counsel assured that his interview notes were not adopted by the witness in whole or in part and "there is no reason to distrust that assurance"). Accordingly, defendant is not entitled to any notations made by undersigned counsel during any interview.

## CONCLUSION

For these reasons, defendant's Motion for Early Disclosure of Jencks Material (Doc. 274) and Motion for Discovery Re: Jencks Materials (Doc. 288) should be denied.

Respectfully submitted this 4th day of December, 2015.

JOHN F. WALSH
United States Attorney

*s/ Martha A. Paluch*
Martha A. Paluch
Assistant U.S. Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
(303) 454-0100
Martha.paluch@usdoj.gov

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of December, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mr. John Mosby
Counsel for Cristina Portillos
john_mosby@msn.com

Mr. John Schlie
Counsel for Pamila Lucero
johnhenry@schlielawfirm.com

Mr. Thomas Ward
Counsel for Eugene Chavez
tward@wardlawdenver.com

Mr. David Owen
Counsel for Conrad Archuleta
davidowen@lodopc.com

Mr. Martin Stuart
Counsel for Raul Caraveo
mstuart@portmanstuart.com

Ms. Marci Gilligan LaBranche
Counsel for Sabrina Caraveo
labranche@ridleylaw.com

Mr. Robert Pepin
Counsel for Carolina Aragon
Robert_Pepin@fd.org

Mr. John Sullivan, III
Counsel for Nancy Guzman
jfslaw1@aol.com

*s/ Mariah Tracy*_____
Mariah Tracy
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0402
Email: mariah.tracy@usdoj.gov