IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  15-cr-00149-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RAUL CARAVEO,
2. PAMILA LUCERO,
3. SABRINA CARAVEO,
4. EUGENE CHAVEZ**,**
5. CAROLINA ARAGON, and
**6**. **CRISTINA PORTILLOS**,
7. CONRAD ARCHULETA, and
8. NANCY GUZMAN,

    Defendants.

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT PORTILLOS'S
MOTION TO SUPPRESS (DOC. 357)**
_____

At the conclusion of the February 16, 2016 motions hearing, defense counsel asked for permission to file a motion to suppress his client's statement to IRS Special Agent Anthony Romero out of time.[1]  The Court granted the request and gave the defendant ten days to file her motion.

On February 26, 2016, defendant filed a document entitled "Motion to Suppress," doc. 357.  However, the motion does not ask for the suppression of evidence or testimony and is instead concerned with how the government should be allowed to refer to the conspiracy and its members at trial.  Accordingly, the defendant's motion is more properly construed as a motion in limine.  *See United States v. Mays,* 424 F. App'x 830,

---

[1] Pretrial motions were due in this case by November 13, 2015.  Doc. 213.

1

833 (11th Cir. 2011) (looking to substance of motion and determining that defendant's motion to suppress was properly construed as a motion in limine where it addressed concerns over potential trial testimony).

In her motion, defendant seeks an order from the Court precluding the government from telling the jury in opening statement and from eliciting at trial, that 1) "M-O-B" was Raul Caraveo's code name for the instant conspiracy, and 2) that the defendant knew that "M-O-B" was the name for this conspiracy, until the government first establishes the same by a preponderance of the evidence. Doc. 357 at 3-4. The defendant does not refer to a rule of evidence or cite to any cases supporting her request. Instead, the defendant, quoting from a Tenth Circuit case about the standard for evaluating the sufficiency of the evidence necessary to sustain a conviction on appeal, argues that the government intends to build "inference upon inference" to prove its case. Doc. 357 at ¶¶ 6 and 7 (citing *United States v. Jones*, 44 F.3d 860, 865 (10th Cir. 1996)).

Neither the government nor the jury will have to infer anything about the existence of the conspiracy or its members: the leader of the conspiracy gave the criminal scheme a name, and referred to that name in recorded DOC calls. Specifically, as set forth in the defendant's motion, co-conspirator and scheme organizer Raul Caraveo clearly and directly, without asking for anyone to draw an inference, referred to the conspiracy as the "M-O-B" when talking to co-conspirators Sabrina Caraveo and Pamila Lucero. Doc. 357 at 1-2. In the first excerpt, Caraveo himself explained, without subtlety or nuance, that "M-O-B" stands for "member of blood." DOC_00000581 (Discovery Disc #2, call on 10/2/09, at 9:27pm). Later, he used that same pseudonym

in speaking with the defendant, also one of his co-conspirators, exclaiming, "Finally get[ting] to say what's up to one of the motherfucking integral parts of the M-O-B." DOC_00000581 (Discovery Disk #3, call on 8/6/10 at 2:17 p.m.).  Caraveo then thanked the defendant, not once, but twice, for her assistance in the scheme.  At no point did the defendant express confusion or ask what "M-O-B" might mean.  Instead, the defendant accepted the thanks, directly told Caraveo "I agree," and otherwise clearly acknowledged her involvement.

The government is required to prove, beyond a reasonable doubt, that there was an agreement between two or more people to commit a crime, and it intends to do that, not through inference, but by offering the most direct and probative evidence establishing that element of the crime:  the conspirators describing and identifying their agreement, in their own voices and in their own words.  *See* Doc. 357 at ¶ 3 (recounting telephone calls); *see also* Memorandum of Conversation with Sabrina Caraveo (confirming Caraveo was referencing the tax scheme when he suggested to her that another person should sign up with the "M-O-B," in a recorded call on 10/2/09, DOC_00000581, Discovery Disk #2, MOC_00000001 to MOC_00000003) (Exhibit 1).

There is no reason the jury should be barred from hearing this evidence when it decides whether there was, in fact, a conspiracy.  The government, as the party with the burden of proof, should be allowed to present evidence of the conspiracy and to refer to that evidence in its opening statement, just like any other piece of evidence.  *See United States v. Novak*, 918 F.2d 107, 109 (10th Cir. 1990) ("[t]he prosecutor's opening statement should be an objective summary of the evidence reasonably expected to be produced...."); *Webb v. United States,* 191 F.2d 512, 515 (10th Cir. 1951) (opening

statement "explained the indictment and the evidence which the prosecution expected to introduce to sustain it."); *United States v. Rothman*, 463 F.2d 488, 490 (2d Cir. 1972) ("The government is entitled, in its opening statement to the jury, to describe the witnesses and evidence it will introduce during the trial."). *See, e.g., United States v. Jackson*, 619 F. App'x 189, 194-95 (3d Cir. 2015) (not-precedential) ("In a case where the Government has charged the defendant with drug distribution, the statements that the evidence will show that the defendant is a drug dealer do not cross the line[.]").

Although the defendant cites no rule of evidence or case that would justify removing evidence of the conspiracy's existence and name from the jury's consideration, her motion is couched in the language of Federal Rule of Evidence 403, which allows the court to exclude evidence when its probative value is *substantially* outweighed by *unfair* prejudice. *See United States v. Rodriguez*, 192 F.2d 946, 949-51 (10th Cir. 1999) (reversing district court ruling excluding relevant evidence and noting that Rule 403 is an "extraordinary remedy" that should be used only "sparingly"). She argues that allowing the jury to hear about the name of the conspiracy, in a conspiracy case, would be "highly prejudicial." Doc. 357 at ¶ 9. But it is certainly not unfair to refer to the conspiracy in the same language used by the very members of that conspiracy. *United States v. Brown*, 200 F.3d 700, 708 (10th Cir. 1999) (cataloging cases approving the admission of affiliation evidence to show existence of conspiracy).

In short, the defendant does not articulate how evidence regarding the existence of the conspiracy would be *unfairly* prejudicial, does not cite to any cases or authority that would justify removing this evidence from the jury's consideration, and does not

4

explain why the government should be prevented from referring to the evidence in its opening statement, just like any other piece of evidence.  For all of these reasons, the government respectfully requests that the Court deny the defendant's Motion to Suppress and issue an Order holding that the government may reference Caraveo's code name of "M-O-B" for the tax fraud conspiracy in its opening statement.

Respectfully submitted this 4th day of March, 2015.

JOHN F. WALSH
United States Attorney


*s/ Martha A. Paluch*
Martha A. Paluch
Bryan D. Fields
Assistant U.S. Attorneys
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
(303) 454-0100
Martha.paluch@usdoj.gov
Bryan.fields@usdoj.gov

5

## CERTIFICATE OF SEVICE

      I hereby certify that on this 4th day of March, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mr. John Mosby
Counsel for Cristina Portillos
john_mosby@msn.com

Mr. John Schlie
Counsel for Pamila Lucero
johnhenry@schlielawfirm.com

Mr. Thomas Ward
Counsel for Eugene Chavez
tward@wardlawdenver.com

Mr. David Owen
Counsel for Conrad Archuleta
davidowen@lodopc.com

Mr. Martin Stuart
Counsel for Raul Caraveo
mstuart@portmanstuart.com

Ms. Marci Gilligan LaBranche
Counsel for Sabrina Caraveo
labranche@ridleylaw.com

Mr. Robert Pepin
Counsel for Carolina Aragon
Robert_Pepin@fd.org

Mr. John Sullivan
Counsel for Nancy Guzman
jfslaw1@aol.com

      *s/ Mariah Tracy*
Mariah Tracy
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0402
Email: mariah.tracy@usdoj.gov