**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Criminal Case No. 15-cr-00149-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

6.     CHRISTINA PORTILLOS,

      Defendant.

---

## ORDER REGARDING SAR

---

This matter is before the Court on two motions of Defendant Cristina Portillos[1]

("Defendant"): Motion for Disclosure of Jenks Materials (ECF No. 274) and Motion for

Discovery (ECF No. 288).  By these motions, Defendant seeks production of a complete and

non-redacted copy of the Special Agent Report ("SAR") of IRS Special Agent Anthony Romero

prepared in connection with this matter.  The foundation for the motions is that Special Agent

Romero will testify at trial, that the SAR is his statement, and that the SAR should accordingly

be produced.  The government has filed a response (ECF No. 298) wherein it indicated that it has

produced portions of the SAR "that may pertain to his anticipated trial testimony and are

therefore discoverable as possible Jenks material...."  (ECF No. 298 at 2.)  The government has

indicated that it has declined to produce or has redacted non-discoverable matters under Rule

---

[1]The caption of the indictment in this mater recites "Christina Portillos."  Defendant apparently
spells her name "Cristina Portillos."

16(a)(2) such as deliberative process and work product aspects of the SAR.  The government has, however, submitted the entire SAR to the Court for *in camera* review.  Based on that review, the motions will be GRANTED in part, and DENIED in part.

At the outset, the Court notes that it is somewhat hamstrung in its analysis as it is required to anticipate and project the testimony of Special Agent Romero because the motions rely on early Jencks as the basis for the request for production.  In examining the issue, the Court has reached its determination of the expected testimony guided by that which the government has previously provided to the Defendant.  In other words, the government's disclosure to date has been used to shape the Court's understanding of the subject matters as to which the Special Agent will testify.  That, in turn, shapes the Court's determination as to what additional portions of the SAR must be produced.

In broad terms, the produced portions of the SAR consist of the narrative portions of the report which pertain to Raul Caraveo, Pamila Lucero and Cristina Portillos.  The Court concludes that Raul Caraveo's portion has been produced because he is the central actor in the conspiracy giving rise to the indictment.  And the Court also concludes that the Special Agent will testify generally as to the overall conspiracy.  In terms of portions of the SAR dealing with Defendant and Ms. Lucero, the Court concludes that the portions of the SAR produced correspond with those defendants who were going to trial at the time production was made.[2]

In examining the indictment, the Court notes that Defendant is named in both conspiracy (Count 1) and substantive counts (10, 12, 14-17, 30).  In the conspiracy count, she is alleged to be in a conspiracy with all charged co-defendants.  In the substantive counts, she is charged *inter*

---

[2]Pamila Lucero has since filed a notice of disposition.

*alia* with aiding and abetting the conduct of all co-defendants except Carolina Aragon.

In light of the facts that the overall conduct of the conspirators is within the subject matter of the anticipated testimony and that Defendant has been charged in a manner that makes her responsible for the conduct of her co-conspirators, the Court orders that production be made of the narrative portions of the SAR that pertain to the conduct of co-defendants Sabrina Caraveo, Eugene Chavez and Carolina Aragon.  More specifically, production is ordered with respect to pages 44-50 and 55-59 of the SAR.[3]

The final matter pertains to redaction.  Defendant has challenged the redactions on the portion of the SAR previously produced.  Defendant contends that the redaction renders the produced material "incomprehensible" and inadequate for purposes of meaningful cross-examination.  The Court disagrees.  Defendant has no entitlement to the matters redacted or withheld.  And the redacted matters do not render the produced material incomprehensible or otherwise incomplete in terms of Special Agent Romero's anticipated testimony.  Accordingly, the government need not unredact those portions of the SAR previously produced and may similarly redact those additional portions to be produced under this Order.

Accordingly, for the reasons stated above, the Court enters as follows:

1.      Within ten (10) days of the date of this Order, the government shall disclose to Defendant pages 44-50 and 55-59 of the SAR;

2.      The disclosed pages may be redacted by the government in a manner consistent with prior SAR redactions; and

---

[3]The Court is aware that much of the content covered in these pages is not materially different from that previously disclosed in the narrative portion of the SAR pertaining to Raul Caraveo.

3.      No further portions of the SAR are required to be produced.

DATED this 15th day of March, 2016.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge