**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No.   15-cr-00149-RM-06

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CRISTINA PORTILLOS,

      Defendant.

---

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

---

      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, and this Court's Trial Procedures at Section IV. A. 1, the government respectfully requests that the Court include the attached instructions in its charge to the jury.   In addition, the government requests leave to offer additional instructions, should a special need arise during the trial.

      Respectfully submitted this 12th day of April, 2016.

            JOHN F. WALSH
            United States Attorney

            <u>s/ Martha A. Paluch</u>
            MARTHA A. PALUCH
            BRYAN D. FIELDS
            Assistant U.S. Attorneys
            1225 17th Street, Suite 700
            Denver, CO 80202
            Telephone 303-454-0100
            Facsimile 303-454-0402
            Martha.paluch@usdoj.gov
            Bryan.fields@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2016, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following e-mail addresses:


Mr. John Mosby
Counsel for Cristina Portillos
john_mosby@msn.com


s/*Mariah Tracy*
Mariah Tracy
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
303 454-0100
Fax: 303 454-0402
Mariah.tracy@usdoj.gov

## TABLE OF CONTENTS

GOVERNMENT'S PRELIMINARY INSTRUCTION NO. 1:   INTRODUCTION .............. 3

GOVERNMENT'S INSTRUCTION NO. 1:   INTRODUCTION TO FINAL
INSTRUCTIONS .......................................................................................... 7

GOVERNMENT'S INSTRUCTION NO. 2:   PURPOSE OF JURY AND DUTY TO
FOLLOW INSTRUCTIONS ........................................................................... 8

GOVERNMENT'S INSTRUCTION NO. 3:   JURY'S RECOLLECTION CONTROLS ..... 9

GOVERNMENT'S INSTRUCTION NO. 4:   EVIDENCE .............................................. 10

GOVERNMENT'S INSTRUCTION NO. 5:   EVIDENCE – DIRECT AND
CIRCUMSTANTIAL ...................................................................................... 11

GOVERNMENT'S INSTRUCTION NO. 6:   PRESUMPTION OF INNOCENCE AND
BURDEN OF PROOF ................................................................................... 12

GOVERNMENT'S INSTRUCTION NO. 7:   CREDIBILITY OF WITNESSES .............. 13

GOVERNMENT'S INSTRUCTION NO. 8:   NUMBER OF WITNESSES ..................... 15

GOVERNMENT'S INSTRUCTION NO. 9:   COOPERATING WITNESSES ................. 16

GOVERNMENT'S INSTRUCTION NO. 10:   IMPEACHMENT BY PRIOR
INCONSISTENCIES .................................................................................... 17

GOVERNMENT'S INSTRUCTION NO. 11:   IMPEACHMENT BY PRIOR CONVICTION
.................................................................................................................... 18

GOVERNMENT'S INSTRUCTION NO. 12:   VOLUNTARINESS OF STATEMENTS BY
DEFENDANT ............................................................................................... 19

GOVERNMENT'S INSTRUCTION NO. 13:   NON-TESTIFYING DEFENDANT .......... 20

GOVERNMENT'S INSTRUCTION NO. 14:   CONSIDER ONLY CRIME CHARGED... 21

1

GOVERNMENT'S INSTRUCTION NO. 15:   TRANSCRIPTS OF RECORDED CONVERSATIONS ...................................................................................................... 22

GOVERNMENT'S INSTRUCTION NO. 16:   THE FIRST SUPERSEDING INDICTMENT ...................................................................................................................... 23

GOVERNMENT'S INSTRUCTION NO. 17:   CONSPIRACY TO FILE FALSE CLAIMS……………………………………………………………………………………33

GOVERNMENT'S INSTRUCTION NO. 18:   FALSE CLAIMS AGAINST THE GOVERNMENT .......................................................................................................... 34

GOVERNMENT'S INSTRUCTION NO. 19:   AID AND ABET ....................................... 36

GOVERNMENT'S INSTRUCTION NO. 20:   SINGLE CONSPIRACY ......................... 37

GOVERNMENT'S INSTRUCTION NO. 21:   INDICTMENT IS NOT EVIDENCE………39

GOVERNMENT'S INSTRUCTION NO. 22:   "ON OR ABOUT" .................................. .40

GOVERNMENT'S INSTRUCTION NO. 23:   CONJUNCTIVE OR DISJUNCTIVE……..41

GOVERNMENT'S INSTRUCTION NO. 24:   "KNOWINGLY"……………………………43

GOVERNMENT'S INSTRUCTION NO. 25:   PROOF OF KNOWLEDGE OR INTENT...44

GOVERNMENT'S INSTRUCTION NO. 26:   CAUTION - PUNISHMENT………..………45

GOVERNMENT'S INSTRUCTION NO. 27:   DUTY TO DELIBERATE………………….46

**GOVERNMENT'S PRELIMINARY INSTRUCTION NO. 1:   INTRODUCTION**

Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States Government. I will sometimes refer to the government as the prosecution. The Government is represented by Assistant United States Attorneys Martha Paluch and Bryan Fields. The Defendant, Cristina Portillos, is represented by John Mosby.

By First Superseding Indictment, the Grand Jury has charged Defendant Cristina Portillos with the commission of the following offenses:

- Conspiracy to File False Claims for Refund
- Aiding and Abetting in the Submission of False Claims for Refund

To these charges, Defendant Cristina Portillos has entered not guilty pleas.

The indictment is simply the description of the charge made by the Government against the defendant; it is not evidence of guilt or anything else. Defendant Cristina Portillos has pleaded not guilty and is presumed innocent. Defendant Cristina Portillos may not be found guilty by you unless all twelve of you unanimously find that the government has proved her guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the First Superseding indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show

3

you what is ahead.

After the government's opening statement, the defendant may make an opening statement or the defendant may wait until after the presentation of the government's case before she makes an opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendant may present evidence, but she is not required to do so. I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt. If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer or party is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with

the attorneys or parties about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, I will instruct you on the rules of law that you are to use in reaching your verdict, and then the government and the defendant will each be given time for their final arguments.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. If you would like to take notes during the trial, you may do so. You have been provided with a pen and pad. On the other hand, you are not required to take notes if you prefer not to do so. Each of you should make your own decision about this. If you do decide to take notes, be careful not to get so involved in the note taking that you become distracted from the ongoing proceedings. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the

case.

As I instructed you immediately after you were sworn in as jurors, during the course of trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all of the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves.

In addition, as I instructed you immediately after you were sworn in as jurors, you will receive all the evidence you may consider to decide this case, including any exhibits admitted into evidence. Because of this, you should not attempt to gather any information on your own that you think might be helpful. Do not engage in any outside reading on this case, do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside of the courtroom. This includes electronic research. You are not to "google" or do any other type of computer or electronic research.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Mr. Fields, you may present the opening statement for the Government.

## **Authority**

Patter Crim. Jury Instr. 10th Cir. 1.01, 1.02 (2011 ed.).

**GOVERNMENT'S INSTRUCTION NO. 1:**
**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges.   I am one of the judges, you are the other.   I am the judge of the law.   You, as jurors, are the judges of the facts.   I presided over the trial and decided what evidence was proper for your consideration.

It is also my duty, now, at the end of the trial, to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case - for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.

Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.   These instructions will be given to you for use in the jury room, so you need not and may not take notes.   Instead, listen carefully.

**<u>Authority</u>**

Pattern Crim. Jury Instr. 10th Cir. 1.03 (2011 ed.); Charge of the Honorable Raymond Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).

**GOVERNMENT'S INSTRUCTION NO. 2:**
**PURPOSE OF JURY AND DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts.   But in determining what actually happened - that is, in reaching your decision as to the facts - it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.   You must not substitute or follow your own notion or opinion as to what the law is or ought to be.   It is your duty to apply the law as I explain it to you, regardless of the consequences.   You should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.   That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.   That was the promise you made and the oath you took.

### Authority

Pattern Crim. Jury Instr. 10th Cir. 1.04 (2011 ed.); Charge of the Honorable Raymond Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).

**GOVERNMENT'S INSTRUCTION NO. 3:**
**JURY'S RECOLLECTION CONTROLS**

If any reference by me or by counsel to matters of testimony or exhibits does not

coincide with your own recollection of that evidence, it is your recollection which should

control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

**Authority**

1A Fed. Jury Prac. & Instr. § 12:07 (6th ed. 2015); Charge of the Honorable Raymond
Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).

**GOVERNMENT'S INSTRUCTION NO. 4:   EVIDENCE**

You must make your decision based only on the evidence that you saw and heard here in court.   Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, [**and the stipulations to which the lawyers agreed.**]

Nothing else is evidence.   The lawyers' statements and arguments are not evidence.   Their questions and objections are not evidence.   My legal rulings are not evidence.   And any comments or questions by me are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.   I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.   And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.   You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**Authority**

Pattern Crim. Jury Instr. 10th Cir. 1.06 (2011 ed.); Charge of the Honorable Raymond Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).

## GOVERNMENT'S INSTRUCTION NO. 5:
## EVIDENCE – DIRECT AND CIRCUMSTANTIAL

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.   One is direct evidence, such as the testimony of an eyewitness.   The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.   The law simply requires that you find the facts in accordance with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.   An inference is a conclusion that reason and common sense may lead you to draw from the facts which have been proven.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

### Authority

Pattern Crim. Jury Instr. 10th Cir. 1.07 (2011 ed.); Charge of the Honorable Raymond Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).

**GOVERNMENT'S INSTRUCTION NO. 6:**
**PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF**

The government has the burden of proving the defendant guilty beyond a reasonable doubt.   The law does not require a defendant to prove that she is not guilty or produce any evidence at all.   A defendant is not even required to cross-examine government witnesses.   A defendant in a criminal trial must be presumed to be not guilty. And that presumption may only be overcome by evidence sufficient to satisfy the government's burden.   The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant "not guilty."

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.   There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.   A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.   If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find her guilty.   If on the other hand, you think there is a real possibility that she is not guilty, you must give her the benefit of the doubt and find her not guilty.

**Authority**

Pattern Crim. Jury Instr. 10th Cir. 1.05 (2011 ed); Charge of the Honorable Raymond Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).

## GOVERNMENT'S INSTRUCTION NO. 7:
## CREDIBILITY OF WITNESSES

In deciding whether the government has proved the guilt of the defendant beyond a reasonable doubt, you must consider all of the evidence.   This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness' testimony.   An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.   You should think about the testimony of each witness [**including the defendant**], you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.   In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest?   Did the witness have any particular reason not to tell the truth?   Did the witness have a personal interest in the outcome in this case?   Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory?   Did the witness clearly see or hear the things about which the witness testified?   Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?   When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection - like failure of recollection - is not uncommon.

**[IF APPLICABLE:   the testimony of the defendant should be weighed and her credibility evaluated in the same way as that of any other witness.]**

**Authority**

Pattern Crim. Jury Instr. 10th Cir. 1.08 (2011 ed); Charge of the Honorable Raymond Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).

**GOVERNMENT'S INSTRUCTION NO. 8:**
**NUMBER OF WITNESSES**

Your decision on the facts of this case should not be determined by the number of witnesses testing for or against a party.   You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.   You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

**Authority**

1A Fed. Jury Prac. & Instr. § 14:16 (6th ed. 2015); Charge of the Honorable Raymond Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).

**GOVERNMENT'S INSTRUCTION NO. 9:**
**COOPERATING WITNESSES**

The government called as witnesses alleged coconspirators who were named as codefendants in the First Superseding Indictment.   The government has entered into plea agreements with these codefendants.   Plea bargaining is lawful and proper.   In fact, the rules of this Court expressly provide for it.

An alleged coconspirator, including those who entered into plea agreements with the government, is not prohibited from testifying.   On the contrary, the testimony of an alleged coconspirator may, by itself, support a guilty verdict.   You should receive this type of testimony with caution and weigh it with great care.   You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe that testimony beyond a reasonable doubt.   The fact that an accomplice has entered a guilty plea to the offense charged is not evidence of the guilt of any other person.

## <u>Authority</u>

Pattern Crim. Jury Instr. 10th Cir. 1.15 (2011 ed.).

**GOVERNMENT'S INSTRUCTION NO. 10:**
**IMPEACHMENT BY PRIOR INCONSISTENCIES**

You have heard the testimony of a number of witnesses.   If, before this trial, a witness made a statement that may be different from his/her testimony here in court, you may use the earlier statement to help you decide how believable his/her testimony in this trial was.   You cannot use it as proof of anything else.   You can only use it as one way of evaluating his/her testimony here in court.

### Authority

Pattern Crim. Jury Instr. 10th Cir. 1.10 (2011 ed); Charge of the Honorable Raymond Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).

**GOVERNMENT'S INSTRUCTION NO. 11:**
**IMPEACHMENT BY PRIOR CONVICTION**

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years.   A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstances that you may consider in determining the credibility of the witness.   You may decide how much weight to give any prior felony conviction that was used to impeach a witness.

**Authority**

Pattern Crim. Jury Instr. 10th Cir. 1.12 (2011 ed.).

**GOVERNMENT'S INSTRUCTION NO. 12:**
**VOLUNTARINESS OF STATEMENTS BY DEFENDANT**

Evidence has been presented about a statement attributed to the defendant alleged to have been made after the commission of the crimes charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning her treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

**<u>Authority</u>**

Pattern Crim. Jury Instr. 10th Cir. 1.25 (2011 ed); Charge of the Honorable Raymond Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).

**GOVERNMENT'S INSTRUCTION NO. 13:**
**NON-TESTIFYING DEFENDANT**

[**IF APPLICABLE**]   The defendant did not testify and I remind you that you cannot consider her decision not to testify as evidence of guilt     You must understand that the Constitution of the United States grants to a defendant the right to remain silent.   That means the right not to testify or call any witnesses.   That is a constitutional right in this country, it is very carefully guarded, and you must understand that you may not presume guilt or infer guilt and may not draw any inference of any kind from the fact that a defendant does not take the witness stand and testify or call any witnesses.

### Authority

Pattern Crim. Jury Instr. 10th Cir. 1.08.1 (2011 ed.); Charge of the Honorable Raymond Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).

**GOVERNMENT'S INSTRUCTION NO. 14:**
**CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.   The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged.   The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

**<u>Authority</u>**

Pattern Crim. Jury Instr. 10th Cir. 1.19 (2011 ed.).

**GOVERNMENT'S INSTRUCTION NO. 15:**
**TRANSCRIPTS OF RECORDED CONVERSATIONS**

During this trial, you saw and heard audio recordings of certain conversations. You were also shown transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence.   They were shown to you only as a guide to help you follow what was being said.   The recordings themselves are the evidence.   If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.   If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

**<u>Authority</u>**

Pattern Crim. Jury Instr. 10th Cir. 1.40 (2011 ed.); Charge of the Honorable Raymond Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).

**GOVERNMENT'S INSTRUCTION NO. 16:**
**THE FIRST SUPERSEDINGINDICTMENT**

The First Superseding Indictment, a copy of which will be provided to you along with these instructions, reads as follows:

**COUNT 1**

**RAUL CARAVEO, PAMILA LUCERO, SABRINA CARAVEO, EUGENE CHAVEZ, CAROLINA ARAGON, CRISTINA PORTILLOS, CONRAD ARCHULETA, and NANCY GUZMAN**

**(18 U.S.C. § 286 – Conspiracy to File False Claims for Refund)**

**A.   Introduction**

1.     Defendants Raul Caraveo, Pamila Lucero, Sabrina Caraveo, Eugene Chavez, Carolina Aragon, Cristina   Portillos, Conrad Archuleta, and Nancy Guzman, as well as an unindicted co-conspirator, during the time periods charged in this Indictment, were all residents of the State and District of Colorado.

2.     The Internal Revenue Service ("IRS") was and is an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States of America.

**B.   The Conspiracy**

3.     Beginning on or about February 10, 2008, and continuing until on or about May 5, 2014, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, and elsewhere, defendants Raul Caraveo, Pamila Lucero, Sabrina Caraveo, Eugene Chavez, Carolina Aragon, Cristina Portillos, Conrad Archuleta, Nancy

23

Guzman, and an unindicted co-conspirator, and others known and unknown to the Grand Jury, knowingly agreed, combined, and conspired with each other to defraud the United States by obtaining and aiding in obtaining the payment and allowance of false, fictitious and fraudulent claims filed in the names of other individuals by submitting or causing to be submitted false claims for income tax refund to the United States Department of Treasury through the IRS.

## C.   Manner and Means of the Conspiracy

4.     The conspiracy was accomplished, in part, through the following manner and means:

5.     Various defendants worked together, and/or with others known and unknown to the grand jury, in the filing of false tax returns for the purpose of obtaining IRS refund checks to which they were not entitled, in the following ways:

A.     Raul Caraveo, while incarcerated within the Colorado Department of Corrections (DOC), obtained the identifying information of fellow inmates and inmates' relatives to include names, dates of birth, and social security numbers.

Caraveo and fellow DOC inmate Eugene Chavez used this information to generate false Form 1040A tax returns, listing the names of inmates and their relatives as either the primary tax payer or as a dependent of that alleged tax payer, and entering false wage and income information on the Forms 1040A. Fellow inmate Conrad Archuleta enlisted assistance in the scheme from his wife Nancy Guzman as described below.

24

B.      The conspirators submitted to the IRS tax returns for the years 2005 through 2013 with the following characteristics/similarities:

x       All of the returns were Forms 1040A

x       All listed unsubstantiated income

x       All requested tax refunds generated by the Earned Income Tax Credit (EITC)

x       All requested paper refund checks

x       All listed one dependent

x       All listed an occupation of either Student/Labor or Student/Tutor

x       All claimed wages between approximately $7,300 and $8,950 depending on the tax year used for the Form 1040A

x       All requested refunds were between approximately $2,491 and $3,052

C.      At different times in the scheme, Pamila Lucero, Sabrina Caraveo, and Carolina Aragon mailed blank copies of Form 1040A returns to Raul Caraveo and other inmates for use in the scheme.

D.      In most instances, Raul Caraveo and Eugene Chavez would fill out the Form 1040A returns and mail them from prison to Pamila Lucero, Sabrina Caraveo, or Carolina Aragon.

E.      At other times, Raul Caraveo, Eugene Chavez, and other inmates would provide missing information for the returns to Pamila Lucero, Sabrina Caraveo, or Carolina Aragon, and direct them to add that information to the returns.

F.      The conspirators prepared almost all of the false returns using one of approximately a dozen addresses provided by Pamila Lucero, Sabrina Caraveo, Carolina Aragon, Cristina Portillos, Nancy Guzman, and an unindicted co-conspirator. The conspirators obtained addresses to be used for receipt of the refund checks from individuals who the conspirators believed could be trusted to notify a conspirator when a refund check arrived at the individual's address.   Cristina Portillos was paid for allowing her address to be used on numerous false Form 1040A returns submitted to the IRS, and received numerous refund checks at her address which she forwarded on to Pamila Lucero.   Conrad Archuleta asked his wife Nancy Guzman to receive refund checks at her home address in Pueblo, Colorado. Nancy Guzman agreed, and then received instructions from Conrad Archuleta, Sabrina Caraveo and Pamila Lucero as to how the scheme worked.   Conrad Archuleta also relayed information from Raul Caraveo to Nancy Guzman about the scheme.   Nancy Guzman cashed two refund checks and kept a portion of the funds for herself. She provided the remainder of the funds to Sabrina Caraveo.   In some instances, a cooperating inmate provided the address of a relative that the conspirators would use on the false Form 1040A return(s) prepared for that inmate. When this happened, in most instances, the cooperating inmate would instruct his relative to contact one of the conspirators for further instructions once a refund check arrived.

G.     Once the packages of returns were completed, Pamila Lucero, Sabrina Caraveo, or Carolina Aragon would mail them to the IRS Service Center for processing.

H.     To prevent discovery of the conspiracy, Raul Caraveo used code words when he talked to his co-conspirators during telephone calls he knew would be recorded.   For example, Caraveo referred to tax returns as "pictures," "flicks," and "postcards," added the area code 719 to the beginning of social security numbers, and referred to the refund amounts listed on the returns as "extensions."

I.     Raul Caraveo and at times Eugene Chavez prepared false power of attorney forms that they mailed to Sabrina Caraveo, Pamila Lucero, or Nancy Guzman for use in cashing the refund checks made out to inmates and their relatives.

J.     Once the refund checks were cashed by Pamila Lucero, Sabrina Caraveo, Carolina Aragon, or Nancy Guzman, Raul Caraveo or another co-conspirator instructed these women on how to divide the money.   The money was primarily divided between Raul Caraveo, Eugene Chavez, Pamila Lucero, Sabrina Caraveo, and Carolina Aragon.

K.     Pamila Lucero, Sabrina Caraveo, Carolina Aragon, and Nancy Guzman deposited money at different times into the prison accounts held by either Raul Caraveo, Eugene Chavez, Conrad Archuleta or other inmates.

L     At different times during the course of this conspiracy, various defendants were involved in the submission of and causing to be submitted over 250

false claims for income tax refund to the United States Department of Treasury through the Internal Revenue Service, to include the following:

| Date Received by IRS | Tax Year | Refund Requested | Refund Received | Initials of Name On Return |
|---|---|---|---|---|
| 12/11/09 | 2006 | $2,576 | $2,576 | F.S. |
| 12/11/09 | 2008 | $2,729 | $3,029 | F.S. |
| 12/14/09 | 2007 | $2,678 | $2,928.01 | A.M. |
| 12/18/09 | 2006 | $2,576 | $2,587.03 | P.R. |
| 12/18/09 | 2007 | $2,678 | $2,689.47 | P.R. |
| 12/18/09 | 2008 | $2,729 | $3,340.69 | P.R. |
| 2/28/10 | 2007 | $2,678 | $2,678 | D.G. |
| 2/28/10 | 2008 | $2,729 | $300 | D.G. |
| 2/28/10 | 2007 | $2,678 | $2,693.01 | J.D. |
| 3/5/10 | 2008 | $2,729 | $300.01 | W.B. |
| 3/5/10 | 2006 | $2,576 | $2,587.03 | K.F. |
| 4/1/10 | 2007 | $2,678 | $2,678 | S.B. |
| 4/1/10 | 2006 | $2,576 | $2,576 | G.E. |
| 4/1/10 | 2007 | $2,678 | $2,678 | G.E. |

| 4/4/10 | 2006 | $2,576 | $2,586.47 | J.R. |
| 4/15/10 | 2009 | $2,848 | $3,248 | E.D. |
| 6/1/10 | 2007 | $2,678 | $2,678 | V.P. |
| 6/1/10 | 2008 | $2,678 | $3,278 | V.P. |
| 6/1/10 | 2007 | $2,678 | $2,678 | A.H. |
| 6/1/10 | 2008 | $2,576 | $2,876 | A.H. |
| 6/7/10 | 2007 | $2,678 | $2,678 | C.W. |
| 6/7/10 | 2008 | $2,678 | $2,978 | C.W. |
| 6/10/10 | 2008 | $2,678 | $2,678 | C.S. |
| 6/10/10 | 2009 | $2,848 | $3,248 | C.S. |
| 6/21/10 | 2007 | $2,678 | $2,678 | T.P. |
| 6/21/10 | 2008 | $2,576 | $2,876 | T.P. |
| 6/22/10 | 2009 | $2,848 | $3,248 | T.P. |
| 7/2/10 | 2009 | $2,848 | $3,248 | R.T. |
| 7/7/10 | 2008 | $2,729 | $600 | E.A. |
| 8/23/10 | 2007 | $2,678 | $2,678 | D.S. |
| 8/23/10 | 2008 | $2,678 | $2,978 | D.S. |

| 8/23/10 | 2009 | $2,848 | $3,248 | D.S. |
| 8/27/10 | 2007 | $2,678 | $2,678 | U.C. |
| 8/27/10 | 2009 | $2,848 | $3,248 | U.C. |
| 9/23/10 | 2007 | $2,678 | $2,678 | M.G. |
| 12/15/12 | 2010 | $2,865 | $3,275.72 | D.K |
| 12/19/12 | 2009 | $2,848 | $3,248 | D.K. |
| 11/7/13 | 2012 | $2,967 | $2,990.99 | J.H. |

All in violation of Title 18, United States Code, Section 286.

## COUNTS 2 – 8
### (18 U.S.C. § 287 – False Claim for Refund
### 18 U.S.C. § 2(a) -- Aid and Abet)

6.      The Grand Jury realleges and incorporates paragraphs 1-2 herein.

7.      On or about and between February 10, 2008, and continuing until on or about May 5, 2014, in the State and District of Colorado, and elsewhere, the defendants named in the counts listed below, made and presented, and aided and abetted in making and presenting, to the United States claims for payment of fraudulent tax refunds in the amounts enumerated for each count listed below with the knowledge that such claims were false, fictitious, and fraudulent. The defendants listed below made the false claims, and aided and abetted in making the false claims, by mailing U.S. Individual Income Tax Return, Forms 1040A, in the names of other individuals for the years and amounts listed

below to the United States Department of the Treasury through the Internal Revenue

Service:

| Count | Defendants Involved | Date Received by IRS | Tax Year | Refund Requested | Refund Received | Initials of Name on Return |
|-------|---------------------|----------------------|----------|------------------|-----------------|----------------------------|
| 2 | Raul Caraveo Pamila Lucero Sabrina Caraveo Eugene Chavez Cristina Portillos | 2/28/10 | 2007 | $2,678 | $2,693.01 | J.D. |
| 3 | Raul Caraveo Pamila Lucero Sabrina Caraveo Eugene Chavez Cristina Portillos | 3/5/10 | 2006 | $2,576 | $2,587.03 | K.F. |
| 4 | Raul Caraveo Pamila Lucero Cristina Portillos | 4/1/10 | 2006 | $2,576 | $2,576 | G.E. |
| 5 | Raul Caraveo Pamila Lucero Sabrina Caraveo Eugene Chavez Cristina Portillos | 4/1/10 | 2007 | $2,678 | $2,678 | G.E. |
| 6 | Raul Caraveo Pamila Lucero Sabrina Caraveo Eugene Chavez Cristina Portillos | 4/4/10 | 2006 | $2,576 | $2,586.47 | J.R. |
| 7 | Raul Caraveo Pamila Lucero Sabrina Caraveo Eugene Chavez Cristina Portillos | 4/15/10 | 2009 | $2,848 | $3,248 | E.D. |
| 8 | Raul Caraveo Pamila Lucero Cristina Portillos | 7/7/10 | 2008 | $2,729 | $600 | E.A. |

All in violation of Title 18, United States Code, Section 287, and Title 18, United States Code, Section 2(a).

### GOVERNMENT'S INSTRUCTION NO. 17:
### CONSPIRACY TO FILE FALSE CLAIMS

The First Superseding Indictment charges in Count 1 a violation of a federal statute

known as Title 18, United States Code, Section 286.   That statute prohibits

> . . . enter[ing] into any agreement, combination, or conspiracy
> to defraud the United States, or any department or agency
> thereof, by obtaining or aiding to obtain the payment or
> allowance of any false, fictitious or fraudulent claim.

To find the defendant guilty of this crime, you must be convinced that the

government has proved each of the following elements beyond a reasonable doubt:

*First*:   The defendant agreed with at least one other person to obtain or aid in

obtaining the payment or allowance of any false, fictitious, or fraudulent claim;

*Second*:   The defendant knew the essential objective of the conspiracy;

*Third*: The defendant knowingly and voluntarily participated; and

*Fourth*: There was interdependence among the members of the conspiracy; that

is, the members, in some way or manner, intended to act together for their shared mutual

benefit within the scope of the conspiracy charged.


### **Authority**

Pattern Crim. Jury Instr. 10th Cir. 2.19 (2011 ed.) (modified for § 286 and to remove overt act requirement); *see Whitfield v. United States*, 543 U.S. 209, 215 (2005) (refusing to add overt act requirement where statutory text does not explicitly require one); *United States v. Dedman*, 527 F.3d 577, 594 n.7 (6th Cir. 2008) (holding that § 286 has no overt act requirement); *United States v. Lanier,* 920 F.2d 887, 892 (11th Cir. 1991) (same).

**GOVERNMENT'S INSTRUCTION NO. 18:**
**FALSE CLAIMS AGAINST THE GOVERNMENT**

The defendant is separately charged in Counts Two through Eight of the First

Superseding Indictment with violations of Title 18, United States Code, Section 287.   The

statute prohibits

> mak[ing] or present[ing] to any . . . department or agency [of
> the United States] any claim upon or against the United
> States, or any department or agency thereof, knowing such
> claim to be false, fictitious or fraudulent.

This law makes it a crime to knowingly make a false or fraudulent claim against any

department or agency of the United States.   The Internal Revenue Service of the

Department of the Treasury is a department or agency of the United States within the

meaning of that law.

To find the defendant guilty of this crime, you must be convinced that the

government has proved each of the following elements beyond a reasonable doubt:

*First*:   The defendant knowingly made and presented to the Internal Revenue

Service a false or fraudulent claim against the United States; and

*Second*:    The defendant knew that the claim was false or fraudulent.

It is not necessary to show that the government agency or department was, in fact,

actually deceived or misled.

To make a claim, the defendant need not directly submit the claim to an employee

or agency or department of the United States.   It is sufficient if the defendant submits the

claim to a third party knowing that the third party will submit the claim or seek

reimbursement from the United States or from a department or agency thereof.

**Authority**

Pattern Crim. Jury Instr. 10th Cir. 2.18 (2011 ed.); *United States v. Parsons*, 967 F.2d 452, 455 (10th Cir. 1992) (materiality is not an element required by 18 U.S.C. § 287); *United States v. Allen*, 116 F. App'x 210, 216 (10th Cir. 2004) (confirming continued vitality of *Parsons*).

### GOVERNMENT'S INSTRUCTION NO. 19: AID AND ABET

Counts Two through Eight of the Superseding Indictment charge violations of Title 18, United States Code, Section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime.   To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*   someone else committed the charged crime, and

*Second:*   the defendant intentionally associated herself in some way with the crime and intentionally participated in it as she would in something she wished to bring about.   This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him or her.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.   Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

### **Authority**

Pattern Crim. Jury Instr. 10th Cir. 2.06 (2011 ed.).

**GOVERNMENT'S INSTRUCTION NO. 20:**
**SINGLE CONSPIRACY**

Count 1 of the First Superseding Indictment charges that the defendant knowingly and deliberately entered into a conspiracy to defraud the United States by submitting false claims for refund.

In order to sustain its burden of proof for this charge the government must show that the single conspiracy alleged in Count 1 of the First Superseding Indictment existed. Proof of separate or independent conspiracies is not sufficient.

In determining whether or not any single conspiracy has been shown by the evidence in the case you must decide whether common, master, or overall goals or objectives existed which served as the focal point for the efforts and actions of any members to the agreement.   In arriving at this decision you may consider the length of time the alleged conspiracy existed, the mutual dependence or assistance between various persons alleged to have been its members, and the complexity of the goals or objectives shown.

A single conspiracy may involve various people at differing levels and may involve numerous transactions which are conducted over some period of time and at various places.   In order to establish a single conspiracy, however, the government need not prove that an alleged co-conspirator knew each of the other alleged members of the conspiracy nor need it establish that an alleged co-conspirator was aware of each of the transactions alleged in the indictment.

Even if the evidence in the case shows that the defendant was a member of some conspiracy, but that this conspiracy is not the single conspiracy charged in the indictment, you must acquit the defendant of this charge.

Unless the government proves the existence of the single conspiracy described in the First Superseding Indictment beyond a reasonable doubt, you must acquit the defendant of this charge.

## Authority

1A Fed. Jury Prac. & Instr. § 31:09 (6th ed. 2015).

## GOVERNMENT'S INSTRUCTION NO. 21:
## INDICTMENT IS NOT EVIDENCE

An indictment is only a formal method used by the government to accuse a defendant of a crime.   It is not evidence of any kind against the defendant.   The defendant is presumed to be innocent of the crime charged.

Defendant Cristina Portillos has pleaded "Not Guilty" to the First Superseding Indictment and therefore, denies that she is guilty of the charges contained in the indictment.

### <u>Authority</u>

1A Fed. Jury Prac. & Instr. § 13:04 (6th ed. 2015); Charge of the Honorable Raymond Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).

**GOVERNMENT'S INSTRUCTION NO. 22:**
**"ON OR ABOUT"**

You will note that the First Superseding Indictment charges that the crimes

charged were committed on or about certain dates.   The government must prove beyond

a reasonable doubt that the defendant committed the crimes charged reasonably near

the dates charged in the indictment.

**<u>Authority</u>**

Pattern Crim. Jury Instr. 10th Cir. 1.18 (2011 ed.); Charge of the Honorable Raymond
Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).

**GOVERNMENT'S INSTRUCTION NO. 23:**
**CONJUNCTIVE OR DISJUNCTIVE**

One or more counts of the First Superseding Indictment may accuse the defendant of violating the same statute in more than one way. In other words, the First Superseding Indictment may allege that the statute in question was violated by various acts which are joined by the conjunctive "and," while the statute and the elements of the offense are stated in the disjunctive, using the word "or."   For example, Count One charges that the defendant knowingly agreed, combined *and* conspired with others to defraud the United States by obtaining *and* aiding in obtaining the payment *and* allowance of false, fictitious *and* fraudulent claims filed in the names of others.   Similarly, Counts TWO through EIGHT charge that the defendant did aid *and* abet in making *and* presenting to the United States claims for payment of fraudulent tax refunds with the knowledge that such claims were false, fictitious *and* fraudulent.

However, even though the word "and" appears in the First Superseding indictment, the United States does not have to prove that the defendant did all of the things identified. In these instances, it is sufficient for a finding of guilt if the evidence established beyond a reasonable doubt the violation of the statute by any one of the acts charged.   For example, it is enough for the government to prove, for Count One, that the defendant agreed, combined *or* conspired with others to defraud the United States by obtaining *or* aiding in obtaining the payment *or* allowance of false, fictitious *or* fraudulent claims filed in the names of others.   Similarly, it is enough for the government to prove, for Counts TWO through EIGHT, that the defendant did make *or* present, *or* aided *or* abetted in the making *or* presenting to the United States a claim for the payment of fraudulent tax refunds with

knowledge that the claims were false, fictitious, *or* fraudulent.   In order for you to return a

guilty verdict, however, all twelve of you must agree that the same act has been proven.

## Authority

*United States v. Gunter*, 546 F.2d 861, 868-69 (10th Cir. 1976) ("It is hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive.")

**GOVERNMENT'S INSTRUCTION NO. 24:   "KNOWINGLY"**

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.   Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded herself to the existence of a fact.   Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact in question, unless the defendant did not actually believe the fact in question.

**Authority**

Pattern Crim. Jury Instr. 10th Cir. 1.37 (2011 ed.).

**GOVERNMENT'S INSTRUCTION NO. 25:**
**PROOF OF KNOWLEDGE OR INTENT**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.   In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made, or acts done, by that person and all other facts or circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.   It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

**Authority**

1A *Fed. Jury Prac. & Instr.*, § 1707 (6th ed. 2015).

**GOVERNMENT'S INSTRUCTION NO. 26:**
**CAUTION – PUNISHMENT**

If you find the defendant guilty, it will be my duty to decide what the punishment will be.   You should not discuss or consider the possible punishment in any way while deciding your verdict.

**<u>Authority</u>**

Pattern Crim. Jury Instr. 10th Cir. 1.20 (2011 ed.); Charge of the Honorable Raymond Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).

## GOVERNMENT'S INSTRUCTION NO. 27:
## DUTY TO DELIBERATE

In a moment the court security officer will escort you to the jury room where each of you will be provided a copy of the instructions that I have just read.   Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a presiding juror who will help to guide your deliberations and will speak for you here in the courtroom.

To reach a verdict, whether it is guilty or not guilty, as I have told you, all of you must agree.   Your verdict must be unanimous.   Your deliberations in coming to that verdict will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.   During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.   But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are the judges – judges of the facts.   For each count of the First Superseding Indictment, you must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

The presiding juror will write the unanimous answer of the jury in the space provided for each count of the First Superseding Indictment, either not guilty or guilty.   At the conclusion of your deliberations, the presiding juror should date and sign the verdict.

If you need to communicate with me during your deliberations, the presiding juror should write the message and give it to the court security officer.   I will either reply in writing or bring you back into the court to respond to your message.   Under no circumstances should you reveal to me the numerical division of the jury.

You will note from the oath to be taken by the court security officer, that he/she too, as well as all other persons, are forbidden to communicate in any manner with any member of the jury on any subject touching on this case.

Although you will now go to the jury room, please wait until the exhibits, instructions, First Superseding Indictment, and verdict form have been brought back to you before beginning your deliberations.   And with that, members of the jury, please retire to the jury room.

## Authority

Pattern Crim. Jury Instr. 10th Cir. 1.23 and 1.44 (2011 ed.); Charge of the Honorable Raymond Moore, *United States v. McNeal*, 15-cr-000054-RM, ECF No. 260 (Oct. 22, 2015).