**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  15-cr-00149-RM-06

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CRISTINA PORTILLOS,

      Defendant.

_____

**UNITED STATES'S PROPOSED VOIR DIRE QUESTIONS**
_____

Comes Now the United States, by and through Assistant United States Attorneys Martha A. Paluch, and Bryan D. Fields, and hereby requests the Court to ask the following voir dire questions:

1.      This is a criminal case involving the submission of false tax returns to the Internal Revenue Service by a number of people, including individuals in prison.  Do any of you have relatives, friends or acquaintances that have served time in prison or are currently serving time in prison?

2.      Would the fact that you know people who are or who have served time in prison affect your ability to sit as a fair and impartial juror in this case?

3.      This trial will involve what the law calls a "conspiracy."  A conspiracy is an intentional agreement with someone else to do something illegal.  In other words, it can be a violation of the law not just to commit a crime — for example, a bank robbery —

but to *agree* with someone else to commit the robbery in the first place.  Is there anything about this legal concept that causes you concern?

4.      This trial will involve what the law calls "aiding and abetting."  This is a legal concept that makes it a crime to intentionally help someone else commit a crime. This means that someone can be guilty of a crime for intentionally helping someone else to commit it.  Is there anything about this legal concept that concerns you?

5.      Sometimes, in criminal matters, it might be the case that some people have more important or larger roles in committing the crime than others.  I'll use the bank robbery example again.  So, for example, in a bank robbery, the crime might involve a crew leader who organizes the robbery.  And the leader might recruit others to actually go into the bank and take the money.  Finally, it might also involve a getaway driver who doesn't organize the robbery, or go into the bank, but who nevertheless intentionally agrees to help by driving the crew to and from the bank.  If the evidence showed that the getaway driver did, in fact, intentionally agree to help the bank robbers, would any of you hesitate to follow the law and find him guilty even though his role was less than the crew leader?

6.      Some of the witnesses in this case have pleaded guilty pursuant to plea agreements with the government and will be testifying in the hope that they can earn leniency from the judge.  The judge will tell you that plea bargaining is perfectly proper and that, in fact, the rules of the Court provide for it.  Is there anything about plea bargaining or cooperating witnesses that, by itself, would affect your evaluation of this type of testimony?

7.      Some of the evidence you might hear in this trial will feature telephone

calls made by prisoners that were recorded by the Colorado Department of Corrections. How do you feel about the fact that calls made from prisoners are routinely recorded?

8. Have any of you ever had any direct dealings with the Internal Revenue Service, such as civil audits, criminal investigations, collection activity, or contact with the Internal Revenue Service personnel?  Have any of your immediate family members, close business associates or friends had any such experiences?

9. If any of the jury panel answers in the affirmative to No. 4, please ask him or her to approach the bench and ask the following questions:

a. When did this occur?

b. Was it criminal, civil or collection activity?

c. Were you or the other person involved satisfied with the results of the audit or investigation?

d. In your opinion, were you or the other person involved treated fairly and courteously by the Internal Revenue Service employees?

e. Do you have any feeling or opinions about the Internal Revenue Service because of this that would make you unable to decide this case fairly?

10. The United States will call witnesses who are employed by the Internal Revenue Service.  Do you have any prejudice or bias against such agents or officers that you could not sit as a fair and impartial juror in this case?

11. The United States will also call witnesses who are employed by the Colorado Department of Corrections.  Do any of you have any relatives or close friends who work for a prison, either here in Colorado or elsewhere in the country?  Do you have any bias or prejudice against people who work for prisons?

12.     This case involves the payment of false claims in the form of tax credits to certain individuals.  Do any of you believe that the income tax laws of the United States, including the laws that allow for the payment of tax credits to tax payers, are unconstitutional?

13.     Have any of you had any training in accounting or law?  If so,

a.      What kind of training?

b.      Would that training affect your ability to follow the Court's instructions on the law to be applied in this case?

14.     Have you or any member of your family been involved in any proceeding with a federal or state governmental agency that has not been resolved to your satisfaction?

15.     Have any of you, any member of your family, or a close business or social associate been arrested, charged, or convicted for any crime, felony or misdemeanor, other than minor traffic violations?

16.      If so, what was the crime?  Was the case resolved in a trial or by plea of guilty?  What sentence was imposed?  Would that experience interfere with your ability to decide this case fairly and impartially?

17.     Have you or any members of your family ever been involved in a lawsuit against the United States government?

18.     Have you or any member of your family or close friend ever had any experience with law enforcement or the courts that would cause you to be biased against them?

19.     Is there anyone here who has previously been a juror in a criminal case?

4

Without informing us of the verdict, please tell us whether a verdict was reached.  What about service on a grand jury?  Was there anything about that experience, either as a juror or as a grand juror, that left you with a negative impression of the criminal justice system?

20.     Is there anyone on the jury panel who because of religious beliefs or because of personal beliefs unrelated to religion would not be able to sit in judgment of another individual?

21.     If you are selected as a juror in this case, you will take an oath to render a verdict based upon the law as given to you by the Court.  You will be required to accept the law as given to you by the Court without regard to any personal opinion you may have as to what the law is or should be.  Is there anyone who would not be able to reach a verdict in accordance with the law as given to you in the instructions of the Court?

22.     It is the Court's duty to determine what punishment, if any, may be imposed in the event of a guilty verdict.  Would you be able to assess the evidence in this case and render a verdict without consideration as to the type of sentence or punishment which ultimately may be imposed as a result of your verdict?

23.     This case involves many tax returns, refund checks, other documents, and the audio recordings of numerous telephone calls made from prison.  Does anyone have any medical condition, for instance, visual or hearing impairment, which might affect his or her ability to devote full attention to the type of evidence to be presented?

24.     Where is your spouse or significant other employed now, or where did they most recently work?

25.     What hobbies do you have?

26.     What newspapers or magazines do you read?

27.     What television shows do you watch regularly?

28.     Is there anything that has not been discussed today that you feel would

affect your ability to sit as a fair and impartial juror in this case?


DATED this 12th day of April, 2016.

JOHN F. WALSH
United States Attorney

s/*Martha A. Paluch*_____
Martha A. Paluch
Bryan D. Fields
Assistant United States Attorneys
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:(303) 454-0100
Fax: (303) 454-0402
martha.paluch@usdoj.gov
bryan.fields@usdoj.gov
Counsel for Plaintiff