IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00149 - RM

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

**6. CRISTINA PORTILLOS,**

        Defendants.

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Cristina Portillos by undersigned counsel, John Mosby, respectfully submits her proposed Jury Instructions to the Court.

Respectfully submitted,

s/John Mosby

John Mosby
621 17th Street, Suite 2445
Denver, Colorado 80293
(303) 623-1355

Attorney for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April 2016, a true and correct copy of the foregoing was served via the Court's ECF system to:

Martha A. Paluch
Assistant U.S. Attorney

s/John Mosby

DEFENDANT'S INSTRUCTION NO. \_\_\_\_\_

## EVIDENCE OF GOOD CHARACTER

The defendant has offered evidence of her reputation for good character. You should consider such evidence along with all the other evidence in the case.

Evidence of good character may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of good character would commit such a crime. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt. You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

*10th Circuit Pattern Jury Instruction, No. 1.09 (2011).*

DEFENDANT'S INSTRUCTION NO. _____


Mere association with conspirators, even with knowledge of their involvement in crime, is insufficient to prove participation in their conspiracy.

*United States v. Fox*, 902 F. 2d 1508, 1517 (10th Cir. 1990); Rehearing Denied June 13, 1990, *United States v. Dickey*, 736 F.2d 571, 585 (10th Cir. 1984), cert. denied, 469 U.S. 1188, 105 S.Ct. 957, 83 L.Ed. 2d 964 (19850; *United States v. Kendall*, 766 F.2d 1426, 1432 (10th Cir. 1985), cert.denied 474 U.S. 1081, 106 S.Ct. 848, 88 L. Ed.2d 889 (1986).