IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00149-RM-06

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

6.    CRISTINA PORTILLOS,

    Defendant.

---

**GOVERNMENT'S MOTION FOR A PRE-TRIAL RULING ON THE ADMISSIBILITY OF TRANSCRIPTS OF EXCERPTS FROM RECORDED CALLS**

---

So that exhibits may be properly prepared well in advance of trial, the government seeks a pre-trial ruling from this Court as to the admissibility of transcripts of excerpts from recorded prison calls. In support of this motion, the government states as follows:

1. During the course of the investigation, prison investigators collected over 3,000 recorded prison telephone calls. The government, after careful review, intends to offer into evidence approximately sixty excerpts from these calls. These excerpts pertain to the 38 returns set forth in the conspiracy count (which returns include the seven returns that form the basis of the 18 U.S.C. § 287 counts in which the defendant is named), and an additional 29 returns listing the defendant's address that were submitted to the IRS during the course of this conspiracy. In addition, the government will seek to admit excerpts of calls in which the defendant speaks to coconspirator Raul Caraveo and in which the defendant's participation in the scheme is discussed by

coconspirators Pam Lucero and Raul Caraveo. At the March 29, 2016 hearing, the Court ruled that the government had met its burden to seek admission of these call excerpts, identified in the government's Second Correct *James* log, doc. 388-1, pursuant to Federal Rule of Evidence 801(d)(2)(E). Doc. 387.[1]

2. Through this motion, the government seeks a ruling from the Court that the transcripts accompanying the call excerpts be admitted and provided to the jury. Undersigned counsel conferred with defendant's counsel Mr. John Mosby about this motion and he represented that the defendant objects to this motion.

### Transcripts May Be Admitted Into Evidence

3. All of the audio recordings of the prison calls were provided to defense counsel in discovery in the spring of 2015. Transcripts from numerous recorded prison calls were prepared by a transcription agency, not by the government. Those transcripts were provided to defense counsel in discovery soon after the audio calls were produced. Once a trial in this matter became a certainty, the remaining transcripts were ordered from the same transcription agency and will be provided to defense counsel this week or soon after. Notably, the defendant cited extensively from the transcripts in evidence in her Response and Objections to the Government's *James* Proffer, doc. 377. In sum, the defendant has had many months to determine whether she disputes the accuracy of the transcripts already produced.

---

[1] As noted on Page 15 of its Proffer, the government may offer additional non-hearsay statements, such as directions for payment and instructions to coconspirators, in its case in chief. All of these statements are in discovery, are contained within recorded calls that occurred on dates already identified, either on the Second Corrected *James* Log or on Page 15 of its Proffer, and will be provided as exhibits to defense counsel prior to trial.

4. In *United States v. Devous*, 764 F.2d 1349 (10th Cir. 1985), the Court held that the "ideal procedure" is to have "the prosecution and the defense attorneys stipulate to a transcript." *Id.* at 1355. Mr. Mosby stated he will advise the Court at the April 14, 2015 trial preparation conference as to whether he intends to stipulate to the accuracy of the transcripts the government intends to present at trial. If the defendant decides to contest the accuracy of any portion of the proposed transcripts, she should submit her own version as soon as possible.

5. At trial, the government will move to admit the entire audio of the calls marked as exhibits on its exhibit list, and will move for the admission of these calls through the appropriate Department of Corrections (DOC) official who can testify to the recording process and verify that these recorded calls were kept in the regular course of DOC's business. Once a witness has verified the voices in the call, the government will seek permission to play excerpts of the calls synched with a transcript that will scroll as the call is being played for the jury. *See United States v. Rengifo,* 789 F.2d 975, 980 (1st Cir. 1986) ("[w]e have long upheld the practice of providing the jury with a transcript to help them follow a tape recording being played during trial.").

6. Given the volume of the audio excerpts at issue in this case, the government respectfully requests that the Court rule that the synched version of the excerpts (audio with accompanying transcript) be admitted to the jury. The government will not seek to admit the entire transcripts. *See United States v. Jackson,* 180 F.3d 55, 73 (2d Cir. 1999) ("[t]he completeness doctrine does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages"); *United States v. King,* 351 F.3d 859, 866 (8th Cir. 2003) ("the party urging

admission of an excluded conversation must 'specify the portion . . . that is relevant to the issue at trial and that qualifies or explains portions already admitted.") (citation omitted).

7. "Tenth Circuit law is well-settled that a district court has discretion in admitting the transcription of an audio recording." *See United States v. Hooks*, 551 F.3d 1205, 1216 (10th Cir. 2009); *United States v. Davis*, 929 F.2d 554, 559 (10th Cir. 1991) (same). The purpose of admitting the transcripts is to assist the jury in listening to the tapes, even if the tapes themselves are clear. *See United States v. Mayes*, 917 F.2d 457, 462-63 (10th Cir. 1990) (finding no abuse of discretion where the district court advised the jury "to use the transcripts only to assist them in listening to the tapes").

8. Accordingly, "the district court, in the exercise of its discretion, should decide whether properly authenticated transcripts should be admitted as evidence and go to the jury room initially along with the rest of the exhibits." *Rengifo,* 789 F.2d at 983; *see United States v. Williford,* 764 F.2d 1493, 1503 (11th Cir. 1985) ("[a]bsent a showing that the transcripts were inaccurate or that specific prejudice occurred, there is no error in allowing transcripts to go to the jury room").

9. Although limiting instructions are advisable, the Tenth Circuit has "never held that a district court must give such an instruction in every case in which transcripts of audio recordings are admitted." *Hooks*, 551 F.3d at 1216. Nonetheless, the government would not object to the Court advising the jury, in substance, that whether a transcript is accurate is ultimately a question for them to decide. *See United States v. Moniruzzaman*, 206 F. App'x 819, 824-825 (10th Cir. 2006) (not precedential) (finding no abuse of discretion in admission of transcript where judge gave limiting instruction);

4

*see Davis*, 929 F.2d at 559 (finding no abuse of discretion in admission of transcripts, in part because court gave appropriate limiting instruction).

10. Given the volume of the recorded call excerpts at issue in this case, the government respectfully requests that the Court rule that the synched transcripts of the calls be provided to the jury to assist the jury in listening to the calls.

Respectfully submitted this 12th day of April, 2016.

                    JOHN F. WALSH
                    United States Attorney

                    *s/Martha A. Paluch*
                    MARTHA A. PALUCH
                    BRYAN D. FIELDS
                    Assistant U.S. Attorneys
                    1225 17th Street, Suite 700
                    Denver, CO 80202
                    Telephone:  303-454-0100
                    Facsimile:  303-454-0402
                    Martha.paluch@usdoj.gov
                    Bryan.fields@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Mr. John Mosby
Counsel for Cristina Portillos
john_mosby@msn.com

      *s/Maggie E. Grenvik*
      Maggie E. Grenvik
      Legal Assistant
      U.S. Attorney's Office
      1225 17th St., Suite 700
      Denver, CO  80202
      Telephone:  (303) 454-0100
      Fax:  (303) 454-0401
      e-mail:  maggie.grenvik@usdoj.gov