IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00149 - RM

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

**6.  CRISTINA PORTILLOS,**

        Defendant.

_____

**DEFENDANT'S MOTION REQUESTING HEARING
AND PRELIMINARY ORDER**
_____

Comes Now Defendant Cristina Portillos, by and through her counsel, and requests a hearing and preliminary order.

1.  On April 8, 2016, the government filed a Motion Requesting That The Court Determine Whether The Appointment of Counsel is Warranted For Certain Proposed Defense Witnesses. (Doc. 382)

2.  On April 14, 2016, after argument of counsel, the Court denied the government motion. However, the Court did allow the Government to advise certain witnesses of their right to consult with an attorney.

3.  Later that same day, this counsel received a telephone call from Defendant, Ms. Portillos.

4. Ms. Portillos informed this counsel that Tanya Barrett, one the defense witnesses who was the subject of the government's denied motion, had called her and informed her that government agents were at her home. Ms. Barrett informed Ms. Portillos that she was extremely upset by statements made by the government (IRS) agents interviewing her at the time.

5. Undersigned counsel directed Ms. Portillos to call Ms. Barrett back and have her call this counsel.

6. Ms. Barrett then called this counsel. She was still upset. When asked why, she stated that, "I was told the defense for Cristina was implementing me as being involved in the IRS tax fraud scheme." *(Exh. 1- Ms. Barrett's email dated 4/14/16).*

7. Undersigned Counsel asked Ms. Barrett to get the names of the government agents presently at her house. Counsel gave Ms. Barrett his email address and ask her to memorialize exactly what the Government agents were telling her and Ms. Leff.

8. In her email to undersigned counsel, Ms. Barrett also states that the government agent "also asked if I understood what the consequences of perjury were and then explained that it would be a $250,000 fine and up to 5 years in jail." (*Id*).

9. Ms. Barrett also opines in her email, "Was this a scare tactic on the Federal Government's behalf, or is what she expressed the truth. Because if

what she's saying isn't true, to come to our home and throw around intimidation tactics isn't at all what I anticipated." *(Id.).*

10. The government's tactics have irreparably impugned defense counsel's credibility with his witnesses and ability to defend his client.

11. The government has intentionally planted the exact seed it originally sought to have the Court plant. *(See, Doc 392).* Ms. Barrett's reaction is evidence that the government's tactic worked.

12. The government agents' conduct clearly crosses the line. It both raises ethical concerns and absolutely violates Defendant's right to due process and a fair trial.

13. Most concerning is the government's tactic of manufacturing of threatening witnesses cannot be undone.

14. Moreover, there is no precedent for the government to essentially inform defense witnesses that Defense Counsel for Defendant Portillos is throwing them under the bus by accusing them of committing crimes.

15. Defense Counsel is doing no such thing. He will not accuse <u>any</u> of his witnesses of committing a crime, which the government knows full well would be unethical and never allowed by the Court. For the government to make such a statement to a prospective witness violates Defendant's due process and right to a fair trial.

16. Counsel seeks a hearing on this matter to determine, inter alia, if

the government agents engaged in this same or similar tactics regarding the other two witnesses named in its prior motion. (See, Doc. 392 - Mary Gallegos and Michelle Steinhaus).

    16.  *IF PROVEN TRUE*, this conduct clearly infringes upon Defendant's right to a fair trial. See, *United States v. Morrison*, 536 F.2d 223 (3rd Cir. 1976); *see also United States v. Crawford,* 707 F.2d 447, 449 (10th Cir.1983) (noting "[s]ubstantial governmental interference with a defense witness's decision to testify violates a defendant's due process rights").

    17. *IF PROVEN TRUE*, this conduct warrants appropriate sanctions.

    18.  On April 14, 2016, Counsel informed the government that he was not going to call IRS agent Clarissa Coate.  Counsel now requests that the Court order the government to make Ms. Coate and other agents who may have engaged in this conduct available as witnesses without the issuance of a subpoena.

Wherefore, Defendant seeks a forthwith hearing and requests that the Court order the government to have present the agents who interviewed Ms. Barrett, Ms. Leff, and the government agents who may have interviewed Ms. Steinhaus and Ms. Gallegos to respond/testify regarding matters raised in this motion.

                              Respectfully submitted,

                              s/John Mosby

John Mosby
621 17th Street, Suite 2445
Denver, Colorado 80293
(303) 623-1355

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2016, a true and correct copy of the foregoing was served via the Court's ECF system to:

Martha A. Paluch
Assistant U.S. Attorney

s/John Mosby