IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  15-cr-00149-RM-06

UNITED STATES OF AMERICA,

 Plaintiff,

v.

**CRISTINA PORTILLOS,**

 Defendant.

_____

**GOVERNMENT'S RESPONSE TO REQUEST FOR HEARING**
_____

  The defendant filed a motion regarding defense witnesses on April 18, 2016. ECF No. 409.  That same day, the Court ordered that the parties be present for a hearing on this motion on April 26, 2016 at 10:00 A.M.  The government submits this memorandum to provide the audio recordings of the recent interviews with proposed defense witnesses in advance of the hearing and to request that the Court, after consideration of this evidence, deny the defendant's motion without a hearing.

  In this case, the Court is already deeply familiar with the defendant's Motion [For] a Hearing on Claims of Selective and Vindictive Prosecution and Discovery (hereinafter "Selective Prosecution Motion") in which defense counsel asserted that the factual basis for charges against his client "applies equally to all of Pamila Lucero's 'friends'" — the same witnesses he now seeks to call in her defense (Barrett, Leff, Steinhaus, and Gallegos).   ECF No. 201 at 20.

The government files with this response the audio-recorded interviews between Special Agent Clarissa (Coate) Mohr and the witnesses listed above who were discussed during the pre-trial conference on April 14, 2016. *See* Exhibit A. These recordings provide a sufficient basis to deny the defendant's motion.

Specifically, during the April 14, 2016 hearing, the government, out of an abundance of caution, confirmed the Court's ruling – that the government was authorized to contact the defendant's witnesses to explain to them the penalties of perjury and the possibility that they may be entitled to court-appointed counsel to advise them of their rights, given the facts of this case. The recordings capture Special Agent Mohr's resulting conversations with the witnesses and show that she (1) explained that they were under subpoena and obligated to testify, (2) made it clear that they were entitled to testify, and (3) informed the witnesses that they might be entitled to the appointment of counsel because of the defendant's suggestion, in her motion, that the witnesses were implicated in the tax fraud scheme. Notably, Agent Romero also explained during his initial interviews with these women that their addresses had been used in the tax fraud scheme for receipt of refund checks. There is nothing in the recordings that could be construed as an attempt to use "scare tactics." ECF 409, Ex. 1.

Finally, the Court is also familiar with the declaration of the defendant, filed as an attachment to the Selective Prosecution Motion. ECF No. 201-2 (hereinafter "Portillos Declaration"). In that declaration, the defendant makes assertions that contradict statements made by her proposed witness Michelle Steinhaus. *Cf.* Exhibit A, Conversation Between Special Agent Mohr and Michelle Steinhaus (recording Ms.

Steinhaus's statement, consistent with prior statement that she does not know the defendant Cristina Portillos) and Portillos Declaration ¶¶ 20 and 21 (describing encounter with Michelle Steinhaus in Delta, Colorado).

In conclusion, the defendant's Selective Prosecution Motion, the government's response to that motion, the government's Second Corrected *James* Log, the attached audio-recordings, and the Portillos Declaration are sufficient to show that (1) there is a basis for each of these proposed defense witnesses to request the advice of counsel prior to testifying, (2) the government's interactions with the witnesses were in accord with the discussions of counsel and ruling by the Court at the April 14, 2016 pretrial conference, (3) the government's interactions with the witnesses, while informing them of the events discussed at the April 14, 2016 conference, did not chill their testimony and, in fact, made it clear that those witnesses are obligated to appear in Court and entitled to testify on the defendant's behalf.   On this record, the Court would not abuse its discretion by denying the defendant's motion without a hearing.  *See United States v. Marr,* 856 F.2d 1471, 1472 (10th Cir. 1988) (district court need not hold an evidentiary hearing if "the case record conclusively shows the [claimant] is entitled to no relief").

Respectfully submitted this 19th day of April, 2016.

JOHN F. WALSH
 United States Attorney


*s/ Martha A. Paluch*
Martha A. Paluch
Bryan D. Fields
Assistant U.S. Attorneys
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
(303) 454-0100

3

Martha.paluch@usdoj.gov
Bryan.fields@usdoj.gov

**CERTIFICATE OF SEVICE**

I hereby certify that on this 19th day of April, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mr. John Mosby
Counsel for Cristina Portillos
john_mosby@msn.com

Mr. John Schlie
Counsel for Pamila Lucero
johnhenry@schlielawfirm.com

Mr. Thomas Ward
Counsel for Eugene Chavez
tward@wardlawdenver.com

Mr. David Owen
Counsel for Conrad Archuleta
davidowen@lodopc.com

Mr. Martin Stuart
Counsel for Raul Caraveo
mstuart@portmanstuart.com

Ms. Marci Gilligan LaBranche
Counsel for Sabrina Caraveo
labranche@ridleylaw.com

Mr. Robert Pepin
Counsel for Carolina Aragon
Robert_Pepin@fd.org

Mr. John Sullivan
Counsel for Nancy Guzman
jfslaw1@aol.com

s/ Mariah Tracy
Mariah Tracy
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0402
Email: mariah.tracy@usdoj.gov