IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00149 - RM

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

**6. CRISTINA PORTILLOS,**

        Defendant.

_____

**DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO REQUEST FOR A HEARING**
_____

Comes Now Defendant Cristina Portillos, by and through her counsel, and submit the following Reply to Government's Response to Request for A Hearing (Doc. 415).

## Factual Background

On April 14, 2016, the Court decided the government's motion (Doc 392) requesting that the Court appoint attorneys for some of Defendant's witnesses, Ms. Gallegos, Ms. Steinhaus, Ms. Leff and Ms. Barrett. Defendant did not respond, but did object to the government's motion during argument before the Court. While the Court denied the motion, it allowed the government to advise defendant's witnesses as to (1) the penalty for perjury

and (2) to advise them that if they wanted counsel, they could ask the Court for counsel.

The Court's April 14th ruling states,

> *THE COURT:   And your person has the right, assuming they keep it professional and in bounds, to advise them as to what the penalty for perjury may be, and to advise them that if they want counsel, they can ask for - - the Court for counsel.  I don't have a problem with that, as long as it's done professionally and within those narrow limits because you have the right to do that, but I don't think that, right now, there's enough here to where it is the Court's role to step in and get in the middle of this by appointing counsel, when it is not clear to me that there's anything that is likely to come out of this testimony that is different from what these people have already told you.  Ms. Paluch?* (Exh.1, p. 4, l. 9 -  l. 19).
>
> ***
>
> ...You do not have the right to intimidate them or go beyond what the law permits you to advise them of, in an effort to get them not to testify. (Exh.1, p. 7,  l. 17 -  l. 20).
>
> ***
>
> Having said that, I recognize and am telling you, very directly, that, you know, you have - - what you said in your motion is right, you have the right to interview them.  Now, whether they will interview with you or not, I mean, I don't know the answer to that, and you have the right to advise them, and you have the right to tell them that if they want a lawyer, the Court will appoint one.  Or you can ask that the Court appoint one. But you do not have the right to go beyond that, and be doing anything that may be construed as attempting to convince them not to testify.
>
>      MS. Paluch:  We would not do that, Your Honor.
> (Exh.1, p. 10, l. 18 - p. 11, l. 2).

The Court set ground rules for what the government's could tell the witnesses

as to what the Court permitted; the government t was required to be  "in bounds" and there were "narrow limits" required to be followed.

With the government's response (Doc. 415), it submitted tape recordings of the IRS agent's interview with all four defense witnesses after the Court's order.  Because the government did not transcribe the interviews, Defendant's counsel will.  Defendant's counsel will request permission from the  Court to supplement this record with the transcribed interviews.

As an officer of the Court, this counsel represents the following after listening to the tapes;

> Mary Gallegos
>
> Time 1:10
>
> [IRS agent]   I have been authorized by the Court to make contact…
>
> Time 4:10
>
> [IRS agent]  You have the right not to incriminate yourself…
>
> Time 7:55
>
> [Gallegos] Why would I need a lawyer?
>
> [IRS agent] You may or may not be aware there have been some court filing from Cristina Portillos attorney and her attorney is making the suggestion that you may be involved in a tax fraud

3

scheme and that's one of the reasons I am calling you.

<u>Michelle Steinhaus</u>

Time 1:01

[IRS agent]  Court has authorized me to contact you

Time 1:37

[IRS agent]  I'm acting as a representative of the court or the government

Time 4:43

[IRS agent] Are you aware in a recent court filing from Cristina Portillos attorney there are some suggestions made that you may be involved in a tax fraud conspiracy…

Time 5:08

[IRS agent]  Cristina Portillos attorney  is suggesting that you may be involved.

<u>Jennifer Leff</u>

Time  1:19

[IRS agent]   The Court has authorized us to contact you.

Time 3:15

[IRS agent] You have the right not to incriminate yourself

Time 3:25

[IRS agent]  I'm telling you this because you may or may not be aware in some court filings by Cristina Portillos' attorney he is suggesting tht you may be involved in a tax fraud conspiracy.

<u>Tanya Barrett</u>

Time 1:19

[IRS agent]  The Court has authorized us to contact you.

Time 3:15

[IRS agent]  You have the right not to incriminate yourself

Time 3:25

[IRS agent]  I'm telling you this because you may or may not be aware in some court filings by Cristina Portillos' attorney he is suggesting that you may be involved in a tax fraud conspiracy.

<u>Argument</u>

Is there any doubt that if the government, while invoking the imprimatur of the Court, advises a witness that a defense attorney is implicating them in a crime, that then that witness would want an attorney.  The government went well beyond what the Court authorized.  Is there any doubt that when appointed counsel confers with government, that the government will state that even if Defense counsel does not implicate your client, the government has a right to cross-examine, and cross may implicate them.  The government has set

this scenario up.  Who is playing games?

Without first obtaining permission of this Court, the government's agent advised witnesses incorrectly and inappropriately about what is in a restricted pleading of the court.  What the government is representing to the witnesses is beyond the bounds of the Court's order, that Defendant witnesses be advised what "*the penalty for perjury may be, and to advise them that if they want counsel, they can ask for - - the Court for counsel.*"  This conduct is intentional. The government's conduct irreparably impugns Defendant Portillos counsel by attempting portraying him as dishonest by withhold relevant facts from his witnesses.

The government should be required to explain why it violated this Court order.  The government should be required to explain why it is telling members of the public what is allegedly in restricted court pleadings. The government is conveying to the witness what it is erroneously telling the Court, to wit:  that this counsel is calling witness to implicate them in a crime and <u>accuse them of being as guilty as his client</u>.  This assertion by the government strains reason and common sense.   The government logic is nonsensical.

The Court did not authorize the government to do what it did. In fact, the Court counseled the government against the very conduct it engaged in. Defendant's right to a fair trial has been irreparably harmed.  The government

false representation to witnesses that Portillos' attorney has implicating them in a tax fraud scheme or conspiracy must not be condoned.

Defendant also requests that the government have sound equipment available so that the tape interviews of the IRS agent's conversation with the witnesses can be played during the hearing.

Respectfully submitted,

s/John Mosby

John Mosby
621 17th Street, Suite 2445
Denver, Colorado 80293
(303) 623-1355

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April 2016, a true and correct copy of the foregoing was served via the Court's ECF system to:

Martha A. Paluch
Assistant U.S. Attorney

s/John Mosby