IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 15-cr-149-RM-6

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CHRISTINA PORTILLOS,

    Defendant.

---

**REPORTER'S TRANSCRIPT**
EXCERPT OF PROCEEDINGS

---

Proceedings before the HONORABLE RAYMOND P. MOORE, Judge, United States District Court for the District of Colorado, occurring at 9 a.m., on the 14th day of April, 2016, in Courtroom A602, United States Courthouse, Denver, Colorado.

**APPEARANCES**

    MARTHA PALUCH and BRIAN FIELDS, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the Government.

    JOHN MOSBY, Attorney at Law, 621 17th Street, Suite 1035, Denver, Colorado, 80293, appearing for the Defendant.

TAMMY HOFFSCHILDT, Official Reporter
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

Exhibit 1 to Defendant's Reply

```
 1                      P R O C E E D I N G S
 2           THE COURT:  Okay.  So there are two motions, I want to
 3   take them in this order.  The first is the Government's motion
 4   for appointment of ... I want to get the title right.
 5   Basically ECF Number 392, where you are requesting that I
 6   determine whether or not appointment of counsel is warranted
 7   for certain defense witnesses.  I will take some limited
 8   discussion on this issue.
 9           Let me tell you, kind of, what my thoughts are,
10   preliminarily.  Obviously, what is at issue here is is whether
11   or not the Court steps in and appoints counsel so that each of
12   these witnesses, and by these witnesses, my understanding we
13   are talking about Tanya Barrett, Jennifer Leff, Mary Gallegos
14   and Michelle Steinhaus, and only those four; is that correct?
15           MS. PALUCH:  That is correct, Your Honor.
16           THE COURT:  Should be appointed counsel, and the
17   reason is that each of them, to some degree or another, was
18   looked at by the Government in connection with this case, or
19   made statements to the Government in connection with this case
20   and more than that, were put forward by Mr. Mosby, during his
21   Motion to Dismiss, as persons who were comparable, if not
22   identical, to Ms. Portillos, and they weren't charged and she
23   was.  The suggestion somehow being that they may be as guilty,
24   if one assumes guilt, and I do not, but just for purposes of
25   having this discussion, as guilty, from the Government's
```

Exhibit 1 to Defendant's Reply

```
 1   perspective, as Ms. Portillos.
 2            All right.  The -- that's the way it's being presented
 3   to me.  The more -- the critical issue is this, whether or not
 4   my involvement, here, by appointing counsel, would, in some
 5   way, chill, inhibit, interfere with the Defense's right to call
 6   these individuals to the stand, and their willingness to
 7   testify, and there is a balance, obviously.  I cannot threaten,
 8   I cannot intimidate.  And no one is asking that I do that.  I
 9   get that.  But nonetheless, even facially neutral things
10   sometimes may impact an individual witness.
11            My view of this is, at least prior to hearing from
12   you, is this, I don't know what they're going to testify to.
13   This is not a scenario where their testimony, necessarily,
14   implicates perjury or anything else.  I mean, the fact of the
15   matter is, I can construct, in my mind, a scenario where,
16   Mr. Mosby wants to bring them up, and basically say, *Hey, did*
17   *you get checks sent to your address?  Yep.  Oh, hey, did you*
18   *get checks sent to your address?  Yep.  Hey, did you get*
19   *charged?  No*, and then that's about it, and then basically
20   argue, *Look, this doesn't mean anything, look at all of these*
21   *people that got checks*, blah blah blah, *and they haven't said*
22   *anything different than what they told the Government, which*
23   *is, yeah, they got checks.*
24            It's not a circumstance, where, as in some of these
25   cases, you know, a person has indicated something one way, and
```

Exhibit 1 to Defendant's Reply

1  then seemingly going to contradict it or do something else.  I
2  don't think that there is enough here to where I need to step
3  in and do anything at this juncture.
4           Having said that, I also think, as you know,
5  Ms. Paluch, you have the right to interview them, if you want
6  to.
7           *MS. PALUCH:*  And we will.
8           *THE COURT:*  And your person has the right, assuming
9  they keep it professional and in bounds, to advise them as to
10 what the penalty for perjury may be, and to advise them that if
11 they want counsel, they can ask for -- the Court for counsel.
12 I don't have a problem with that, as long as it's done
13 professionally and within those narrow limits, because you have
14 the right to do that, but I don't think that, right now,
15 there's enough here to where it is the Court's role to step in
16 and get in the middle of this by appointing counsel, when it is
17 not clear to me that there's anything that is likely to come
18 out of this testimony that is different from what these people
19 have already told you.  Ms. Paluch?
20          *MS. PALUCH:*  Can I respond, Your Honor?
21          *THE COURT:*  Yes, please.
22          *MS. PALUCH:*  With Ms. Leff and Barrett, we do have an
23 indication of what they will testify to, if they are consistent
24 with their prior statements, and we have their interview, which
25 has been attached and provided to the Court.  We also have

Exhibit 1 to Defendant's Reply

1  declarations from them, and both of these women say they never
2  saw any I.R.S. mail, they never received any I.R.S. checks,
3  they were never asked to receive I.R.S. checks. So for these
4  women to take the stand, what could they possibly... now we are
5  getting into relevancy situation, but if the point of Defense
6  Counsel is to assert that these women were used by Pam Lucero,
7  like allegedly his client was, when witnesses have already
8  said, *We have no knowledge of anything*, there's no way they can
9  say my address was used in this scheme, because their basis, if
10 you believe their testimony, the only way they had knowledge of
11 that is Agent Romero telling them, *Hey, did you know that your*
12 *address was used*?
13     Now, the problem that the Government has, and there
14 are calls that are spelled out in our *James* log, which directly
15 contradict what these women have said. In addition, we have in
16 our possession other calls that implicate these women, and
17 these are calls that I think, when we go and interview these
18 women and say, *Do you realize what was discussed between Lucero*
19 *and Caraveo, about your involvement*, what we're trying to avoid
20 is people invoking in front of the jury.
21     THE COURT: Well, that is -- see, that's the second
22 part of this. There is, notwithstanding the fact that, you
23 know, what's been presented to me is simply they are going to
24 testify and I should appoint counsel. I'm not going to do
25 that, routinely. I understand what you are saying, that you

Exhibit 1 to Defendant's Reply

1   have some knowledge of what it is they have told you before.
2   Okay. I don't know what it is that they're going to testify to
3   anymore than you do, but this is very clear, a lawyer may not
4   call a person to the witness stand for the purposes of getting
5   them to invoke their Fifth Amendment privilege, and so
6   Mr. Mosby, I would expect that with respect to these
7   individuals, I'm not going to ask you to lay bare your theory
8   of defense, or your witness statements or anything else at this
9   juncture, but I am going to be clear that you should talk to
10  each of these witnesses, and be certain -- certain is too
11  strong of a word -- and assure yourself that there is little
12  likelihood of them invoking the Fifth Amendment, and that you
13  do not call them just to get them to invoke their Fifth
14  Amendment right; that I can't tolerate.
15           *MR. MOSBY:*  It's come to me, now.
16           *THE COURT:*  Right.
17           *MR. MOSBY:*  And I am not playing any game with the
18  Court, and the Court is going to allow the Government to tell
19  these women that they might, you know, be incriminating
20  themselves, but I can represent this to the Court, we have
21  statements from all of these women. I will ask the questions
22  consistent with those statements. Nothing outside. I'm not
23  calling anyone in an attempt to get them to invoke. I have
24  talked to all four of these women, or they wouldn't be on my
25  exhibit list. So, you know, I can represent now, to the Court,

Exhibit 1 to Defendant's Reply

```
 1   the problem here is what the Government brings, about their
 2   Cross-examination of these women, or their introduction of
 3   James materials that may or may not involve these women.  But
 4   I, under no circumstance, you know, play any games or call
 5   these women to get them to invoke the Fifth Amendment.
 6           Before the grand jury there was testimony regarding my
 7   client and these women as a group, and they were dealt with
 8   that way.  That they all did the same thing.  My
 9   Cross-examination will be consistent with that.
10           THE COURT:  All right.  Look, I mean, again, let me be
11   clear, I am not accusing or suggesting that either side is
12   doing anything unprofessional or playing games.  I do think
13   that there are these hotspots, if you will, that are there.
14   The hotspot for -- from the Government's perspective is that
15   you have the right to remind an individual as to what is, you
16   know, the penalty for perjury.  All right.  You have the right
17   to attempt to interview these people.  They don't have to talk
18   to you.  You do not have the right to intimidate them or go
19   beyond what the law permits you to advise them of, in an effort
20   to get them not to testify.
21           MS. PALUCH:  And, Your Honor, if we had that
22   intention, we would have been out there the day --
23           THE COURT:  I'm not getting into the playground stuff.
24   I'm not getting into the playground stuff.  I'm simply saying,
25   that's the hotspot for the Government.  For the Defense, the
```

Exhibit 1 to Defendant's Reply

1  hotspot is, yeah, you can call your witnesses, and I am not
2  going to sit here and pre-try every witnesses' testimony and
3  Cross.  You need to understand that your hotspot is, you may
4  not call a witness for the purpose of getting that witness to
5  invoke the Fifth Amendment.
6      MR. MOSBY:  Absolutely.
7      MS. PALUCH:  And, Your Honor, I understand Mr. Mosby
8  to say that his questioning is going to be along the lines of
9  the statements that these witnesses have provided, but we're
10 entitled on Cross-examination to impeach them, and we intend to
11 impeach them with information that we have in our possession
12 regarding inconsistent -- things that are inconsistent with
13 what they have said in those statements.  I think, in our Cross
14 that raises the possibility of them invoking at that time, and
15 we want to make sure that's not going to happen.
16      But if I could point out another point, Your Honor,
17 said, you know, and I know in summary fashion, that if these
18 witnesses were to take the stand, *Yeah, we got checks.  We got*
19 *these checks.  Checks were mailed to our address.  We didn't*
20 *think there was anything illegal about it.*  I don't think they
21 can get in what Pam asked of them, that's hearsay.
22      THE COURT:  No, I understand.
23      MS. PALUCH:  You know what that is doing is it's
24 skating really close if not completely, into the arena of
25 selective prosecution, and setting up a situation where the

Exhibit 1 to Defendant's Reply

1  Defense could argue almost jury nullification, in this case, by
2  saying, *These women who took the stand they are exactly like my*
3  *client, and why aren't they charged in this case*?  We've
4  already been through that, that's already been briefed, the
5  Court has already ruled on selective --
6       *THE COURT:*  I'm not going to allow a jury
7  determination of selective prosecution, nor am I going to allow
8  a jury nullification argument, but I'm not going to step over
9  the line, at the same time, and say that there is not some
10 evidence that may come forward and may come about from these
11 witnesses that one could -- that could be used in argument to
12 say this isn't evidence beyond a reasonable doubt.  It's not
13 evidence here.  It's not evidence there.  I think -- look, I
14 recognize what you are saying, which is that there is a
15 potential for an inappropriate argument, but the potential for
16 an inappropriate argument is a different issue than the issue
17 of whether or not the witness can testify, and what comes of
18 that is what comes of it.
19       I just think that on the record before me, what I have
20 been told is, by Mr. Mosby -- well, let me back up.  Before
21 being told by Mr. Mosby, I could see testimony that these
22 people could offer, that is apparently consistent with what the
23 Government has been told before, that could be used to argue
24 that there's not -- that this is a coincidence or whatever it
25 is.  I'm not trying to make Mr. Mosby's argument for him, but

Exhibit 1 to Defendant's Reply

1   that it's relevant evidence, and so I'm not going to do
2   something that I bring witnesses in and appoint counsel for
3   them, when I don't have an indication that there is a real risk
4   of perjury at all, or them incriminating themselves, when, at
5   the end of the day, what you are telling me is -- what
6   everybody is telling me is they're going to testify as to what
7   they've already told you.  If that's the case, whatever is, is.
8   I mean, whatever exposure there is, is, and it seems to me that
9   the concern is more with the arguments that may flow from the
10  testimony, than there is with the testimony itself, and at
11  least, as the matter stands right now, I am not going to
12  appoint counsel for them or otherwise give them an advisement,
13  because the record does not support the notion of a sufficient
14  risk of either perjury or self-incrimination, and if the record
15  doesn't support that, then my involvement in this, in doing
16  what the Government asks, may be interpreted by the Circuit as
17  inappropriate.
18         Having said that, I recognize and am telling you, very
19  directly, that, you know, you have -- what you said in your
20  motion is right, you have the right to interview them.  Now,
21  whether they will interview with you or not, I mean, I don't
22  know the answer to that, and you have the right to advise them,
23  and you have the right to tell them that if they want a lawyer,
24  the Court will appoint one.  Or you can ask that the Court
25  appoint one.  But you do not have the right to go beyond that,

Exhibit 1 to Defendant's Reply

1   and be doing anything that may be construed as attempting to
2   convince them not to testify.
3           MS. PALUCH: We would not do that, Your Honor.
4           THE COURT: I understand. And again, I'm not blaming
5   you anymore than I'm blaming Mr. Mosby or suggesting that he
6   would do anything inappropriate. I see where this is going.
7   Where this is going is, ultimately there's a concern with the
8   arguments that may come from the testimony, and I get that, and
9   there -- but the problem is that there are appropriate
10  arguments that could come from the testimony, as well as
11  inappropriate arguments, and I am not going to assume, at this
12  juncture, that an inappropriate argument is the reason the
13  witness is going to be called. I'm just not going to assume
14  that.
15          MR. MOSBY: Your Honor, you can assume just the
16  opposite.
17          THE COURT: Okay. Okay. I will let you make whatever
18  record.
19          MS. PALUCH: Understood, Your Honor. Understood.
20          THE COURT: All right. What number was I dealing
21  with, **392**? Yeah. **392** is denied.
22          Then that brings up the second issue, which is the
23  transcript motion, and again, that one is **404**. Let me ask a
24  question, as I look at the exhibits I see that one of the
25  exhibits, at least one of the things on the Government's

Exhibit 1 to Defendant's Reply