**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  15-cr-00149-RM-06

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CRISTINA PORTILLOS,

    Defendant.

_____

**GOVERNMENT'S RESPONSE TO PRESENTENCE REPORT**
_____

    The United States of America, by and through Assistant United States Attorneys Martha A. Paluch, and Bryan D. Fields, responds to the presentence report, ECF No. 517, as follows:

    1.  The government has no objection to the guideline calculation set forth in the presentence report and agrees that the defendant's adjusted offense level is 20, resulting in an advisory guideline range of 33-41 months in prison.  *Id.* at R-1.

    2.  The government has no objection to any other aspect of the presentence report, but does object to the recommended variant sentence of 24 months in prison.  *Id.*

    3.  The probation office identified a number of factors that *may* warrant "a variance from the applicable sentencing guideline range to include the nature, circumstances, and seriousness of the offense, minor role in the offense conduct,[1] family ties and

---

[1]  Given the volume of recorded DOC calls played during the defendant's trial establishing her extensive involvement in this conspiracy and her attempts to conceal that involvement, the

1

responsibility," and the history and characteristics of this defendant. *Id.* at 23, ¶ 118. However, the probation office noted that these factors "conflict with the defendant's complete lack of ownership for her criminal conduct and willful obstruction of justice." *Id.* at R-5. The government agrees with this assessment and notes the following:

    4. The presentence report documents the loving and stable upbringing of this defendant and the continued support she receives from her parents and family members. *Id.* at 14-15. Her history and family ties in this regard are in stark contrast to the majority of defendants convicted of felony offenses. Many defendants ask the Court to vary below the advisory guideline range because of an abusive childhood. *See United States v. Galloway,* 505 Fed. App'x 894, 896-99 (11th Cir. 2013) (finding no abuse of discretion where court held that defendant was not entitled to downward variance based upon defendant's "quite awful" life history, which included "parental abuse and neglect with exposure to marijuana at age four and alcohol at age 13," where defendant had "many years and opportunities to reform his behavior"). The fact this defendant was fortunate enough to experience a loving and supportive upbringing makes her conduct in this case even more puzzling and counsels against her receiving a variant sentence.

    5. To the extent the probation office's reference to the defendant's family ties and responsibility include the fact the defendant is raising two children with her husband, such parental responsibility is not a basis for a variance. Indeed, the Court recently rejected such an argument with respect to Sabrina Caraveo, who is a single mother raising two children, and the case law supports this ruling. *See United States v.*

---

government disputes the probation office's assertion that the defendant may be entitled to a minor role in the offense adjustment.

*Sherrills,* 432 Fed. App'x 476, 488-89 (6th Cir. 2011) (the "families of incarcerated defendants are commonly the ones who suffer most," and the court's decision to not afford greater weight to the defendant's "children's possible placement in foster care" in determining appropriate variance "was entirely within the court's discretion"); *United States v. Baylor,* No. 06-40090-01-RDR, 2007 WL 2407280, at *1 (D. Kan. Aug. 21, 2007) (noting "[t]here is little question that every family suffers when a member is incarcerated," and denying departure or variance for defendant who indicated he was "responsible for taking care of several children and several other family members"); *United States v. McClatchey,* 316 F.3d 1122, 1131 (10th Cir. 2003) ("[d]isruptions of the defendant's life, and the concomitant difficulties for those who depend on the defendant, are inherent in the punishment of incarceration").  To grant a variance based upon the defendant's parental responsibilities would create an unwarranted disparity between this defendant and those without children.  *See United States v. Reyes,* 9 F. Supp.3d 1196, 1210 (D. N.M. 2014) ("the Court must recognize that it sentences many people with families for many different crimes, and that if the Court weighs too heavily the impact on the family in individual cases, it will create sentencing disparities").

    6.  Despite the defendant's "complete lack of ownership for her criminal conduct and willful obstruction of justice," *id.* at R-5, the probation office recommends a variant sentence of 24 months in prison due in large part to avoid "unwarranted sentencing disparities."  *Id.* at R-5.  It is unclear if the report is referencing unwarranted sentencing disparities with similarly situated defendants throughout the country or with the defendant's co-defendants.  Regardless, the government objects to this basis for the recommended variance, for the following reasons:

7.  "In imposing a sentence, the district court shall consider, *inter alia,* 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'"  *United States v. Contreras,* 108 F.3d 1255, 1271 (10th Cir. 1997) (quoting 18 U.S.C. § 3553(a)(6)).  The guidelines were enacted to "eliminate unwarranted disparities [in sentencing] nationwide."  *Contreras,* 108 F.3d at 1271 (citing *United States v. Garza,* 1 F.3d 1098, 1100 (10th Cir. 1993)).  Neither Congress nor the Sentencing Commission "could have expected that the mere fact of a difference between the applicable guideline range for a defendant than that of his co-defendant would permit a departure, either because the difference was too large or too small."  *Contreras,* 108 F.3d at 1271; *see Garza,* 1 F.3d at 1100 (to reduce "the sentence by departure because the judge believes that the applicable range punishes the defendant too severely compared to a co-defendant creates a new and entirely unwarranted disparity between the defendant's sentence and that of all similarly situated defendants throughout the country") (citation omitted).

8.  Disparate sentences "are allowed where the disparity is explicable by the facts on the record."  *Contreras,* 108 F.3d at 1271 (citing *United States v. Goddard,* 929 F.2d 546, 550 (10th Cir. 1991)); *see also Garza,* 1 F.3d at 1100 ("Congress did consider that sentences of co-defendants may be disparate").

9.  Here, any disparity between the sentence to be imposed on this defendant and those sentences received by her co-defendants are explicable by the fact this defendant went to trial while all seven of her co-defendants accepted responsibility and pled guilty.  Moreover, four of her co-defendants (S. Caraveo, Aragon, Archuleta and Guzman)

4

cooperated with the government and the first three listed testified on behalf of the government at the defendant's trial.  *See Contreras,* 108 F.3d at 1271-72 (defendant, who was convicted by a jury, was not similarly situated to her co-defendant, who "accepted responsibility for her criminal conduct and pled guilty"); *United States v. Alatorre-Guevara,* 371 Fed. App'x 967, 971 (10th Cir. 2010) ("[a]ny sentencing disparities between Alatorre-Guevara and his co-defendants arose because his co-defendants accepted plea bargains, whereas Alatorre-Guevara refused to cooperate with the government, even after his conviction").

10.  Accordingly, the government submits that there is no basis for a variance from the applicable guideline range of 33-41 months.  The government therefore will request at sentencing that the Court impose a sentence within that range.

Respectfully submitted this 1st day of July, 2016.

JOHN F. WALSH
United States Attorney

*s/ Martha A. Paluch*
MARTHA A. PALUCH
BRYAN D. FIELDS
Assistant U.S. Attorneys
1225 17th Street Suite 700
Denver, CO  80202
Telephone 303-454-0100
Facsimile:  303-454-0402
Email:  Martha.paluch@usdoj.gov
          Bryan.fields3@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 1st day of July, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mr. John Mosby
Counsel for Cristina Portillos
john_mosby@msn.com

Mr. John Schlie
Counsel for Pamila Lucero
johnhenry@schlielawfirm.com

Mr. Thomas Ward
Counsel for Eugene Chavez
tward@wardlawdenver.com

Mr. David Owen
Counsel for Conrad Archuleta
davidowen@lodopc.com

Mr. Martin Stuart
Counsel for Raul Caraveo
mstuart@portmanstuart.com

Ms. Marci Gilligan LaBranche
Counsel for Sabrina Caraveo
labranche@ridleylaw.com

Mr. Robert Pepin
Counsel for Carolina Aragon
Robert_Pepin@fd.org

Mr. John Sullivan
Counsel for Nancy Guzman
jfslaw1@aol.com

                        *s/Mariah Tracy*
                        Mariah Tracy
                        Legal Assistant
                        U.S. Attorney's Office
                        1225 17th Street, Suite 700
                        Denver, CO 80202
                        Telephone: (303) 454-0100
                        FAX: (303) 454-0401
                        Email: Mariah.Tracy@usdoj.gov