IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00149-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

6.    CRISTINA PORTILLOS

        Defendant.

_____

**DEFENDANT'S MOTION FOR SENTENCE VARIANCE OR DOWNWARD DEPARTURE**

_____

Comes Now Defendant Cristina Portillos, by her attorney John Mosby, and respectfully moves this Honorable Court to consider and grant a variance to the base offense level as well as to the sentence range proposed for the Defendant.

**Introduction**

Since the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2004), the guidelines are considered as only one factor in arriving at a reasonable sentence. Reasonableness should be defined in terms of how a given sentence satisfies the goals articulated in the still valid provisions of the Sentencing Reform Act in 18 U.S.C. § 3553. In deciding whether the facts of a particular case warrant departure, sentencing courts should look to all the factors that potentially makes a case atypical. *United States v. Collins*, 122 F.3d 1297, 1301-2 (10th Cir.

1

1997).

The determination of whether a case is candidate for departure is left within the sound discretion of the district court. The Tenth Circuit has stated,

> But when is a case so "unusual" that it is a candidate for a departure? The Supreme Court in *Koon* made clear that this question is largely for the district court to answer. The Court explained that "[t]o resolve this question, the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing." *Id.* at —— –––––, 116 S.Ct. at 2046–47. Thus, *Koon* informs us that the district courts perform the most important function in sentencing, at least in the context of departures, because they have the responsibility of determining in the first instance whether the factual circumstances of a case remove it from the applicable guideline heartland, making the case a candidate for a departure. *U.S v. Collins, Id., p. 1302.*

Even prior to Booker, the Supreme Court, in defining the purpose of guideline departures, stated that, it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings and sometimes mitigate, sometimes magnify the crime and punishment to ensue." *Koon, 518 U.S. at 113*. This case is affirms the adage that sometimes, good people just do bad things or stupid things. For the following reasons, Defendant respectfully requests that this Court grant her motion for a variance or downward departure.

Defendant would note that the Presentence Investigation Report states that there are "several facts that may warrant a variance from the applicable guideline range." PSI at § 118. Defendant will have individuals to speak on her behalf at her sentencing hearing. The Defendant further requests that the Court consider the following:

**Factors which warrant a variance or departure**

1. <u>Criminal History of "0."</u>

Under the sentencing guidelines, the Defendant's criminal history is "0" thus resulting in a criminal history category score of "1." Ms. Portillos is 36 years old, and has never committed a crime. Her entire criminal record consists of one traffic ticket offense. The conduct at issue based upon the PSI is totally out of character for Defendant. Defendant is the mother of three children, the youngest of which is 8 months and the oldest of which is 17, and is visiting college campuses seeking a football scholarship, with his mother at his side. For the Defendant, the events of this case are an aberration and totally out of character.

2. <u>Defendant's family ties and family support will deter any possibility of further criminal conduct.</u>

Defendant, as more fully stated in the PSI, has very strong and solid community and family ties. The Defendant's family support will be expanded upon and more fully addressed by those who will speak on her behalf at the sentencing hearing.

Defendant is the foundation of her family. She is a role model to all that come in contact with her. Defendant's relationship with her family members is excellent. Defendant has support systems and strong family support, which will help to ensure that this conduct does not repeat itself. As the many letters attached to the PSI by those who know her best and attest that criminal activity is foreign to the Defendant's nature. With the exception of the instant case, Defendant has been and will continue to be a role model in all respects both to her family and her community.

3

3. <u>Defendant has been continuously employed prior to the events of this case and afterward</u>

Defendant has a strong work ethic. At the time of Defendant's involvement in this case, she had been continuously employed at Progressive Insurance Company for over 13 years. While her job at Progressive Insurance ended after Special Agent Romero's visit, Defendant quickly found work to support her family. Defendant objects now, as she did at trial, to the government's 11th hour attempt to allege that Defendant did anything more than agree to allow Pamila Lucero to use her address. conspiracy. This Court should consider, for sentencing purposes, that there were other individuals who allowed Pamila Lucero to use their addresses who were not prosecuted at all. All the other co-conspirators engaged in conduct substantially more severe than this Defendant.

There can be no dispute that both Sabrina Caraveo and Carolyn Aragon were more involved in the scheme and were in fact an integral part of the scheme, as opposed to the Defendant. Those two individuals talked to Raul Caraveo on a daily basis, submitted tax returns, signed checks, cashed checks, posted money on Caraveo and his friends books, received substantial amounts of money, and initially lied about their involvement to the IRS, yet were sentenced to 9 months or no time.

Moreover, it must be noted that there were individuals identical to the Defendant, who allowed their addresses to be used, in some cases more than the Defendant, yet these individuals were not prosecuted. At trial when they were called as witnesses, at least one invoked her 5th

4

amendment rights.

It is important that sentences for co-participants in the same case be proportionate. Here, some of the key players got very light sentences. Further, other co-participants simply were not prosecuted by the government and therefore got no sentence. This Court should weigh those factors when fashioning a variance sentence for Ms. Portillos. The Guidelines under 3B1.2, speak to the lack of any criminal tenancies or background. Can there be any serious doubt that this Defendant has little or no likelihood of repeating this or any other illegal conduct in the future.

## Conclusion

Under the circumstances of this case, a sentencing variance or departure will serve the interests of fairness and justice. Defendant's history, background, and lack of any criminal conduct during her lifetime warrant a variance sentence. This downward departure from the Guidelines will satisfy the goals of 18 U.S.C. § 3553. Finally, Defendant incorporates the arguments made in her Objections to the Presentence Investigation Report.

Wherefore, Defendant moves this Honorable Court to consider a sentence variance or downward departure from the Guidelines for the Defendant in this case.

Respectfully submitted,

s/John Mosby
John Mosby
621 17th Street, Suite 2445
Denver, Colorado 80293
(303) 623-1355
John_Mosby@msn.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2016, I electronically filed, via the Court ECF system, the foregoing document entitled, Defendant's Objections to Presentence Investigation Report was duly served via electronic filing upon:

Via ECF email:

Martha Paluch, AUSA
Bryan Fields, AUSA

Via email to:
Cristina Portillos

s/ John Mosby