**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  15-cr-00149-RM-06

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CRISTINA PORTILLOS,

    Defendant.

_____

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S
OBJECTIONS TO PRESENTENCE INVESTIGATION
REPORT (ECF. NO. 528) AND MOTION FOR SENTENCE
VARIANCE OR DOWNWARD DEPARTURE (ECF. NO. 529)**
_____

    The United States of America, by and through Assistant United States Attorneys Martha A. Paluch, and Bryan D. Fields, hereby files a consolidated response to defendant's objections to the presentence report and her motion for a variant sentence.

**Steele Return**

    At trial, the government introduced recorded prison calls between co-defendants Raul Caraveo and Pamila Lucero in which they discuss the fact "Cristina" filled out a form and pulled up a form at work.  These conversations related to a fraudulent tax return submitted to the IRS in the name of Inmate Steel that listed the defendant's Baltic Street address.  *See* ECF No. 458 at 5 (referencing Govt's Exs. 59 (Steele Return), 200E (2/4/12 recorded call) and 201E (2/9/12 recorded call).  Evidence was also presented at trial regarding the handwriting on the Steele return through the testimony

1

of co-defendant Sabrina Caraveo and the handwriting contained on the defendant's DMV record. The defendant objects to this "new allegation" regarding her involvement in the Steele return being included in the presentence report, ECF No. 528 at 2, and claims this is an "11th hour attempt to allege that Defendant did anything more than agree to allow Pamila Lucero to use her address." ECF No. 529 at 4. This is not an "11th hour attempt" or "new allegation" in any respect. All recorded prison calls and tax returns were provided to the defendant at the outset of this case, and the defendant's DMV records were provided in discovery as well. The evidence pertaining to the Steele return was presented to the jury, and it is proper for this Court to consider this evidence in fashioning an appropriate sentence.

**Loss**

Defendant argues her "reasonably foreseeable intended loss was approximately $95,000 and the actual loss was $23,294.00." ECF No. 528 at 8. Defendant's assertion completely ignores the principles governing conspiracy liability and relevant conduct. The government filed its spreadsheet setting forth the returns it submits should be attributed to this defendant, which returns amount to an intended loss of $524,963 and an actual loss of $274,869.57. ECF No. 533-1. Special Agent Anthony Romero will be prepared to testify as to these amounts at the defendant's August 1, 2016 sentencing hearing.

**Defendant is Not Entitled to a Minor Role Adjustment**

Defendant argues she is entitled to a minor role adjustment. However, she fails to meet her burden to warrant this adjustment.

Section 3B1.2 of the Sentencing Guidelines provides that a minor role

adjustment may be warranted for "a defendant who plays a part in committing the offense that makes [her] substantially less culpable than the average participant in the criminal activity." § 3B1.2 App. N. 3(A).  The Tenth Circuit has held that the inquiry must "focus upon the defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense." *United States v. Salazar-Samaniega,* 361 F.3d 1271, 1277 (10th Cir. 2004) (citation omitted); *United States v. Diaz-Rios,* 706 F.3d 795, 799 (7th Cir. 2013) (district court is to look at the defendant's role in the conspiracy as a whole, "including the length of [her] involvement in it, [her] relationship with the other participants, [her] potential for financial gain, and [her] knowledge of the conspiracy").  The defendant "has the burden to establish by a preponderance of the evidence that [she] was a minor participant." *United States v. Mendoza,* 468 F.3d 1256, 1264 (10th Cir. 2006).

In support of her argument for this adjustment, the defendant contends that her "participation in the scheme was essentially limited to one year – 2010," and that she "engaged in no activity involving the scheme during 2011 and 2012."  ECF No. 528 at 5.  This is incorrect.  Evidence at trial established that false returns were submitted to the IRS listing the defendant's Baltic Street address between the dates of December 14, 2009 (Douglas return) through March 1, 2012 (Zamora return).  ECF No. 533-1.  Indeed, the Steele return, referenced above, was submitted to the IRS on February 6, 2012.  *Id.* at Line 193.  The defendant's argument ignores the fact she allowed her address to be used in the scheme in 2011 and 2012, and therefore, this argument should be rejected.

In addition, the defendant was interviewed by Agent Romero on December 7,

2012.  As shown at trial, she lied during that interview about her participation in this tax fraud conspiracy.  These lies confirm the defendant's culpability and her completely voluntary effort to protect the conspiracy.  The recorded call in November of 2012 between Lucero and Caraveo in which Lucero recounts that "they just left a card.  Cristina hasn't gotten back," Govt. Ex. 207S, is further evidence of the defendant's culpability and integral status as a trusted member of the conspiracy.

Defendant introduced at trial numerous pages of phone records establishing the thousands of phone calls that occurred between the defendant and Lucero during the time period in question.  In addition, the extensive recorded prison calls in which co-defendants Caraveo and Lucero discuss the defendant's involvement in the conspiracy also refute her attempt to limit her involvement solely to her conduct in 2010.

Regarding the voluminous recorded prison calls, the defendant argues that the government is improperly relying on the number of calls "played during the defendant's trial," to refute a minor role adjustment.  ECF No. 528 at 7.  This argument takes the phrase out of context.  The complete sentence reads, "Given the volume of recorded DOC calls played during the defendant's trial **establishing her extensive involvement in this conspiracy and her attempts to conceal that involvement,** the government disputes the probation office's assertion that the defendant may be entitled to a minor role adjustment."  ECF No. 522 at n.1.  By qualifying the recorded calls in this manner, the government is in fact focusing on this defendant's "participation and conduct."  ECF No. 528 at 7.  Her participation was integral to this conspiracy; she was trusted to keep silent and do the tasks she was assigned (including lying to the IRS), she provided her address for false tax returns, turned the refund checks over to Pam Lucero, filled out at

4

least one tax return herself, and was paid for her trust and assistance.  *See United States v. Cain,* 155 F.3d 840, 844 (7th Cir. 1998) (upholding the denial of a mitigating role adjustment where defendant provided necessary services to the conspiracy); *United States v. Corral-Ibarra,* 25 F.3d 430, 439 (7th Cir. 1994) (same, where defendant played an "integral role" in the conspiracy); *United States v. Pratt,* 239 F.3d 640, 646 (4th Cir. 2001) (the critical inquiry in mitigating role adjustments is "not just whether the defendant has done fewer 'bad acts' than [her] co-defendants, but whether the defendant's conduct is material or essential to committing the offense") (citation omitted).

   Nonetheless, even if the defendant *had* only been involved in this conspiracy for one year, that is more than enough time to reject a minor role adjustment.  On any one of those 365 days, the defendant could have said "No More," and ended her involvement.  Instead, she continued providing refund checks to Lucero as they arrived at her address, and was in constant contact with Lucero about the status of refund checks that were to arrive at her address.  The fact the defendant was not involved in the conspiracy for the entire six years of its duration does not command a minor role adjustment.  *See United States v. Castillo,* 148 F.3d 770, 776 (7th Cir. 1998) (explaining that greater participation by other co-conspirators may warrant upward adjustment for them, but does not guarantee minor role adjustment for less-involved defendant); *United States v. Kerr,* 13 F.3d 203, 206 (7th Cir. 1993) ("the fact that one plays a much lesser role than another does not mean that one is a minor participant").

   The defendant also alleges that "[a]ll the other co-conspirators engaged in conduct substantially more severe than this Defendant."  ECF No. 529 at 4.  The

government disputes this characterization. If length of time of participation in the scheme and number of false returns directly submitted to the IRS are the benchmarks, this defendant is equally, if not more, culpable than others. For example, Carolina Aragon was directly involved in the submission of 25 false returns between December of 2012 and May of 2014. Conrad Archuleta and Nancy Guzman were directly involved in the submission of 14 returns between February and October of 2010. The defendant was directly responsible for the submission of 36 fraudulent returns between December 2009 and March 2012. And unlike Archuleta, she lied to investigators when confronted about her possible involvement. *See United States v. Gallardo,* 497 F.3d 727, 741 (7th Cir. 2007) (defendant's role "should be compared to that of the average member of the conspiracy"); *United States v. Leiskunas,* 656 F.3d 732, 739 (7th Cir. 2011) (court should keep "in mind that a minor player is substantially less culpable than the average participant, not the leaders").

For these reasons, the defendant cannot meet her burden to establish that she is entitled to a minor role adjustment.

**Defendant's Unwarranted Disparity Claims Fail**

The defendant attempts to invoke the sentences received by co-defendants Sabrina Caraveo and Carolina Aragon as a basis for a lower sentence for herself. ECF No. 529 at 4. As explained in the government's response to the presentence report, the defendant cannot compare her possible sentence to that of her co-defendants where she went to trial while all seven of her co-defendants accepted responsibility and pled guilty, four cooperated with the government, and three testified on behalf of the government at the defendant's trial. ECF No. 522 at 4-5.

Defendant also alleges that some individuals not charged allowed their addresses to be used more than the defendant. ECF No. 529 at 4. This is incorrect as well. Twenty-six false returns were submitted listing the M.S. address, 18 returns were submitted listing the M.G. address, and 12 false returns were submitted listing the L/B address – all less than the 36 false returns submitted to the IRS listing the defendant's Baltic Street address.

Defendant attempts once again to resurrect her selective prosecution claim. ECF No. 529 at 4-5. The fact that the government (and indeed, the defendant, according to the assertions in her motion) suspected, but could not prove, that others were also involved in this conspiracy in no way provides a basis for a lesser sentence for this defendant.

**Possibility of Future Criminal Conduct**

Defendant wants to characterize her conduct in this conspiracy as just a good person doing a "bad" or "stupid" thing. ECF No. 529 at 2. Her conduct was criminal, and she continued committing these crimes for years.

The government does not dispute that this defendant has a strong work ethic. But the jury's verdict makes it undisputable that honest work was not enough; the defendant decided to steal from the IRS to supplement that income. Whatever the motivation, she must be held accountable.

The defendant had strong family support prior, during, and after the commission of this crime, yet she committed the crimes anyway, denied her involvement in this conspiracy for years, and took the stand and swore under oath that she was not involved. It does not follow that her family support should somehow dictate a lesser

7

sentence.

The defendant now admits her involvement in the scheme. When defense counsel asks, "Can there be any serious doubt that this Defendant has little or no likelihood of repeating this or any other illegal conduct in the future," the answer is yes, there is serious doubt. ECF 529 at 5. Given the years of the defendant's involvement in these crimes, her years of denying her involvement, and her willingness to take the stand and lie to a jury under oath, there is a strong possibility the next time her income is insufficient to cover her next vacation or pay for family expenses, she will resort to making easy money through criminal means.

## CONCLUSION

There is no basis for defendant's motion for a variant sentence, and the government therefore respectfully requests that the Court deny her motion and impose a sentence within the 33-41 month advisory guideline range.

Respectfully submitted this 22nd day of July, 2016.

>JOHN F. WALSH
>United States Attorney
>
>*s/ Martha A. Paluch*
>MARTHA A. PALUCH
>BRYAN D. FIELDS
>Assistant U.S. Attorneys
>1225 17th Street Suite 700
>Denver, CO  80202
>Telephone 303-454-0100
>Facsimile:  303-454-0402
>Email:  Martha.paluch@usdoj.gov
>            Bryan.fields3@usdoj.gov

8

## CERTIFICATE OF SERVICE

  I hereby certify that on this 22nd day of July, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mr. John Mosby
Counsel for Cristina Portillos
john_mosby@msn.com

Mr. John Schlie
Counsel for Pamila Lucero
johnhenry@schlielawfirm.com

Mr. Thomas Ward
Counsel for Eugene Chavez
tward@wardlawdenver.com

Mr. David Owen
Counsel for Conrad Archuleta
davidowen@lodopc.com

Mr. Martin Stuart
Counsel for Raul Caraveo
mstuart@portmanstuart.com

Ms. Marci Gilligan LaBranche
Counsel for Sabrina Caraveo
labranche@ridleylaw.com

Mr. Robert Pepin
Counsel for Carolina Aragon
Robert_Pepin@fd.org

Mr. John Sullivan
Counsel for Nancy Guzman
jfslaw1@aol.com

            *s/Mariah Tracy*
            Mariah Tracy
            Legal Assistant
            U.S. Attorney's Office
            1225 17th Street, Suite 700
            Denver, CO 80202
            Telephone: (303) 454-0100
            FAX: (303) 454-0401
            Email: Mariah.tracy@usdoj.gov