IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00149 - RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**6. CRISTINA PORTILLOS,**

        Defendants.

---

### MOTION TO CONTINUE BOND PENDING APPEAL

---

Comes Now Defendant Cristina Portillos by undersigned counsel and respectfully moves for this Honorable Court for an Order allowing Defendant to continue and remain on bond pending appeal pursuant to 18 U.S.C. § 3143 (b). In support of this request, counsel states:

<u>Legal Standard</u>

18 U.S.C. § 3143(b), paragraph (1) states that "except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal be detained, unless the judicial officer finds" the following: (A) that, by a standard of clear and convincing evidence, the person is not likely to flee or pose a danger to the community if released; and (B) that the appeal is not for delay *and* raises a substantial question of law likely to result in

1

reversal, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served, plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Affleck*, 765 F.2d 944 (10th Cir. 1985). The burden is on the defendant to prove the above elements.

> **1. Defendant is not likely to flee or pose a danger to the community if released.**

The instant conviction is Defendant's first felony conviction.  The letters submitted and attached to the Probation's Presentence Investigation reflects that there is no likelihood that Defendant will flee or that she poses a danger to the community.

All the Defendant's familial ties are to Colorado.  Defendant was born in Pueblo, Colorado and was raised in Colorado Springs, Colorado where she has resided her entire life.  Defendant has three children, two of whom are students in school in Colorado Springs, Colorado.  Defendant's third child is eight  months old.  Defendant has resided in her home, which she owns in Colorado Springs for over 10 years.  Defendants worked for progressive insurance for over 10 years and is now an insurance agent herself.

Both  her parents and all her siblings reside in Colorado Springs, Colorado. Defendant has never lived any other place. Defendant's has strong ties to her family both the immediate and extended family.  These facts support a finding that the preponderance of evidence support that she is not  likely to

2

flee.

The AUSA advised counsel that it objects to this request based upon Defendant being a flight risk. This is refuted by both the Probation officer and her report which provides evidence to refute the government's position. The Probation Officer has stated to counsel that the issue of whether Defendant was a flight risk is already included in the probation report based upon its recommendation that Defendant voluntarily surrender and report to the Bureau of Prisons. Regarding being a danger to the community, the preponderance of evidence, is that this is not an issue. As noted above, this defendant has no prior convictions, the instant matter did not involve no violence, and the instant case involved no weapons and no drugs.

Conclusion

It is Defendant's burden to establish that Defendant is not a flight risk The preponderance of evidence supports that Defendant is not likely to flee. The Probation Report's recommendation for Defendant to voluntarily and self-report to an institution to begin her sentence establishes she is no risk of flight.

**2. The appeal is not for delay or insubstantial *and* raises a substantial question of law likely to result in reversal.**

*Defendant's appeal regarding selective/vindictive prosecution and request for discovery (Doc. 201) raises a substantial question of law and is likely to result in reversal.*

During sentencing this Court referred to Defendant's above motion. The Court opined during sentencing that it has found, with respect to Defendant's

3

motion (Doc. 201) that there was no discrimination. With all due respect to the Court, the essence of Defendant's motion was to first make a ruling of whether defendant presented a threshold case sufficient to warrant discovery.

If defendant meet the threshold for discovery, only after discovery would a hearing be held and evidence presented of a discriminatory motive. As the Supreme Court ruled, "the showing necessary to obtain discovery should itself be a significant barrier to the litigation of insubstantial claims. " *United States v. Armstrong,* 517 U.S. 456, 464 (1996).

To warrant discovery*,* the *Supreme* Court has stated*; "…* if the claim of selective prosecution were well founded, it should not have been an insuperable task to prove that persons of other races were being treated differently than respondents. … We think the required threshold — *a credible showing of different treatment of similarly situated persons* — adequately balances the Government's interest in vigorous prosecution and the defendant's interest in avoiding selective prosecution." *United States v. Armstrong,* 517 U.S. 456, 470 (1996)(Emphasis added).

Defendant's motion, which the Court denied on February 16, 2016, did not "initially" raise the issue of discrimination vel non.  Defendant made a credible showing and presented evidence that similarly situated individuals were treated different.  Defendant presented evidence of not one, but three (3) white individuals, who engaged in similar conduct, were similarly situated and  could have been prosecuted, yet were not.  Defendant produced *some evidence* that

4

similarly situated individuals of a difference race or national origin were treated differently than Defendant. This evidence was sufficient to carry her initial burden to warrant discovery. See, *U.S. v. Deberry*, 430 F.3d 1294, 1299 -1301 (10th Cir. 2005).

This Court denied Defendant's motion without making a findings regarding whether defendant made the required threshold showing for discovery. Because defendant made a credible showing of different treatment of similarly situated persons, she was entitled first to discovery and then thereafter to an evidentiary hearing on her claim. See *Deberry, supra*.

This Court's failure to make a finding whether defendant established a threshold claim or entitlement to discovery was error. Instead, this Court simply found that there was no discrimination. Further, this Court's ruling regarding first finding no discrimination without first making the determination whether defendant has established a threshold claim entitling her first to discovery is in conflict with both the Supreme Court and Tenth Circuit. This is a strong likelihood of reversal by the Tenth Circuit.

## *Conclusion*

While the selective/vindictive prosecution and request for discovery issue will not be the only issue to be raised on appeal, this issue alone demonstrates that the appeal is not insubstantial, frivolous nor interposed for the purposes of delay. There is a strong likelihood of reversal regarding this

issue.

Wherefore, defendant Cristina Portillos respectfully requests that this Court grant the instant motion and allow Defendant to remain on bond pending resolution of her appeal to the United States Court of Appeals for the Tenth Circuit.

.                                    Respectfully submitted,

    s/John Mosby

John Mosby
621 17th Street, Suite 2445
Denver, Colorado 80293
(303) 623-355

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this August 9, 2016, a true and correct copy of the foregoing was served via the Court's ECF system to:

Martha A Paluch,
Assistant U.S. Attorney

Defendant Cristina Portillos

    s/John Mosby