IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00149-RM-06

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CRISTINA PORTILLOS,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT PORTILLOS'S
MOTION TO CONTINUE BOND PENDING APPEAL (DOC. 543)**
_____

    The United States of America, by and through Robert C. Troyer, Acting United States Attorney, and Assistant United States Attorneys Martha A. Paluch and Bryan D. Fields, hereby opposes defendant Cristina Portillos's motion for bail pending appeal. ECF No. 543. The defendant is a convicted felon found by this Court to have obstructed her own trial by lying under oath. Even if the Court finds she is not a flight risk or a danger to the community, the law requires that she be detained unless she can show that her appeal raises a substantial question of law or fact likely to result in reversal of her convictions or a new trial   She cannot meet this burden and therefore her motion must be denied.

**Legal Standard**

    Title 18, United States Code, Section 3143 requires even a defendant who is not a flight risk, nor a danger to the community, and not appealing for purposes of delay, to satisfy two additional standards to obtain bail during a post sentencing appeal. *See* 18

1

U.S.C. § 3143(b)(1)(A) and (B) (using conjunctive "and" between subparagraph (A), setting forth risk of flight and danger as considerations, and subparagraph (B), setting forth the nature of the issue on appeal as a consideration); *United States v. Affleck*, 765 F.2d 944, 953 (10th Cir. 1985). First, the defendant must show that the issue presented on appeal is a "substantial question of law or fact." *Id.* at 952. Second, the defendant must also show that the substantial question is one whose favorable determination is likely to result in reversal or a new trial. *Id.*

The 1984 Bail Reform Act "was intended to reverse the presumption in favor of bail pending appeal under the former law and to make the standards for granting bail pending appeal more stringent." *Id.* at 952 (citing relevant portion of Congressional record). Considering Congress's intent, the Tenth Circuit has adopted a strict standard that defines a "substantial question" as a "close" one or one that "very well could be decided the other way." *Id.* (citation omitted).

## Argument

Defendant asserts that there is a "strong likelihood of reversal" of her convictions due to the Court's denial of her request for discovery on her claim of selective prosecution. ECF 543 at 5 (defendant claims "she was entitled first to discovery and then thereafter to an evidentiary hearing on her claim"). In support of her motion for discovery, the defendant did nothing more than point her finger at others whose addresses were used in the scheme. Nonetheless, she claims that because she presented "*some evidence*" of disparate treatment, she met the burden necessary to obtain discovery and thus has a "substantial question" to present on appeal. ECF 543 at 4-5.

Defendant misstates the applicable standard.  "Responding to discovery on a claim of selective prosecution imposes many of the same costs that are associated with responding to a prima facie case of selective prosecution," and, for this reason, the Tenth Circuit requires that a defendant seeking discovery on such a claim satisfy a "rigorous standard" — a "credible showing" of both discriminator effect and intent. *United States v. Deberry*, 430 F.3d 1294, 1300 (10th Cir. 2005).

In order to determine whether the defendant could meet her burden on both elements warranting discovery on her claim, the Court ordered briefing on her motion, and heard argument of counsel at a motions hearing held on February 16, 2016.  ECF 337.  At that hearing, government counsel explained the lack of evidence it had to prove that the uncharged women knowingly participated in this scheme; namely, that none of these women spoke to the conspirators about the scheme during recorded prison calls,[1] and two of the women readily admitted to receiving refund checks for Pam Lucero, but maintained that they were assured by Pam Lucero that there was nothing illegal about them doing so.  The other women (T.B. and J.L) repeatedly denied giving Pam Lucero permission to use their address, indicated that Pam Lucero had stayed with them off and on and had access to their mail key, implying she could have retrieved any IRS mail sent to their address.

In contrast to the uncharged women, this defendant lied to Agent Romero about receiving mail at her address for Pam Lucero, claimed she returned all IRS checks she received "to sender," and lied about knowing Raul Caraveo.  The government's evidence refuted the defendant's claims at every turn.  At the February 16, 2016

---

[1] T.B. is heard talking to Raul Caraveo in one recorded call, but the two do not discuss the scheme during that call.

motions hearing, government counsel explained to the Court these differences in the evidence against this defendant and the uncharged women.  *See Deberry*, 430 F.3d at 1300 ("the AUSA was speaking about the government's decision to prosecute, a matter certainly within [her] personal knowledge.  To reject the AUSA's representation is not only to ignore 'the presumption of regularity' recognized in *Armstrong* . . . but to disregard the AUSA's duty as an attorney," whose declarations "are virtually made under oath").

Given that the government articulated "legitimate prosecutorial factors" which justified the prosecutorial decisions made in this case, *id.* at 1301, the Court denied defendant's request for discovery at the February 16, 2016 motions hearing.  ECF 337.  The Court's ruling on this issue is not a "close call."  Therefore, there is no support for her claim that her appeal of this issue raises a substantial question of law or fact likely to result in reversal or new trial.  The Court can deny the motion on that ground alone.

However, the Court also has reason to conclude that the defendant is a flight risk.  The government does not dispute the defendant's ties to Colorado, but that fact does not amount to "clear and convincing" evidence that she is unlikely to flee pending appeal.  Instead, the Court should consider that when confronted with the potential consequences of her actions, the defendant has a record of poor decision-making.  When confronted by Special Agent Romero, she lied.  When confronted with witnesses and evidence at trial – and after taking an oath to tell the truth -- she lied.  When given an opportunity to allocate at sentencing, she lied again.  This defendant has given the Court no reason to believe that she will now decide to comply with all orders of the Court.  She is facing a 21-month prison sentence with bleak prospects on appeal.  The

4

fact that the probation department recommended (and the government did not object) that the defendant be allowed to self-surrender does not amount to a finding that she presents "no risk of flight" pending appeal, as she asserts. ECF 543 at 3. *United States v. Bailey,* 759 F. Supp. 685, 686 (D. Colo. 1991) ("[r]eliance on presentence compliance with bond conditions, alone, does not meet the statutory burden" of proving defendant is not a flight risk pending appeal).

For these reasons, the government respectfully requests that the Court deny Defendant's Motion to Continue Bond Pending Appeal, ECF 543.

Respectfully submitted this 16th day of August, 2016.

                ROBERT C. TROYER
                Acting United States Attorney

                *s/ Martha A. Paluch*
                Martha A. Paluch
                Bryan D. Fields
                Assistant U.S. Attorneys
                United States Attorney's Office
                1225 17th Street, Suite 700
                Denver, CO  80202
                (303) 454-0100
                Martha.paluch@usdoj.gov
                Bryan.fields3@usdoj.gov

**CERTIFICATE OF SEVICE**

       I hereby certify that on this 16th day of August, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mr. John Mosby
Counsel for Cristina Portillos
john_mosby@msn.com

Mr. John Schlie
Counsel for Pamila Lucero
johnhenry@schlielawfirm.com

Mr. Thomas Ward
Counsel for Eugene Chavez
tward@wardlawdenver.com

Mr. David Owen
Counsel for Conrad Archuleta
davidowen@lodopc.com

Mr. Martin Stuart
Counsel for Raul Caraveo
mstuart@portmanstuart.com

Ms. Marci Gilligan LaBranche
Counsel for Sabrina Caraveo
labranche@ridleylaw.com

Mr. Robert Pepin
Counsel for Carolina Aragon
Robert_Pepin@fd.org

Mr. John Sullivan
Counsel for Nancy Guzman
jfslaw1@aol.com

       *s/ Mariah Tracy*
       MARIAH TRACY
       Legal Assistant
       United States Attorney's Office
       1225 17th Street, Suite 700
       Denver, CO 80202
       Telephone: 303-454-0100
       E-mail: Mariah.Tracy@usdoj.gov