IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 16-cv-03037-RM
(Criminal Action No. 15-cr-00149-RM-6)

UNITED STATES OF AMERICA,

v.

CRISTINA PORTILLOS,

    Defendant.

---

### ORDER DENYING 28 U.S.C. § 2255 MOTION

---

This matter is before the Court on the *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 572) filed December 12, 2016, by Defendant Cristina Portillos.   The Court must construe the motion liberally because Ms. Portillos is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a *pro se* litigant.   *Hall*, 935 F.2d at 1110.   For the reasons stated below, the Court will deny the motion as premature.

Ms. Portillos asserts four claims for relief challenging the validity of her convictions and sentence.   The judgment was entered on the docket on August 4, 2016.   On August 9, 2016, counsel for Ms. Portillos filed a notice of appeal to the United States Court of Appeals for the Tenth Circuit.   That appeal remains pending in the Tenth Circuit.

"Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct

appeal is still pending." *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993). Ms. Portillos fails to allege any extraordinary circumstances to justify consideration of her § 2255 motion while the direct appeal is pending. Therefore, the § 2255 motion will be denied as premature and the denial will be without prejudice. Ms. Portillos may refile a § 2255 motion after the direct appeal concludes if she chooses.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability because Ms. Portillos has not made a substantial showing of the denial of a constitutional right.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. Portillos files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody (ECF No. 572) is DENIED without prejudice as premature.   It is

FURTHER ORDERED that no certificate of appealability will issue because Defendant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED this 13th day of December, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge